# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### Hartford

| | |
|---|---|
| FRANK SEVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   3:02cv722 (AVC) |
| ) | |
| MORTON G. GLICKMAN, *et al.*, ) | Date of this Pleading: January 22, 2004 |
| ) | |
| Defendants. ) | |

## Reply

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states his Reply to the defendants' counterclaim (that is dated April 8, 2003) as follows:

1.   In response to the allegations stated in Paragraph Numbered 1 of the counterclaim, Sever states the same are conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever admits the same.

2.   In response to the allegations stated in Paragraph Numbered 2 of the counterclaim, Sever admits the same.

3.   In response to the allegations stated in Paragraph Numbered 3 of the counterclaim, Sever admits that Sever is a citizen of the State of Florida but

1

denies said remaining allegations. Sever further states that his present principal place of residence is 8829 SW 47th Lane, Bell, Florida 32619.

4. In response to the allegations stated in Paragraph Numbered 4 of the counterclaim, Sever admits the same.

5. In response to the allegations stated in Paragraph Numbered 5 of the counterclaim, Sever denies the same except that Sever admits that Sever has asked for work from defendant Stephen E. Feldman.

6. In response to the allegations stated in Paragraph Numbered 6 of the counterclaim, Sever states the same are conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

7. In response to the allegations stated in Paragraph Numbered 7 of the counterclaim, Sever states the same are conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

8. In response to the allegations stated in Paragraph Numbered 8 of the counterclaim, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same except that Sever admits that Dr. Morton G. Glickman is a physician.

9. In response to the allegations stated in Paragraph Numbered 9 of the counterclaim, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same.

10. In response to the allegations stated in Paragraph Numbered 10 of the counterclaim, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same.

11. In response to the allegations stated in Paragraph Numbered 11 of the counterclaim, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same except that Sever admits that Sever has "worked on other matters at Feldman's request" and except further that any documents speak for themselves and are therefore the best evidence thereof.

12. In response to the allegations stated in Paragraph Numbered 12 of the counterclaim, Sever denies the same.

13. In response to the allegations stated in Paragraph Numbered 13 of the counterclaim, Sever denies the same.

14. In response to the allegations stated in Paragraph Numbered 14 of the counterclaim, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same.

15. In response to the allegations stated in Paragraph Numbered 15 of the counterclaim, Sever states that any documents speak for themselves and are therefore the best evidence thereof.

16. In response to the allegations stated in Paragraph Numbered 16 of the counterclaim, Sever denies the same.

17. In response to the allegations stated in Paragraph Numbered 17 of the counterclaim, Sever states that any documents speak for themselves and are therefore the best evidence thereof.

18. In response to the allegations stated in Paragraph Numbered 18 of the counterclaim, Sever denies the same.

19. In response to the allegations stated in Paragraph Numbered 19 of the counterclaim, Sever states that any documents speak for themselves and are therefore the best evidence thereof; Sever further states that the second sentence of said Paragraph Numbered 19 contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

20. In response to the allegations stated in Paragraph Numbered 20 of the counterclaim, Sever denies the same.

21. In response to the allegations stated in Paragraph Numbered 21 of the counterclaim, Sever denies the first and last sentences of said Paragraph Numbered 21; Sever further states that as to the remaining allegations of said Paragraph Numbered 21, Sever states that he lacks sufficient information to admit or deny said allegations and therefore denies the same.

22. In response to the allegations stated in Paragraph Numbered 22 of the counterclaim, Sever denies the same.

23. In response to the allegations stated in Paragraph Numbered 23 of the counterclaim, Sever denies the same.

24. In response to the allegations stated in Paragraph Numbered 24 of the counterclaim, Sever denies the same. Sever further states that any such patent application contains false statements and that any patent granted was a result of said false statements.

25. In response to the allegations stated in Paragraph Numbered 25 of the counterclaim, Sever denies the same.

26. In response to the allegations stated in Paragraph Numbered 26 of the counterclaim, Sever denies the same except that Sever further states that any documents speak for themselves and are therefore the best evidence thereof.

27. In response to the allegations stated in Paragraph Numbered 27 of the counterclaim, Sever denies the same.

28. In response to the allegations stated in Paragraph Numbered 28 of the counterclaim, Sever denies the same except that Sever further states that any documents speak for themselves and are therefore the best evidence thereof.

29. In response to the allegations stated in Paragraph Numbered 29 of the counterclaim, Sever denies the same except that Sever further states that any documents speak for themselves and are therefore the best evidence thereof; Sever further states that any such patent application contains false statements and that any patent granted was a result of said false statements.

30. In response to the allegations stated in Paragraph Numbered 30 of the counterclaim, Sever denies the same except that Sever further states that

any documents speak for themselves and are therefore the best evidence thereof.

31. In response to the allegations stated in Paragraph Numbered 31 of the counterclaim, Sever denies the same.

32. In response to the allegations stated in Paragraphs Numbered "1-31" through and including 37 of the counterclaim, Sever states that this Court's order dated January 9, 2004 resulted in said claims being dismissed.

33. In response to the allegations stated in Paragraph Numbered "1-37" of the counterclaim, Sever hereby incorporates his responses to said referenced paragraphs as though fully stated herein.

34. In response to the allegations stated in Paragraph Numbered 38 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

35. In response to the allegations stated in Paragraph Numbered 39 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

36. In response to the allegations stated in Paragraph Numbered 40 of the counterclaim, Sever denies the same.

37. In response to the allegations stated in Paragraph Numbered "1-40" of the counterclaim, Sever hereby incorporates his responses to said referenced paragraphs as though fully stated herein.

38. In response to the allegations stated in Paragraph Numbered 41 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

39. In response to the allegations stated in Paragraph Numbered 42 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

40. In response to the allegations stated in Paragraph Numbered 43 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

41. In response to the allegations stated in Paragraph Numbered 44 of the counterclaim, Sever states that same contains conclusions of law to which no answer is required; to the extent said allegations are deemed to be statements of fact, Sever denies the same.

42. Any and all allegations contained in said counterclaim that are not specifically admitted herein are hereby denied.

43. WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court deny said counterclaim.

Respectfully submitted,

_____
Peter Paul Mitrano (admitted *pro hac vice*)
Ct. Fed. Bar No.: 23733

        Suite 201
        581 Boylston Street
        Boston, Massachusetts 02116
        (617) 236-5655

        Local Connecticut Counsel:

        _____

        Frank B. Velardi, Jr.
        Ct. Fed. Bar No.: 07893
        Lasala, Walsh, Wicklow & Velardi
        168 Bradley Street
        Post Office Box 1302
        New Haven, Connecticut 06505-1302
        (203) 785-8929
        (203) 776-4663 (facsimile)

        Attorneys for Plaintiff
        Frank Sever, Jr.

Dated: January 22, 2004

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Reply to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 22nd day of January 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut 06904-2305.

*Peter P. Mitrano*
Peter Paul Mitrano