

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### Hartford

FRANK SEVER, JR.,           )
                            )
        Plaintiff,          )
                            )
v.                          )    Civil Action No.   3:02cv722 (AVC)
                            )

3:02CV722(AVC). February 9, 2004. This is an action for compensatory and punitive damages arising out of the alleged theft of an invention of a medical catheter device. It is brought pursuant to common law tenets concerning fraud, conversion, and civil conspiracy. On July 21, 2003, the plaintiff filed the within second motion to compel (document no. 83) seeking an order from the court requiring the defendants to produce certain documents that the defendants claim are confidential and privileged. For the reasons that hereinafter follow, the plaintiff's motion to compel (document no. 85) is GRANTED in part and DENIED in part.

   The plaintiff seeks an order from this court requiring the defendants to produce documents that the defendants contend are privileged. Specifically, the plaintiff contends that because the defendants have failed to comply with Conn. L. R. Civ. P. 37(a) and provide a privilege log, they have waived any applicable privileges. The court is not persuaded. It is undisputed that the defendants provided a privilege log in accordance with Conn. L. R. Civ. P. 37(a) to the plaintiffs on July 28, 2003, albeit some seven days after the filing of the instant motion to compel. Nevertheless, the plaintiff was aware that the defendants were objecting on the grounds of privilege at the time the motion to compel was filed. Accordingly, although the court does not condone the defendants' apparent non-compliance with the local rules, based on the fact that the defendant had knowledge of the claim of privilege and because the non-compliance was remedied without delay, any prejudice suffered by the plaintiff was limited. Thus, the draconian measure of finding a waiver on the facts of this case is unwarranted. Consequently, the plaintiff's motion to compel the defendants to produce allegedly privileged documents is DENIED.

   The plaintiff also seeks an order from this court requiring the defendants to produce documents that the defendants contend are confidential. The defendants respond that they will comply with the production request, provided an order is entered that protects the confidentiality of the documents. Because the court has entered a protective order in this matter, the plaintiff's second motion to compel is GRANTED with respect to the documents that the defendants contend are confidential. The defendants shall have to and including March 5, 2004 to produce the relevant documents. Such production shall be in compliance with the protective order.
SO ORDERED.

            Alfred V. Covello, U.S.D.J.