UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK SEVER, Jr.,
  Plaintiff

vs.

MORTON G. GLICKMAN,
DELCATH SYSTEMS, INC., and
STEPHEN E. FELDMAN,
  Defendants

Civil No: 3:02CV00722 (AVC)

## PROTECTIVE ORDER

WHEREAS, the plaintiff, Frank Sever, Jr, and the defendants, Morton G. Clickman, Delcath Systems, Inc., and Stephen E. Feldman, (hereinafter referred to collectively as the parties) are currently engaged in discovery,

WHEREAS, good cause has been shown that an Order is appropriate pursuant to Federal Rules of Civil Procedure 26(c) to protect information obtained through pre-trial discovery in this proceeding; and therefore

IT IS HEREBY ORDERED as follows:

1. This order governs the use, disclosure, and dissemination of all testimony, documents and other materials, produced in discovery in this case;

2. Designations as "CONFIDENTIAL-ATTORNEYS ONLY" under this agreement by one of the parties (the "Designating Party") of testimony, documents or other materials may be made either by (i) a written notice specifically identifying the portion of the testimony, or the document or other material to be so designated or (ii) a statement on the record during deposition;

**Duty To Maintain Confidentiality**

3.      All testimony, documents or materials designated as "CONFIDENTIAL-ATTORNEYS ONLY" under this Agreement (the "CONFIDENTIAL – ATTORNEYS ONLY INFORMATION") or redesignated pursuant to paragraph 6 as "CONFIDENTIAL" (the "CONFIDENTIAL INFORMATION) may be used <u>only</u> for prosecuting the claims or defenses in the above-captioned case, including appeals (the "Proceeding"). All such materials shall be maintained in strict confidence. Persons obtaining access to CONFIDENTIAL – ATTORNEYS ONLY INFORMATION or CONFIDENTIAL INFORMATION shall make no further disclosure or use thereof except as permitted by this Agreement.

4.      Disclosure of CONFIDENTIAL – ATTORNEYS ONLY INFORMATION is limited to counsel for the Parties (including their associate attorneys and office personnel),

5.      If counsel for a party has a good faith need to disclose CONFIDENTIAL – ATTORNEYS ONLY INFORMATION to an expert witness, consultant or party, such counsel will first give notice in writing to counsel for the Designating Party, specifically identifying the materials to be disclosed and the person or persons to whom disclosure is to be made, at least 48 hours before any disclosure. If the counsel for the Designating Party does not object during that time period, the material may be disclosed in accordance with this Agreement. If counsel for the Designating Part objects (either orally or in writing, including by facsimile), the materials will not be disclosed pending a request to the Court for a protective order and action thereon.

6.      Where counsel for the Designating Party does not object to disclosure to an expert, consultant or party, the counsel making the disclosure shall redesignate the materials and thereafter such materials shall be considered "CONFIDENTIAL INFORMATION."

7.  A copy of this Agreement shall be furnished to any person who is permitted access to CONFIDENTIAL INFORMATION.

8.  If a party files CONFIDENTIAL – ATTORNEYS ONLY INFORMATION or CONFIDENTIAL INFORMATION with the Court, such materials shall be filed in a sealed envelope conspicuously bearing (a) the caption of this Proceeding, (b) the title of the papers contained therein, (c) the confidentiality designation, and (d) the words "SUBJECT TO CONFIDENTIALITY AGREEMENT."

**Challenges to Designation**

9.  Any of the Parties who receives testimony, documents or other material designated as CONFIDENTIAL – ATTORNEYS ONLY INFORMATION is not bound by such designation but may request the Court (in accordance with the Court's rules) for an order removing the designation. The Parties shall treat all testimony, documents and other materials designated as CONFIDENTIAL – ATTORNEYS ONLY INFORMATION in accordance with this Agreement unless, and until, the Court orders otherwise. The Parties reserve the right to object to the production, disclosure or admission of any documents, testimony or other materials on any other grounds.

**Termination Of This Proceeding**

10. Upon termination of this Proceeding, including all appeals, counsel for the respective parties shall, (a) obtain the return of any CONFIDENTIAL INFORMATION from any person to whom they disclosed such; and (b) within 60 days, destroy all CONFIDENTIAL – ATTORNEYS ONLY INFORMATION and CONFIDENTIAL INFORMATION (except that counsel for any of the Parties may maintain in its files copies of any papers that were made a part of the record in this Proceeding) and notify opposing counsel that the destruction required by this paragraph has been carried out.

It is so ordered this 9TH day of February, 2004, at Hartford, Connecticut.

                                      Alfred V. Covello
                                      United States District Judge