UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
|     Plaintiff, | : | CIVIL ACTION NO.:  3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : : : | |
| | : | |
|     Defendants. | : | February 10, 2004 |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM
### IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

Defendants, Morton G. Glickman, M.D., DELCATH Systems Inc., and Stephen E. Feldman, Esq. (jointly "Defendants"), hereby respectfully submit this Supplemental Memorandum to their Memorandum in Opposition To Plaintiff's Second Motion to Compel dated August 15, 2003.  In the six months since filing their Memorandum In Opposition, Defendants have produced substantial additional documents.  Many of these documents produced either were previously listed on the privilege logs dated July 28, 2003 or were documents initially withheld pending a confidentiality agreement.  Defendants produced these documents in an attempt to ensure a speedy and fair trial, rather than simply relying upon their legal right to withhold such material.  In light of Defendants' good faith productions since the Second Motion to Compel was briefed last summer, there can be no reason to grant Plaintiff's motion now.

STAM1-751757-1

Plaintiff filed his First Motion to Compel on January 23, 2003.  This Court held a discovery conference on that motion on April 10, 2003.  At the conference, after resolving most of Plaintiff's claims, the issue of a confidentiality agreement arose.  Defendants' counsel stated their willingness to produce non-privileged documents as soon as such an agreement was finalized.  Plaintiff's counsel told this Court that he would enter into a confidentiality agreement.  However, Plaintiff's counsel subsequently refused to sign <u>any</u> confidentiality agreement.  Instead he filed a Second Motion to Compel raising many of the same issues already resolved adversely to him at the April 2003 discovery conference.  Plaintiff's counsel's refusal to carry through on his April 2003 undertaking to this Court to enter into a confidentiality agreement, as Defendants pointed out in their initial Memorandum in Opposition of August 15, 2003, solely caused any delay in production to that point.  By making a conscious effort to restrict to the extent possible any claims of confidentiality, Defendants had, in fact, made a substantial production of documents in July 2003.

Since August, Defendants have gone further, unilaterally producing a number of documents that were initially withheld as confidential.  Defendants' purpose in doing so was to ensure that any documents which might actually be relevant to the issues at trial were available to Plaintiff, although Defendant's absorbed the risk of lack of protection from a confidentiality agreement.  As a result of these productions, Defendants' presently hold <u>only six (6) documents</u> that require a confidentiality agreement to be released.  These include such confidential matters as correspondence with foreign clients as well as internal documents concerning patent development strategy.  Defendants remain willing, as they have since the April 2003 discovery

conference, to produce these documents immediately upon signing of a confidentiality agreement. To this end, Defendants submitted to this Court a draft agreement with their August 15, 2003 Memorandum in Opposition (copy attached for ease of reference). Sadly, Plaintiff's counsel has continued his refusal to participate in any confidentiality agreement.

The only other documents which Defendants' have withheld are those listed on the two privilege logs of July 28, 2003. Here also, in an attempt to move the discovery process forward, Defendants did produce some of these documents subsequent to the filing of the August 15, 2003 Memorandum in Opposition. More than a third of the twenty nine (29) documents listed on the privilege logs (allowing for duplicates which appear on both logs) have been produced. The remaining documents are clearly privileged as they are all letters to or from Delcath's attorney regarding matters in which he represented the company. Even though Plaintiff's counsel has had the privilege logs for over six months, he has not even attempted to show that any particular listed document should be produced.

Defendants have done even more. On four different occasions since the beginning of September 2003, Defendants have produced additional documents which were discovered in various storage files. Defendants invoked no privilege regarding these documents (some of which were attorney-client documents) nor did Defendants require a confidentiality agreement prior to their production. In total, since August 2003, Defendants have produced over 250 pages of additional documents. Throughout the period since the Motion to Compel was filed, Defendants have attempted to comply with the spirit of the discovery process and enable the case to proceed swiftly to trial as soon as the substantive motion regarding Defendants'

3

counterclaims. In view of all of the facts, Plaintiff is not entitled to an order to compel at this time.

## CONCLUSION

Upon the entry of a confidentiality agreement, Defendants stand ready to produce the last six confidential documents. No other action by this Court is necessary, since Plaintiff has not and can not, show any basis for breaching the attorney-client privilege. Plaintiff's motion should, therefore, be denied.

Dated: Stamford, Connecticut
       February 10, 2004

                              DEFENDANTS MORTON G. GLICKMAN,
                              DELCATH SYSTEMS INC. AND
                              STEPHEN E. FELDMAN


                              By:_/s/_____
                                  Joseph L. Clasen, Esq. (ct04090)
                                  Thomas J. Donlon, Esq. (ct22839)
                                  e-mail:  jclasen@rc.com
                              ROBINSON & COLE LLP
                              Financial Centre
                              695 East Main Street
                              Post Office Box 10305
                              Stamford, CT  06904-2305
                              Telephone:  (203) 462-7500
                              Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 10th day of February, 2004.


/s/_____
THOMAS J. DONLON