# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### Hartford

FILED

2004 MAR 10 A 11:08

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| FRANK SEVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:02cv722 (AVC) |
| ) | |
| MORTON G. GLICKMAN, *et al.*, ) | Date of this Pleading: March 9, 2004 |
| ) | |
| Defendants. ) | |

### Memorandum in Support of Plaintiff's Motion for Leave of Court to Amend the Complaint

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states his Memorandum in Support of Plaintiff's Motion for Leave of Court to Amend the Complaint [1] as follows:

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of court and states in part that "leave shall be freely given when justice so requires". In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded". The Supreme Court noted that a plaintiff ought to be afforded the

---

[1] Pursuant to the Rules of the United States District Court for the District of Connecticut, plaintiff respectfully requests oral argument.

1

opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.

In *United States* v. *Continental Illinois National Bank and Trust*, 889 F.2d 1248, 1254 (2nd Cir. 1989) quoting *Foman* v. *Davis*, 371 U.S. 178 (1962), the court stated in part:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶ ¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given'. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

"*Id.* at 182, 83 S.Ct. at 230."

As *Foman* makes clear, the denial of leave to amend a pleading may be overturned only if the denial constitutes an abuse of the district court's

discretion. Also see *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2nd Cir. 1984). On the other hand, as *Foman* makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing "spirit of the Federal Rules".

In *Friedl v. City of New York*, 210 F.3d 79, 87 (2nd Cir. 2000), the court stated in part that:

> "After responsive pleadings have been filed, subsequent amendments are possible only with leave of court, but such leave 'shall be freely given when justice so requires.' Fed.R.Civ.P.15(a). In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility. *See Jones v. N.Y. Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir.1999) (futility); *MacDraw, Inc. v. CIT Group Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir.1998) (per curiam) (delay or prejudice). We review a district court's denial of a motion to amend for abuse of discretion; but where the 'court based its denial . . . on a conclusion of law [,] . . . that conclusion of law is subject to review *de novo*.' *Sheldon v. PHH Corp.*, 135 F.3d 848, 851-52 (2d Cir.1998)."

The reason for this motion is two fold (1) to reflect the damage calculation previously provided to the defendants on or about September 16, 2002 and (2) to reflect the alleged fraud committed by defendant Delcath Systems, Inc. based on documents recently provided by the defendants and also by their actions and inactions to date. Plaintiff Sever has diligently prosecuted this case and justice requires that Sever should be allowed to amend his complaint.

3

In closing, Sever again cites *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.' Rule 1."); and also *Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . .").

WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave of Court to Amend the Complaint.

> Respectfully submitted,
>
> _____
> Peter Paul Mitrano (admitted *pro hac vice*)
> Ct. Fed. Bar No.: 23733
> Suite 201
> 581 Boylston Street
> Boston, Massachusetts 02116
> (617) 236-5655
>
> Local Connecticut Counsel:
>
> _____
> Frank B. Velardi, Jr.
> Ct. Fed. Bar No.: 07893
> Lasala, Walsh, Wicklow & Velardi
> 168 Bradley Street
> Post Office Box 1302
> New Haven, Connecticut 06505-1302
> (203) 785-8929
> (203) 776-4663 (facsimile)
>
> Attorneys for Plaintiff
> Frank Sever, Jr.

Dated: March 9, 2004.

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Leave of Court to Amend the Complaint to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 9th day of March 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut 06904-2305.

_____
Peter Paul Mitrano