UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | March 15, 2004 |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S SUBMISSIONS TO JOINT TRIAL MEMORANDUM

Defendants Dr. Morton G. Glickman, Delcath Systems Inc. ("Delcath"), and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants") submit this Objection to any submissions by Plaintiff Frank L. Sever, Jr. ("Sever") purporting to be part of the Joint Trial Memorandum.

In accordance with this Court's Endorsement Order of February 13, 2004, granting Plaintiff's motion for extension of time, the Joint Trial Memorandum is to be filed on this date – March 15, 2004.  Mr. Thomas Donlon, Defendants' counsel called Mr. Peter Mitrano, Plaintiff's counsel on Tuesday, March 9, 2004 to note the coming due date and arrange the logistics of filing the Joint Trial Memorandum.  Counsel exchanged voicemail messages that day.

On Wednesday, March 10, 2004, Mr. Donlon spoke directly to Mr. Mitrano.  Mr. Mitrano stated his intention to file the Joint Trial Memorandum on time with out further extension.  It was agreed that Mr. Donlon would send both a hard copy and a disk of Defendant's

STAM1-754054-1

submissions to the Joint Trial Memorandum to Mr. Mitrano for filing along with the Plaintiffs' submissions.  Mr. Mitrano said he had not completed the Plaintiff's submissions, but would send them to Mr. Donlon for review before filing.  Counsel also discussed the possibility of stipulating to a few factual matters, principally dates of filing and events in the U.S. Patent and Trademark Office.

Mr. Donlon sent the Defendants' submissions, as agreed, to Mr. Mitrano by Federal Express on Wednesday, March 10, 2004.  A copy of the forwarding letter and the receipt are attached as Exhibit A.  Mr. Donlon called Mr. Mitrano on Thursday, March 11, 2004 and left a voicemail that he had not received Plaintiff's submissions.  When Plaintiff's submissions still did not arrive on Friday, March 12, 2004, Mr. Donlon called Mr. Mitrano repeatedly, leaving no less than three (3) voicemail messages asking Mr. Mitrano to call him.  Mr. Mitrano never replied.

At the close of business on Friday, March 12, 2004, Mr. Donlon sent Mr. Mitrano a letter by Federal Express for priority Saturday delivery.  A copy of the letter and receipt are attached as Exhibit B.  Since Mr. Mitrano had previously informed Mr. Donlon that he was not able to receive facsimiles or emails, this was the fastest form of written communication available.  Mr. Donlon informed Mr. Mitrano that if the Plaintiff's submissions to the Joint Trial Memorandum were not available for review by Monday morning, March 15, 2004, Defendant's would file a written objection.  Mr. Donlon also asked Mr. Mitrano to call him to discuss this matter on Monday morning.

On Monday, March 15, 2004, Mr. Donlon did not receive a copy of Plaintiff's submissions. Nor did Mr. Mitrano call. Mr. Donlon again called and left a voicemail message, but received no response.

This Court, in its original Scheduling Order of July 19, 2002, directed that "the parties shall file a joint trial memorandum." On the previous due date, February 9, 2004, Defendants' prepared their portions of the Joint Trial Memorandum and contacted Mr. Mitrano to arrange a joint filing. However, Mr. Mitrano would not undertake to file the Joint Trial Memorandum. Eventually, without prior notice to Defendants' counsel, Mr. Mitrano filed for an extension of time. Due to a delay in service of this request on Defendants and a confusion in the clerk's office, there was no confirmation that a request for extension of time had been filed by midday February 9, 2004. In order to ensure compliance with this Court's Order, Defendants proceeded to file their portions of the Joint Trial Memorandum. Eventually, Plaintiff's motion for extension of time was discovered by the Clerk's Office and the motion was granted. The result of this series of events was that Plaintiff's counsel had all the Defendants' submissions, including extensive jury instructions that highlighted legal flaws in Plaintiff's case for over a month.

Now Plaintiff's counsel has again had access to Defendants' Revised Submissions for most of the week without reciprocating. On the day the Joint Trial memorandum is due, Plaintiff has still failed to provide any information required therein to Defendants (for example, to enable them to formulate any objections to evidence). Nor has Plaintiff's counsel provided any reason for this failure or even replied to repeated requests to discuss the issue.

Mr. Donlon and Mr. Mitrano also discussed on March 10, 2004, certain possible stipulations of fact. Those were limited, since the parties' views of the facts are widely divergent on most points. Any stipulations were of course subject to review of the language, as noted in Exhibit A. Yet Mr. Mitrano never provided the draft language to Mr. Donlon. Defendants' have not, and can not, therefore, agree to any purported stipulation that Mr. Mitrano may now file.

Defendants have scrupulously obeyed this Court's orders relating to the Joint Trial Memorandum. Defendants' counsel have repeatedly sought to work with Plaintiff's counsel to ensure the memorandum was in fact joint. The usual practice is that Plaintiff's counsel takes the lead in such matters. However, Defendants' counsel has not simply relied upon that practice, but instead proactively sought to ensure a <u>joint</u> memorandum was filed in a timely manner.

Defendants have this date filed their Revised Submissions to the Joint Trial Memorandum. Defendants hereby object to any filing by Plaintiff purporting to be submissions to the Joint Trial Memorandum on the grounds of prejudice and failure to comply with this Court's Orders of July 19, 2002 and February 9, 2004. Further, as a sanction for repeated violations of this Court's Orders, Defendants request that the Court bar Plaintiff from presenting or relying at trial upon any information required to be disclosed in the Joint Trial Memorandum including witnesses, documentary evidence, deposition testimony and jury instructions.

## CONCLUSION

For the above stated reasons Defendants object to any submissions by the Plaintiff as part of the Joint Trial Memorandum.

Dated: Stamford, Connecticut
March 15, 2004

                                 DEFENDANTS MORTON G. GLICKMAN,
                                 DELCATH SYSTEMS INC. AND
                                 STEPHEN E. FELDMAN


                                 By: /s/ Thomas J. Donlon_____
                                     Joseph L. Clasen, Esq. (ct04090)
                                     Thomas J. Donlon, Esq. (ct22839)
                                     e-mail: tdonlon@rc.com
                                     ROBINSON & COLE LLP
                                     Financial Centre
                                     695 East Main Street
                                     Post Office Box 10305
                                     Stamford, CT  06904-2305
                                     Telephone:  (203) 462-7500
                                     Facsimile:  (203) 462-7599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 15th day of March, 2004.

/s/ Thomas J. Donlon
Thomas J. Donlon