UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | March 15, 2004 |

MEMORANDUM OF LAW IN REPLY
TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE ALLEGED TAPE RECORDING

Defendants Dr. Morton G. Glickman, Delcath Systems Inc. ("Delcath"), and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants") submit this memorandum of law in reply to the Opposition of Plaintiff Frank L. Sever, Jr. ("Sever") dated March 1, 2004 (the "Opposition") to their motion in limine to preclude Sever from offering into evidence a tape recording which he alleges was made of a conversation with Feldman in the summer of 1997.

Sever in the Opposition does <u>not contest the Defendants' expert's opinion that the tape recording in question **has been altered.**</u> Rather than confront this fatal flaw in the evidence, Sever argues that this Court should ignore the alterations, over recordings and omissions in the tape recording. Contrary to law and the Federal Rules of Evidence, Sever seeks to rely upon a particular portion of the tape that he believes supports his claim, even though the tape has been

STAM1-754011-1

tampered with. This is not possible. Where the proponent makes no answer to the expert conclusion that a recording has been altered, such tape is inadmissible.

### ARGUMENT

### THE ALLEGED TAPE RECORDING IS INADMISSIBLE

**A.**     **The Expert's Opinion That Tape Was Altered Is Unchallenged**

Sever, as the proponent of the alleged recording, has the burden to prove by clear and convincing evidence that the recording is accurate and authentic. *See United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977). Mr. Owen, the Defendants' expert, stated in the conclusions of his report (attached to the Defendants' Memorandum In Support Of Motion In Limine, dated February 9, 2004, the "Memo in Support") that:

> It is the opinion of this examiner based on my experience and training that the tape I examined, because of the overrecordings and omission of material is **NOT AUTHENTIC** and should not be considered as reliable evidence.

Expert Report of Tom Owen dated August 13, 2003, p. 2 (emphasis in original).

Sever must confront and overcome this conclusion for the tape to be admitted in evidence. However, Sever, in the Opposition offers no evidence to contest the fact that the tape was altered. In fact, Sever does not even argue that the entire tape is accurate. Rather, Sever appears to concede that the tape was tampered with. Sever merely argues that portions of the transcript of the tape may be admitted regardless of the alteration. Sever, of course, offers no legal basis for the proposition that an altered tape is admissible, because there is no such authority.

2

Instead, Sever includes in the Opposition a portion of a transcript which Defendants' expert's attached to report simply for indication of the place in the recording where alterations occurred. Sever then states that, "Sever hereby stipulates that the above quoted portion of the transcript from the expert report of Tom Owen of Owl Investigations dated August 13, 2003 is a <u>correct version of the taped conversation</u>." Opposition, p. 9. (emphasis added).[1] Sever simply ignores Mr. Owen's expert conclusions in the very report to which such transcript is attached that, "these discoverable edits show conclusively and with scientific certainty that <u>this tape is not reliable</u> as a true and accurate portrayal of what took place within the conversation or conversations." Expert Report of Tom Owen dated August 13, 2003, p. 2 (emphasis added).

In essence, Sever seeks to have this Court ignore the fact that the tape, <u>which he is proffering</u>, has been tampered with and allow him, nonetheless, to use only a portion of the recording. This Court can not do so. There is no way to recover the part of the conversations erased by the over recording and omitted by stoppages the tape. While Sever alleges the "remainder of the conversation dealt with other matters," (Opposition, p. 9) there is no way to know that. The parties could have further discussed the same issues, even reached different conclusions or contradicted what was said earlier. All that is certain is the tape recording was altered. In these circumstances, Sever cannot meet his <u>heavy burden</u> to prove the tape is accurate and authentic. Therefore, the evidence must be excluded.

---

[1] However in the Opposition, p. 6, n.2, Sever contends that even the transcript of the portion of the tape he seeks to offer is wrong.

**B.      The Case Law Supports Exclusion**

All of the case law supports exclusion of the tape recording. Sever argues that Defendants' reference to the criteria stated in *United States v. McKeever*, 169 F.Supp. 426, 430 (S.D.N.Y. 1958) *aff'd in relevant part* 271 F.2d 669, 675-676 (2d Cir. 1959) is "misplaced." (Opposition, p. 11). Sever misconstrues both Defendants' argument and the cases he himself cites. Defendants' recognized that the criteria in *McKeever* are not mandatory – and said so in their Memo in Support, (p. 3): "the Second Circuit has held that application of these factors is not mandatory, and a tape recording may be admitted without meeting every one." (emphasis added). However, the Second Circuit in *United States v. Fuentes,* 563 F.2d 527, 532 (2d Cir. 1977) also stated that the elements listed in *McKeever* are "a valuable formulation of the factors a trial judge should consider" in determining admissibility.

