UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SEVER, JR., : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| : | |
| v. : | |
| : | |
| MORTON G. GLICKMAN, DELCATH : | |
| SYSTEMS, INC., and STEPHEN E. : | |
| FELDMAN, : | |
| : | |
| Defendants. : | March 22, 2004 |

DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

Defendants Dr. Morton G. Glickman ("Glickman"), Delcath Systems Inc. ("Delcath"), and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants") submit this memorandum of law in opposition to the motion dated March 9, 2004 of Plaintiff, Frank L. Sever, Jr. ("Sever") for leave of court to amend the complaint in this matter.

Sever filed his complaint (the "Complaint") on April 25, 2002. After initial motion practice, Defendants filed their answer on April 8, 2003. Both sides filed motions for summary judgment, which were decided this Court on July 1, 2003 and July 31, 2003, respectively. Pursuant to this Court's Order of August 5, 2003, the parties' Joint Trial Memorandum was due on February 9, 2003. As a result of confusion, engendered by Plaintiff's counsel, Defendants timely filed their submissions to the Joint Trial Memorandum but Sever did not file any portion

**ORAL ARGUMENT REQUESTED**

STAM1-754174-1

of Plaintiff's submissions. Sever then obtained an extension of time for filing of the Joint Trial Memorandum until March 15, 2004.

Now, almost two years after the Complaint was filed, eleven (11) months after the Defendants' Answer, eight (8) months after this Court ruled on the competing motions for summary judgment, and only days before the Joint Trial Memorandum was due, Sever seeks to amend his complaint. The proposed amendment would add a completely new cause of action as well as adding an additional defendant to two of the original three causes of action. Sever makes no attempt to explain the undue delay in brining this motion. Obviously, this motion was triggered by the identification of fatal flaws in Sever's case in Defendants' Submissions to the Joint Trial Memorandum of February 9, 2004, but that is no excuse for the delay. A substantial amendment this close to a trial would also prejudice the Defendants and, in any case, the amendment would be futile. This Court should deny the motion for leave to amend.

## ARGUMENT

### I.

### AMENDMENT AT THIS LATE DATE IS UNJUSTLY PREJUDICIAL

Sever, in his Memorandum In Support of Plaintiff's Motion For Leave of Court to Amend the Complaint (the "Memo in Support") dated March 9, 2004 cites *Forman v. Davis,* 371 U.S. 178, 182 (1962) for the basic standard that leave to amend "shall be freely given when justice so requires." Sever, however, ignores the language in *Forman,* which appears in his own quotation, pointing out certain limitations to freely amending, particularly in cases "such as

undue delay…undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*  *See also Friedl v. City of New York*, 210 F.3d 79, 87 (2d. Cir. 2000) ("In general district courts should not deny leave <u>unless</u> there is a substantial reason to do so, such as <u>excessive delay, prejudice to the opposing party, or futility</u>.") (emphasis added). Sever never addresses the application to the facts of this case of these well recognized limits on freely amending a complaint.

A.   **<u>Plaintiff Does Not Explain The Excessive Delay In Seeking To Amend</u>**

Almost two years has passed since the Complaint was filed in this case.  Moreover, under this Court's Scheduling Order and Orders on Extension, this case shall be ready for trial no later than 30 days following the submission of the Joint Trial Memorandum, or April 14, 2004.  The courts of this Circuit have consistently recognized that delay of such as has occurred here is grounds for denial of leave to amend.  In *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d. Cir. 1995), for example, the court found that a request to amend, "filed two and one-half years after the commencement of the action and three months prior to trial," constituted undue delay.  The court noted particularly that amendment "at such a late stage in the litigation" should not be granted.  *Id.; see also DelleFave v. Access Temporaries*, 37 Fed. Appx. 23, 27 (2d Cir. 2002) (motion for leave to amend brought two years after commencement of the case denied for undue delay).  Here, not only is the delay excessive, but the time to trial is short.

The Second Circuit held in *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d. Cir. 1990) that the "burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." In *Cresswell,* the delay was 17 months from the commencement of the lawsuit.

3

The only excuse for the delay was that plaintiff's counsel had been unaware of the statute providing an additional basis for a claim. The court, noting "ignorance of the law is an unsatisfactory excuse," sustained the trial court's denial of leave to amend because plaintiff had failed to provide adequate explanation. *See also Matima v. Celli*, 228 F.3d 68, 81 (2d. Cir. 2000) (denial of leave to amend upheld where motion "made after an inordinate delay, <u>no satisfactory explanation was offered</u> for the delay and the amendment would prejudice the defendant.") (emphasis added).

