UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 302CV00722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, | : | |
| DELCATH SYSTEMS, INC., | : | |
| and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | MARCH 26, 2004 |

### DEFENDANTS' LOCAL RULE 56(a)2 STATEMENT

Defendant Dr. Morton G. Glickman ("Dr. Glickman") submits this statement of material facts as to which there are genuine issues to be tried. This statement is submitted in opposition to the summary judgment motion filed by Plaintiff Frank Sever, Jr. ("Sever") against Dr. Glickman, and in reply to Plaintiff's Local Rule 56(a)1 statement dated March 4, 2004.

**A.      Reply To Plaintiff's Local Rule 56(a)1 Statement**

1.      Paragraph 1 is denied. Summary of Expert Report of Tom Owen dated August 13, 2003 (Exhibit M to Dr. Glickman's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (the "Opposition") submitted herewith).

STAM1-754811-1

2.  Paragraph 2 is admitted only to the extent that a letter was sent from defendant Stephen E. Feldman ("Feldman") to Sever on May 18, 1997, a complete copy of which is attached as Exhibit F to the Opposition.

3.  Paragraph 3 is admitted only to the extent that a facsimile was sent from Sever to Feldman on May 22, 1997, a complete copy of which is attached as Exhibit G to the Opposition.

4.  Paragraph 4 is admitted only to the extent that a facsimile was sent from Sever to Feldman on May 30, 1997, a complete copy of which is attached as Exhibit H to the Opposition.

5.  Paragraph 5 is admitted only to the extent that a facsimile was sent from Sever to Feldman on July 15, 1997. The representation of the contents set forth in paragraph 5 is incomplete.

6.  Paragraph 6 is denied. Dr. Glickman Declaration and Feldman Declaration.

7.  Paragraph 7 is admitted only to the extent that foreign patents were sought.

8.  Paragraph 8 is admitted only to the extent that certain telephone records were produced which indicate a call from New York to a telephone number, (703) 525-7499, in Arlington, Virginia on July 21, 1997 for 17.2. minutes.

B.  **Statement Of Material Facts As To Which There Are Genuine Issues To Be Tried Precluding Summary Judgment In Plaintiff's Favor**

1.  The tape recording (upon which Plaintiff Sever relies in moving for summary judgment) is not an authentic recording of the purported telephone conversation(s) between Sever and Feldman, as the tape has been altered.  Opposition Exhibit M.

2.  The tape recording in question pertains to legal advice concerning designing around a prior patent, which information is protected by the attorney-client privilege belonging to Sever's client, Delcath Systems, Inc. ("Delcath").  Memorandum of Law in Support of Defendants' Motion In Limine to Exclude Alleged Tape Recording Dated February 9, 2004.

3.  The allegedly false statement of Feldman that Delcath was not interested in the invention at issue does not appear on the tape recording of the telephone conversation(s) in question.  Sever Deposition (quoted in Opposition, pp. 7-8).

4.  Feldman informed Sever that, while Delcath was no longer interested in the incompressible fluid concept, Delcath would be filing a patent application for the catheter flow and lateral movement controller that Sever had originally drafted and provided to Delcath in March 1997.  Feldman Declaration, ¶ 15.

5. The allegedly false statement of Feldman that Dr. Glickman was the inventor of the device at issue does not appear on the tape recording of the telephone conversation(s) in question. Sever Deposition (quoted in Opposition, p. 8).

6. Dr. Glickman was the true and sole inventor of the catheter flow and lateral movement controller. Dr. Glickman Declaration; Feldman Declaration; Opposition Exhibits G, H, K and L.

7. The allegedly false statement of Feldman that Delcath would not file a patent application for the device at issue does not appear on the tape recording of the telephone conversation(s) in question. Sever Deposition (quoted in Opposition, pp. 8-9).

8. Feldman expressly informed Sever that Delcath would file the patent application that Sever prepared in March 1997 for Delcath. Feldman Declaration, ¶ 16.

9. The allegedly false statement of Feldman that Feldman would work out the problems associated with the invention at issue does not appear on the tape recording in question. Sever Deposition (quoted in Opposition, p. 9).

10. Sever was retained to, and prepared, in March 1997, on behalf of Delcath, a draft application for Dr. Glickman's invention of the catheter flow and lateral movement

4

controller.  Dr. Glickman Declaration; Feldman Declaration; Opposition Exhibits D, E, G, H.

11. Sever prepared a second and separate draft application for the telescoping frame incorporating the use of an incompressible fluid in June 1997.  Feldman Declaration; Dr. Glickman Declaration; Opposition Exhibits G, H, I.

        Respectfully submitted,

        DEFENDANT,
        MORTON G. GLICKMAN


By:  /s/  Thomas J. Donlon
     Joseph L. Clasen, Esq. (ct04090)
     Thomas J. Donlon, Esq. (ct22839)
     e-mail: tdonlon@rc.com
     ROBINSON & COLE LLP
     Financial Centre
     695 East Main Street
     P.O. Box 10305
     Stamford, CT  06904-2305
     Telephone:  (203) 462-7512
     Facsimile:  (203) 462-7599

ITS ATTORNEYS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Local Rule 56(a)(2) was served by first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 26th day of March, 2004.

By: /s/ Thomas J. Donlon
      Thomas J. Donlon