# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT
## Hartford

2004 APR -2 P 2: 56

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| FRANK SEVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.    3:02cv722 (AVC) |
| | ) | |
| MORTON G. GLICKMAN, *et al.*, | ) | Date of this Pleading: March 29, 2004 |
| | ) | |
| Defendants. | ) | |

### Memorandum in Support of Plaintiff's Motion for
### Leave to Reserve Plaintiff's Right to Call
### Expert Rebuttal Witness Bruce Koenig

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"),

by and through his undersigned attorneys, states his Memorandum in Support

of Plaintiff's Motion for Leave to Reserve Plaintiff's Right to Call Expert Rebuttal

Witness Bruce Koenig[1] as follows:

Plaintiff is concerned about recent statements made by counsel for

defendants which plaintiff believes are not supported by even the alleged expert

of defendants, Mr. Thomas Owen. Plaintiff further notes that in *United States*

v. *Morrison*, 153 F.3d 34 (2nd Cir. 1998), the Court found that "Owen's

methodology" was disputed and stated in part that:

> "At trial, Morrison challenged the admission of
> tapes made by the Government of his calls to Smith
> Barney, and claimed they had been altered. He called
> **Thomas Owen** as an expert to testify that the

---

[1]    Pursuant to the Rules of the United States District Court for the
District of Connecticut, plaintiff respectfully requests oral argument.

recordings displayed anomalies that indicated they had been edited...The Government rebutted by calling as a witness Bruce Koenig, an expert in forensic analysis of tape recordings, to testify that the tape exhibits challenged by Morrison were authentic and had not been altered, **disputing Owen's methodology and offering innocent explanations for the issues identified by Owen...** *Id.* Morrison claims the tapes were edited or altered, and he called an expert to testify at trial that there were anomalies, edits, and pauses on three of the tapes.   The Government **rebutted** with an expert who testified that nothing on the tapes indicated tampering.   The contents of the conversations on the challenged tapes are coherent and flow logically, making it improbable that any material was deleted or added.   **We find that the Government presented sufficient evidence to support the authenticity of the tapes and that the district court committed no abuse of discretion by admitting them.**" (Bold emphasis added.)

While plaintiff Sever steadfastly maintains that the subject tape is authentic and while plaintiff Sever intends to present Mr. David Mariasy of Team Audio to testify as an expert in Sever's case-in-chief that the subject tape is authentic, Sever out of an abundance of caution respectfully requests that this Court grant Sever leave to reserve plaintiff's right to call expert rebuttal witness Bruce Koenig in the event that defendants' expert, Mr. Thomas Owen, again attempts to utilize the "Owen's methodology" that the Second Circuit Court of Appeals noted was disputed in *United States* v. *Morrison,* 153 F.3d 34 (2nd Cir. 1998).

Also see *Gossett* v. *Weyerhaeuser Co.*, 856 F.2d 1154, 1156 (8th Cir. 1988), for support in the filing of this motion wherein the court stated in part that:

"A. Rebuttal Witness

"Following Weyerhaeuser's case in chief, the Gossetts offered rebuttal testimony of an expert witness who was not identified by the Gossetts prior to trial. Weyerhaeuser opposed the offer, arguing that all experts were to have been identified before trial (footnote omitted) and that the proffered testimony was not proper rebuttal testimony but was offered merely to supplement the Gossetts' case in chief. Following counsel's offer of proof disclosing the subject matter of the proposed testimony, the trial judge concluded that the testimony should have been elicited during the Gossetts' case in chief, and he refused to allow the witness to testify.

"Normally, parties are expected to present all of their evidence in their case in chief. Allowance of a party to present additional evidence on rebuttal depends upon the circumstances of the case and rests within the discretion of the individual most able to weigh the competing circumstances, the trial judge.' *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir.1978) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 705 (8th Cir.1967)). Accordingly, we may reverse a trial court's determination of the admissibility of rebuttal testimony only where there has been a clear abuse of discretion. *LaRo Corp. v. Big D Oil Co.*, 824 F.2d 689, 690 (8th Cir.1987); *Hale v. Firestone Tire and Rubber Co.*, 820 F.2d 928, 936 (8th Cir.1987); *Smith v. Conley*, 584 F.2d 844, 846 (8th Cir.1978); *Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171, 174 n. 6 (8th Cir.1977); *Hanrahan v. St. Vincent Hospital*, 516 F.2d 300, 302 (8th Cir.1975)."

Also see *Lorraine* v. *Coyle*, 291 F.3d 416 (6th Cir. 2002) for a ruling that a party's failure to disclose the identity of its rebuttal witness was unfair.

In summary, as a protective measure to avoid defendants' anticipated objections related to the disputed "Owen's methodology", and furthermore in an attempt to prevent the alleged expert of defendants, Mr. Thomas Owen, from again claiming a tape has been altered when the tape has not in fact been

altered as previously explained by the Second Circuit Court of Appeals in *United States* v. *Morrison,* 153 F.3d 34 (2nd Cir. 1998), plaintiff states this motion.

## Conclusion

WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to Reserve Plaintiff's Right to Call Expert Rebuttal Witness Bruce Koenig.

Respectfully submitted,

Peter Paul Mitrano (admitted *pro hac vice*)
Ct. Fed. Bar No.: 23733
Suite 201
581 Boylston Street
Boston, Massachusetts  02116
(617) 236-5655

Local Connecticut Counsel:

Frank B. Velardi, Jr.
Ct. Fed. Bar No.: 07893
Lasala, Walsh, Wicklow & Velardi
168 Bradley Street
Post Office Box 1302
New Haven, Connecticut  06505-1302
(203) 785-8929
(203) 776-4663 (facsimile)

Attorneys for Plaintiff
Frank Sever, Jr.

Dated: March 29, 2004.

4

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Leave to Reserve Plaintiff's Right to Call Expert Rebuttal Witness Bruce Koenig to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 29h day of March 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut 06904-2305.

_____
Peter Paul Mitrano