UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | APRIL 14, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO RESERVE PLAINTIFF'S RIGHT TO CALL EXPERT REBUTTAL WITNESS**

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems, Inc. ("Delcath") and Stephen E. Feldman ("Feldman") (jointly "Defendants") submit this memorandum of law in opposition to the motion of Plaintiff Frank Sever, Jr. ("Sever") dated March 29, 2004 seeking leave to reserve a right to call an expert rebuttal witness, (the "Motion").

Plaintiff Sever never identified this potential witness in the Joint Trial Memorandum as required.  Further, Sever has never produced an expert report from this witness.  This case is now ready for trial.  This Court should deny Sever's Motion and, pursuant to Fed. R. Civ. P. 37(d), preclude such witness from testifying at trial.

STAM1-755621-1

## BACKGROUND

Defendants identified their expert on tape recordings, Mr. Tom Owen, on December 6, 2002. Sever did not identify an expert with regard to tape recordings in his initial disclosure under Fed. R. Civ. P. 26(a)(1), in response to Defendants' discovery requests, or pursuant to this Court's Scheduling Order. However, on January 14, 2003, Sever filed a document entitled "Praecipe." To this document, Sever attached a report, dated January 10, 2003, from Mr. David Mariasy of Team Audio located in Toledo, Ohio.

Preparation of Mr. Owen's final expert report was delayed because Sever refused to produce the original tape for testing. At the discovery conference on April 10, 2003, this Court ordered Sever to produce the original tape for testing by Mr. Owen. That testing took place on May 29, 2003, with Sever's counsel in attendance. Mr. Owen subsequently prepared his report, dated August 13, 2002, which was produced to Sever's counsel.

Fed R. Civ. P. 26(a)(2)(C) states that disclosures of rebuttal experts should occur within 30 days after the other party discloses its report. Sever neither disclosed a rebuttal witnesss, nor took further action with regard to expert testimony, after he received Mr. Owen's report. Sever's submissions to the Joint Trial Memorandum, dated March 15, 2004, listed Mr. Maraisy as his only expert witness on any topic. The present Motion, however, refers to a Mr. Bruce Koenig. There is no person by that name on Plaintiff's List of Witnesses in the Joint Trial Memorandum. Mr. Koenig has never been previously identified nor has Sever ever produced an expert report from Mr. Koenig.

Pursuant to this Court's Scheduling Order, as amended, this case was required to be ready for trial thirty days after the filing of the Joint Trial Memorandum, or April 14, 2004.

### ARGUMENT

### PLAINTIFF IS PRECLUDED FROM CALLING AN UNIDENTIFIED REBUTTAL EXPERT WHO HAS NOT PRODUCED A REPORT

**A.     Rebuttal Experts Must Provide A Report**

Federal R. Civ. P. 26(a)(2)(B) requires that a report be produced for any person identified as an expert:

> with respect to any witness who is retained or specially employed to provide expert testimony or whose duties as an employee of the party regularly involve giving expert testimony, <u>be accompanied by a written report</u> prepared and signed by the witness.

(emphasis added).  Rule 26(a)(2)(B) by its terms applies to all experts.  There is no exemption for a rebuttal expert.[1]  In fact, Fed. R. Civ. P. 26(a)(2)(C) specifically addresses rebuttal experts, requiring that, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph 2(B)," disclosure shall be made "within 30 days after the disclosure made by the other party."

Sever cites no authority for his failure to produce an expert witness report, or to timely identify Mr. Koenig.  In fact, the principal case he cites regarding rebuttal testimony, *Gosset v. Weyerhauser Co*, 856 F.2d 1154, 1157 (8th Cir. 1988), excluded the rebuttal witness because the

---

[1] Sever does not expressly claim rebuttal experts are exempt from the report requirement, he merely ignores the requirement completely in the Motion.

3

testimony was not rebuttal; "the proffered rebuttal testimony presented no new evidence, but was offered merely to supplement the Gossetts' case in chief." There is no discussion of an expert report in *Gossett* because the case was decided in 1988, five years before Rule 26 was amended to add the requirement for production of expert reports.[2]

The application of Rule 26(a)(2)(B) to rebuttal experts was directly addressed, however, in *In Re Kreta Shipping S.A.,* 181 F.R.D. 273 (S.D.N.Y. 1998). There, a party objected because the expert to be called in rebuttal never provided a report. The party offering the witness argued that the requirements of Rule 26 (a)(2)(B) did not apply to rebuttal. The court rejected that claim, stating:

> The fact that there are clear deadlines for the disclosure of rebuttal expert testimony in the federal civil rules, and that failure to abide by those deadlines may result in exclusion of the rebuttal expert testimony, demonstrates that <u>rebuttal testimony is not excepted from the reporting requirements of Rule 26 (a)(2)(B)</u>.

*Id.*, at 276 (citations omitted, emphasis added). In *Equant Integrations Services v. United Rentals*, 217 F.R.D. 113 (D. Conn. 2003), the court addressed an objection to an expert's rebuttal report as untimely. Although the discovery deadline had not passed, the court held, "[t]he individual filings and submissions of initial expert reports, <u>rebuttal reports</u> and supplemental reports, <u>remain within the coverage of Fed. R. Civ. P. 26</u>." *Id.,* at 116 (emphasis added). *See also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir 1996) (court excluded expert rebuttal testimony for failure to disclose charts to be relied upon by expert); *Congressional Air v.*

---

[2] The other case Sever cites, *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002), concerns a habeas corpus petition from an Ohio criminal prosecution where Rule 26 does not apply.

