# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
### Hartford

3:02CV722(AVC). April 21, 2004. This is an action for damages arising out of the alleged theft of a medical catheter device invention. It is brought pursuant to common law tenets concerning fraud, conversion and civil conspiracy. On March 15, 2004, the plaintiff, Frank Sever, filed the within motion for summary judgment (document no. 105) pursuant to Fed. R. Civ. P. 56, contending that there is no genuine issue of fact and that he is entitled to judgment as a matter of law. For the reasons that hereinafter follow, the motion (document no. 105) is DENIED.

Sever first contends that the transcript of a telephone conversation that allegedly took place between one Stephen F. Feldman, Morton G. Glickman's attorney, and Sever is "conclusive on the issue of liability" with regard to his cause of action for fraud against Glickman. Specifically, Sever maintains that the transcript establishes all of the elements of fraud on the part of Feldman, and that Feldman's fraud is imputed to his principle, Glickman. The court is not persuaded. Sever has previously filed a motion for summary judgement against Feldman. In that motion, as in the instant motion, Sever contended that the telephone conversation transcript established that Feldman had committed a fraud upon Sever. The court denied that motion. The court concluded that "no statements in [the alleged conversation between Sever and Feldman] firmly establish the basic elements of fraud." Thus, "[b]ecause a reasonable person could perceive this evidence to the favor of either Sever or Feldman," the court concluded that a genuine issue of fact existed and denied Sever's motion. Sever has failed to present any new evidence that would require a different result. Indeed, the only material difference between the instant motion and Sever's previous motion is that he now seeks summary judgment against Glickman rather than Feldman. Consequently, because the instant motion for summary judgment relies on the same evidence that the court has previously concluded is inconclusive, the motion for summary judgment is DENIED.

The plaintiff next contends that if the court should deny the motion for summary judgment, than, pursuant to Fed. R. Civ. P. 56(d), the court should enter an order that various material facts are not disputed. Essentially, Sever seeks an order from this court that the facts underlying his claim of fraud are undisputed. The court is not persuaded. Fed. R. Civ. P. 56(d) provides, in relevant part, that, if summary judgment is denied and a trial is necessary, if practicable, the court shall "ascertain what material facts exist without substantial controversy" and "thereupon make an order specifying the facts that appear without substantial controversy . . . ." Fed. R. Civ. P. 56(d). Thus, the plain language of Rule 56(d) requires that the facts which are the subject of a Rule 56(d) order be undisputed. However, as the court has previously concluded, the facts underlying the relevant elements of fraud are controverted. Therefore, Sever's motion for a Rule 56(d) order is DENIED. SO ORDERED.

Alfred V. Covello, U.S.D.J.