Nothing in *United States v. Hamilton*, 334 F.3d 170 (2d Cir. 2003), cited by Sever, is to the contrary. *Hamilton* only holds that a recording should not be excluded merely because it fails to satisfy a single criteria listed in *McKeever*. In *Hamilton*, the trial court excluded the recording only because the defendants contended that the final criteria, whether the statement had been made "without any form of inducement," was not met. In that case the parties recorded had allegedly been given crack cocaine to induce them to speak. 334 F.3d at 186. None of the other six criteria favored exclusion. The appeals court in *Hamilton* reversed noting that in *Fuentes* it had not adopted "inflexible criteria applicable in all cases." It was the trial court's focus on a single criteria that led to the reversal on appeal. *Hamilton* does not reject the further recognition in *Fuentes* that the list of criteria were a "valuable formulation" that to assist the trial

4

court. Significantly, the defendants in *Hamilton* did "not challenge the authenticity or accuracy of the recordings." 334 F.3d at 187. Here, of course, it is the uncontested <u>inaccuracy</u> of the alleged recording that precludes the admission.

Sever also cites *United States v. Degaglia* 913 F.2d 372, 378 (7th Cir. 1990). However, the very portion quoted (Opposition, p. 13) points out that the case does not concern an altered tape, but rather a recording on which "there was a dispute over a single word on the tape." *Degaglia,* 913 F.2d at 378.

None of the cases Sever cites deals with a tape that has been altered. As pointed out in the Memo In Support, (p. 4), in such circumstances the courts consistently refuse to admit the recording. *See also Stapelton v. Griener*. 2000 WL 1207259, at *9 (E.D.N.Y. July 10, 2000) (tape properly excluded where party "periodically stopped and restarted the tape reorder" so there could be no explanation of "what was said during the parts of the conversation that were thus not preserved on tape.")[2] Sever fails to confront this consistent case law.

**C.    Connecticut Law Should Control Admissibility**

Sever contends that admissibility is an issue of federal law. However, all of the cases he cites, *Leitman v. McAusland*, 934 F.2d 46 (4th Cir. 1991) (action for debarment as governmental contractor under 48 CFR §9.04); *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977) (action for damages under federal wiretap statute), and *United States v. Sotomayor*, 592 F.2d 1219 (2d Cir. 1979) (federal criminal drug prosecution) all deal with claims brought pursuant to federal

---

[2] Sever also includes, in the Opposition, an extensive discussion of authentication by identification and self authentication which have no relevance to altered tape recordings.

5

law. This case, however, concerns state common law civil claims. Therefore, state substantive law would apply as to whether the taping was legal. Sever does not contest that the recording was illegal under Connecticut law, and, therefore, the tape is inadmissible.

**D.    <u>The Alleged Tape Recorded Conversation Is Privileged</u>**

Sever's only argument against the claim of privilege is that this Court has previously ruled that the conversation was not privileged. Sever cites this Court's Order dated July 2, 2003 denying Defendant's Motion to Seal Documents. However, this Court specifically stated at the end of that ruling, "[m]oreover an order entered pursuant to Local Rule 5(d) with respect to sealing matters from the public <u>does not constitute a determination as to the matters admissibility at trial</u> as counsel seems to argue." (emphasis added). Thus, this Court's prior ruling is not determinative.

Sever does not otherwise contest any of Defendants' argument on this point. *See* Memo in Support, (pp. 9-13) Sever's own testimony at his deposition demonstrates that he was retained on behalf of Delcath and performed the requested work. Sever even admitted that such work was "protected by the attorney/client privilege." *Id.*, at p.12. Sever does not contest that Connecticut law recognizes the privilege applies not only to legal advice by the attorney, but also to giving information to the attorney. In short, Sever has no answer for Defendants' argument regarding privilege. Now that the matter has been more fully set forth than in the Motion to Seal Documents, this Court should properly conclude that the conversation which was allegedly recorded is privileged.

## CONCLUSION

Plaintiff Sever does not offer any evidence against the expert's opinion that the tape recording he wishes to offer was altered so as to erase portions by over recording and omit others by stopping the recording. A tape recording that has been so tampered with can not be admitted as accurate and authentic. Sever, therefore, cannot sustain his burden of clear and convincing evidence and the recording must be excluded. Further, the recording is of a privileged conversation which would not be admissible even if the recording had not been altered.

Dated: Stamford, Connecticut
March 15, 2004

DEFENDANTS MORTON G. GLICKMAN,
DELCATH SYSTEMS INC. AND
STEPHEN E. FELDMAN


By: /s/ Thomas J. Donlon
    Joseph L. Clasen, Esq. (ct04090)
    Thomas J. Donlon, Esq. (ct22839)
    e-mail: tdonlon@rc.com
    ROBINSON & COLE LLP
    Financial Centre
    695 East Main Street
    Post Office Box 10305
    Stamford, CT  06904-2305
    Telephone:  (203) 462-7500
    Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 15th day of March, 2004.

/s/ Thomas J. Donlon
Thomas J. Donlon