Here Sever has made no satisfactory explanation for the almost two year delay until just before trial. Sever's Memo in Support (p. 3) merely states that the amendment is "to reflect the alleged fraud committed by defendant Delcath Systems Inc. based on documents recently provided by the defendants and also by their actions and inactions to date." Sever does not identify any particular documents, with good reason, because there are none. Sever cannot rely on vague conclusory statements since it is his burden to explain the delay.[1]

The timing of Sever's motion indicates what really happened. Following the filing of Defendant's Submissions to the Joint Trial Memorandum on February 9, 2004, Plaintiff's counsel had an opportunity to study at his leisure Defendant's proposed jury instructions. Those instructions clearly pointed out that the Complaint made no claim for fraud (Count One) or conspiracy (Count Three) against Delcath:

> Plaintiff has made <u>no allegation of Fraud against Defendant Delcath Systems</u>, and you may not return a verdict against Delcath Systems

---

[1] Sever should not be permitted to cause even further delay by waiting until his reply brief to provide this explanation or identify supporting documents. *See e.g. Tran v. Tran,* 67 Fed. Appx. 40 (2d Cir. 2003).

4

Defendants' Submissions dated February 9, 2004, p. 13 (emphasis added).

> Plaintiff's third cause of action is for conspiracy. This claim is brought only against defendants Dr. Glick and Mr. Feldman. Again you <u>may not return verdict against Delcath Systems</u> on this claim

*Id.,* at p. 19 (emphasis added).

Clearly, only after reading these proposed instructions did Sever decide to amend the Complaint to add such claims against Delcath. The facts here are analogous to *DelleFave*. There, the plaintiff moved to amend the complaint only after the defendants moved for judgment on the pleadings, which made plaintiff realize an amendment was necessary. 37 Fed. Appx., at 27. The court found "this explanation only confirms that DelleFave's motive was dilatory" and that plaintiff had "not provided a satisfactory explanation for his lengthy delay." *Id.* Similarly, Sever has offered no explanation other than his own failure to raise a claim against Delcath initially. This is not enough and the motion should be denied.

The lack of explanation is even more acute with regard to the addition of the new cause of action for unjust enrichment. *See* Proposed First Amended Complaint, ¶¶ 58-64. Sever's Memo In Support does not even mention this new cause of action, no less offer any explanation for the delay in bringing it. In fact, one can read both the Motion For Leave To Amend and the Memo In Support completely and not even know that an additional cause of action was to be added. Only in the attached Proposed First Amended Complaint is there any reference to this

claim. Clearly, Sever has not met his burden to explain the delay in bringing this additional claim so close to trial.[2]

**B.     Amendment At This Late Date Would Prejudice Defendants**

Another recognized reason to deny leave to amend is prejudice to the defendants. Defendants' trial preparations are well advanced. The Joint Trial Memorandum has been filed listing witnesses and evidence to be presented, as well as proposed jury instructions. Those preparations were predicated upon the claims as they existed in the Complaint. Part and parcel of that was the knowledge that Defendant Delcath only had to prepare to face the single claim of conversion (which is subject to very specific legal defenses making it unlikely ever to reach a jury). For example Plaintiff's Memorandum In Support of Plaintiff's Motion For Summary Judgment Against Defendant Feldman of December 18, 2002 stated:

> Sever is seeking damages for the <u>fraud committed by the defendants Glickman and Stephen E. Feldman</u> (hereinafter sometimes referred to as "Feldman"), along with damages from all defendants, including <u>defendant Delcath</u> (hereinafter sometimes referred to as "Delcath") <u>for the conversion of the invention</u>.

(emphasis added) (copy of excerpt attached as Exhibit A for ease of reference). At this late date, Sever seeks to change the whole dynamic of the coming trial by adding Delcath as a defendant to other causes of action. In addition, all of the Defendants would face a completely new cause of action, for which they never prepared.[3]  This is clearly prejudicial.

---

[2] Similarly, Sever makes no explanation of his proposed amendment to add Delcath to Count Three (conspiracy) nor does he include any allegations to support such addition.

[3] Nor is it an answer to simply delay the trial. Defendants continue to incur substantial costs for the initial baseless claims. They should not be required to incur even more costs because Sever did not properly prepare and present his claims.

The prejudice resulting from amendments to the Complaint so close to trial, is further highlighted by other completely unexplained proposed changes. Sever never identifies these changes, which can only be discovered by comparing the proposed First Amended Complaint with the present Complaint.