4

*Beech Aircraft Corp.,* 176 F.R.D. 513, 515-517 (D. Md. 1997) (expert testimony excluded for failure to timely provide rebuttal expert's report).

### B. Any Witness Who Is To Offer Expert Testimony Must Be Identified

Not only is Mr. Koenig excludable because Sever failed to produce an expert report, Mr. Koenig also was never identified as a witness. His name is conspicuously absent from the Joint Trial Memorandum filed only two weeks before this Motion. Judge Arterton in *Applera Corp. v. MJ Research Inc.,* 220 F.R.D. 13, 18-19 (D. Conn. 2004) pointed out that apart from the requirements for expert reports, a witness must be identified as an expert in order to provide expert testimony:

> Whether or not MJ's "employee experts" or, in the case of the Finneys, named defendants, fall within the subset of experts required to disclose expert reports under Fed. R. Civ. P. 26(a)(2)(B), to the extent they intend to offer expert testimony at trial within the scope of Fed. R. Evid. 702, 703 or 705, they unambiguously <u>fall within Fed. R. Civ. P. 26(a)(2)(A)'s requirement that they be identified to plaintiffs as expert witnesses.</u>

(emphasis added). Here Sever not only failed to produce an expert report, he also never identified Mr. Koenig as an expert in the Joint Trial Memorandum (or anywhere else, prior to this Motion) in violation of Rule 26(a)(2)(A).

### C. Failure To Abide By Rule 26(a)(2) Requires Preclusion

The appropriate sanction for these failures is to preclude Mr. Koenig from testifying at trial. As the court in *Giladi v. Strauch,* 2001 U.S. Dist. LEXIS 4645 at *8-*9 (S.D.N.Y. 2001) pointed out, under Fed. R. Civ. P. 37(c), "the automatic sanction for a violation of Rule 26(a) is preclusion. Thus preclusion is appropriate unless there is 'substantial justification' for the failure

or the failure to make disclosure is harmless." *See also Equant Integrations*, 217 F.R.D., at 117. Sever has offered no justification for his failure to disclose.

Recognizing that preclusion is a severe sanction, the Second Circuit has set forth four factors to assist the trial court in deciding whether to allow a witness to testify. The factors are:

1. the party's explanation for its failure
2. the importance of the witness
3. the prejudice to the opposing party, and
4. the possibility of a continuance.

*Softel Inc. v. Dragon Medical & Scientific Communications*, 118 F.3d 955, 961 (2d. Cir. 1997). In addition, courts will consider whether the failure to disclose was in bad faith. *See Equant Integrations*, 217 F.R.D., at 117; *In Re Kreta Shipping 181 F.R.D., at 277.*

Sever has provided absolutely no explanation for his failure to disclose Mr. Koenig or for his failure to provide an expert report. The absence of explanation weighs heavily in determining whether the expert should testify. *See e.g., Giladi,* 2001 U.S. Dist LEXIS 4645, at *17. Second, the witness is not critical since Sever has another expert, Mr. Mariasy, to testify on the issue of tape recordings. *Id.* Third, Defendants have been prejudiced by the extremely late identification of this potential witness and the failure to provide a report. Defendants cannot prepare to examine the witness at trial or seek their expert's assistance in explaining the differences in the opinions concerning the tape recording's validity, since, without a report, there is no way to know what Mr. Koenig might say.

6

As to the possibility of a continuance, Defendants' expert produced his report almost nine months ago. Pursuant to this Court's order, the case is now ready for trial. The court in *Softel* pointed out that even if a continuance is technically possible that is no excuse for a party's failure to comply or reason to prolong an already extended case. 118 F.3d at 963. Defendants have prepared and submitted their Contentions and Proposed Instructions for the Joint Trial Memorandum weeks ago and should not be required to endure further delay in having the case resolved. *See e.g. Giladi*, 2001 U.S. Dist. LEXIS 4645, at *20.

The final consideration is the possibility of bad faith. That cannot be discounted here. Sever's counsel provides no reason why this witness was not identified in the Joint Trial Memorandum filed only two weeks before this Motion. Even after belatedly identifying the witness, Sever's counsel failed to provide an expert report to accompany the Motion. Thus, all the factors here strongly favor preclusion.

## CONCLUSION

Plaintiff failed to properly identify the expert witness as required by the Federal Rules and requested in discovery. Even after announcing the witnesses' name very shortly before trial, Plaintiff willfully failed to provide the required expert report. In these circumstances, the proper sanction is to preclude the potential witness, Mr. Koenig, from testifying at trial.

Dated:   Stamford, CT
            April 14, 2004

                                DEFENDANTS,
                                MORTON G. GLICKMAN,
                                DELCATH SYSTEMS INC.
                                AND STEPHEN E. FELDMAN

                              By:/s/  Thomas J. Donlon_____
                                Joseph L. Clasen, Esq. (ct04090)
                                Thomas J. Donlon, Esq. (ct22839)
                                e-mail:  tdonlon@rc.com
                                ROBINSON & COLE LLP
                                Financial Centre
                                695 East Main Street
                                Post Office Box 10305
                                Stamford, CT  06904-2305
                                Telephone:  (203) 462-7500
                                Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Reserve Plaintiff's Right to Call Expert Rebuttal Witnessses was served by first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 14th day of April, 2004.

                                                   /s/_____
                                                   Thomas J. Donlon