Sever seeks to change the entire timeline of his claims by amending paragraph 13 to change the date on which he alleges Feldman first approached him regarding matters involved in this case. The change would be from "mid to late <u>August</u> 1997" to "mid to late <u>May</u> 1997" (emphasis added). In the context of this case such a change is important. The parties have consistently disagreed as to when certain events occurred. Sever's mistakes as to the relevant dates are significant in demonstrating the underlying falsity of his claims. Sever was questioned about discrepancies in the dates at his deposition on December 31, 2002. In particular, the conflict between his version of when events happened, and the dates demonstrated by certain facsimile documents he had produced from his own files, was explored. Nevertheless, Sever continued to maintain in papers presented to this Court, that the relevant events occurred in August 1997. Now on the eve of trial, Sever is attempting to alter his theory of the case substantially prejudicing Defendants' trial preparation.

Factual allegations in the Complaint are "judicial admissions" which Sever is "bound throughout the course of the proceedings." *Official Comm. Of Unsecured Creditors of Color Tile Inc. v. Coopers & Lybrand LLP,* 322 F.3d 147, 167 (2d Cir. 2003); *see also Bellefonte Reinsurance Co. v. Argonaut Ins. Co.,* 757 F.2d 523, 528 (2d Cir. 1985). At trial, Sever could be confronted with the Complaints' allegations of when events occurred, if he attempted to change

7

his testimony to correspond to the documentary evidence. Sever cannot escape this dilemma by attempting to rescind these admissions without explanation just before trial.

Sever also seeks to amend Paragraphs 17 and 21 to change the references to certain options identified as means to avoid the supplier patent discussed in two facsimiles Sever sent Feldman in May 1997. The proposed amendments would change the allegations that presently concern the "second" option to the "first" option. While this change may appear minor, it has a substantial effect in light of the development of this case to date.

The facsimile that Sever sent on May 22, 1997 (copy attached as Exhibit B), which Sever acknowledged at his deposition that he wrote, states "[t]he <u>first</u> is the arrangement which includes the telescoping member, on which <u>I have already drafted an application</u>." Confronted with this facsimile, Sever confirmed at his deposition that he had already drafted one application before May 22, 1997, when he communicated the two options. (Sever Deposition Transcript, pp. 169-173, copy of extract attached as Exhibit C). The Complaint alleges that Sever, after receiving the file wrapper for the Supplier Patent (¶ 13) conceived of two options to avoid that patent (¶ 6). After these two options were communicated and Feldman advised the client had no interest (¶¶ 18-20), the Complaint alleges "Sever reduced <u>the second option</u> to a patent application . . . with the intent of filing it on his own behalf." (emphasis added). Thus, the Complaint admits Sever prepared an application for the second option after communicating both concepts to Feldman.

Sever has claimed at various times throughout motion practice and trial preparation that he never prepared the second application. He has gone so far in Plaintiffs' Submission to the

8

Joint Trial Memorandum as to claim that the second application concerning the incompressible fluid is a "phantom" (p. 26) and that the copy of a letter forwarding that application is "fraudulent evidence manufactured after the fact." (p. 27).  However, the factual statement in the Complaint concerning the "second option" is a judicial admission that Sever did prepare a second application after May 1997.  Therefore, he is bound by the admission and cannot offer contrary evidence.

> The vital feature of a judicial admission is universally conceded to be its conclusiveness upon the party making it, that is, the prohibition of any further dispute of the fact by him and use of evidence to disapprove or contradict it.

*Habirshaw Electric Cable Co. v. Habirshaw Electric Cable Co., Inc.,* 296 F.875, 878 (2d Cir. 1924);  *see also Flanagan v. Blumenthal,* 265 Conn. 350, 373-374 (2003) (C.J. Sullivan concurring); *McCormick on Evidence,* J. Strong (5th ed. 1999) pp. 137-138.

    Sever was questioned at his deposition, fifteen (15) months ago, about these two options and the documents which referred to them, yet he never sought to amend the allegations on this point until just before trial, and then without explanation. He should not be permitted to escape the binding force of his prior admission now.

    Sever, in the proposed First Amended Complaint also seeks to add new paragraphs 43-46 which allege actions occurring <u>after</u> the Complaint was filed.  The proposed paragraphs include the statement that "[d]uring the course of the instant action . . . defendants provided certain documents and statements that were false." (¶ 44).  In combination with the allegation that "facts stated thus far make out a claim of fraud" (¶ 46), the amendment therefore alleges fraud

9

occurring after April 2002. There is no procedure for such a change, and Sever cites no authority for it. Defendants identified in their proposed jury instructions a statute of limitations defense to the fraud claim. The addition of paragraphs 43 – 46, may be a surreptitious way to avoid the statute of limitations. In the absence of any explanation of the purpose of this amendment, or the reason for the delay in seeking it, this portion of the proposed amendment is also clearly impermissible.

Consistently in the proposed First Amended Complaint, Sever attempts to correct errors or add allegations to fill in omissions, without any explanation. If Sever provided the true reasons for these amendment, they certainly would be rejected as improper. Defendants should not be forced to suffer the prejudice of Sever's attempts to change horses and fix mistakes this late in the game.

## II.
## AMENDMENT WOULD BE FUTILE

The request to amend the Complaint should also be denied because the proposed amendment is futile. *See e.g. Jones v. New York State Div. Of Military & Naval Affairs*, 166 F.3d 45 (2d Cir. 1998).

Sever first seeks to amend to add Delcath as a defendant to the fraud cause of action. The proposed amendment merely adds a reference to Delcath in paragraph 46; "a claim of fraud against Feldman, Glickman <u>and Delcath</u>." (emphasis added). However, the proposed amendment is grossly insufficient as a matter of law. As this Court pointed out in *Cole v. Aetna*

*Life & Casualty*, 70 F.Supp.2d 106, 115 (D. Conn. 1999), the requirement to plead fraud with particularity necessitates that fraud allegations:

> (1) specify the statements the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made and (4) explain why the statements were fraudulent.

*See also Rombach v. Chang,* 355 F.3d 164, 170 (2d Cir. 2004)

Here, as in *Cole,* the only statements referenced are by other defendants (Feldman and Glickman). The amendment "is devoid of any specific allegations of fraudulent behavior on the part of [Delcath]." *Id.* Sever fails to even meet the first criteria, no less the other three. Thus, the proposed amended allegations are insufficient to meet the requirements of pleading fraud with particularity. *See also Brogna v. Northeast Utilities*, 1999 U.S. Dist. LEXIS 21617, at *9-*12 (D. Conn. 1999); *Basso Securities v. Interstate Bakeries*, 2003 U.S. Dist. LEXIS 19623, at *7 (D. Conn. 2003).

Not only does Sever fail to allege fraud with particularity regarding statements by Delcath, he fails to allege the other elements of fraud with regard to Delcath. For example, in paragraphs 29 and 39, Sever alleges that he relied <u>only</u> on statements by Feldman. He does not allege reliance upon Delcath. Similarly, in paragraphs 38-41, Sever never alleges that Delcath's representations were false, that Delcath made representations with intent to deceive, that the statements were material, or that Delcath caused any damage.

In short, Sever has pled no allegations of the elements of fraud on the part of Delcath. Thus the proposed amendment is futile because it would be subject to an immediate motion to

dismiss under Federal Rule of Civil Procedure 9(b).[4]  Further, the amendment would be futile since the alleged fraud concerning the invention in 1997 is barred by the statute of limitations.

Similarly, an amendment to add a cause of action in unjust enrichment requires proof that (1) the defendants were benefited, (2) defendants unjustly did not pay plaintiff for the benefit and (3) the failure of payment was to the plaintiff's detriment.  *Paulsen v. Kronberg,* 66 Conn. App. 876, 878 (2001).  While the proposed First Amended Complaint rotely repeats these legal requirements, there are no allegations that support this cause of action.  Critically, there is not one single piece of evidence that has been discovered to prove the Defendants have ever received any benefit from the patented invention.  Sever certainly makes no reference to any such evidence in his Memo In Support (not surprising since Sever fails to even mention he intends to add such a claim).  In the absence of any supporting allegations and evidence this change is also futile.

## CONCLUSION

Plaintiff Sever has delayed for almost two years in seeking to amend the Complaint in this matter.  Now, on the eve of trial, Plaintiff seeks to add new counts and a new defendant to other counts.  The undue delay in seeking amendment is totally unexplained.  Clearly this last minute attempt to amend is in response to the fatal errors identified by Defendants' in their submissions to the Joint Trial Memorandum.  Recognition of legal error at this stage in the proceedings, however, is no excuse for the delay.  Further, the proposed amendment would be

---

[4] Sever should not be permitted to further change his proposed amendment on reply to address these errors.  Motion practice is not intended to be used for instruction in the law by papers filed in opposition.

futile since it fails to plead fraud with particularity or allege a specific benefit to the Defendants by which they were unjustly enriched.  The motion for leave to amend should be denied.

Dated: Stamford, CT
　　　　March 22, 2004

DELCATH SYSTEMS INC. AND
STEPHEN E. FELDMAN


By:____/s/__Thomas J. Donlon
　　　Joseph L. Clasen, Esq. (ct04090)
　　　Thomas J. Donlon, Esq. (ct22839)
　　　e-mail:  tdonlon@rc.com
　　　ROBINSON & COLE LLP
　　　Financial Centre
　　　695 East Main Street
　　　Post Office Box 10305
　　　Stamford, CT  06904-2305
　　　Telephone:  (203) 462-7500
　　　Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 22nd day of March, 2004.

/s/   Thomas J. Donlon
Thomas J. Donlon