UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK SEVER, Jr.,
  Plaintiff,

vs.

MORTON G. GLICKMAN,
DELCATH SYSTEMS, INC., and             Civil No: 3:02CV00722 (AVC)
STEPHEN E. FELDMAN,
  Defendants.

## RULING AND ORDER ON THE PLAINTIFF'S MOTION TO AMEND

This is an action for damages arising out of the alleged theft of a medical catheter device invention. It is brought pursuant to common law tenets concerning fraud, conversion and civil conspiracy. On March 15, 2004, the plaintiff filed the within motion to amend his complaint (document no. 108). For the reasons that hereinafter follow, the motion is GRANTED to the extent that plaintiff seeks to amend the amount of alleged damages, but in all other respects, the motion is DENIED. Therefore, the motion to amend (document no. 108) is GRANTED in part and DENIED in part.

### FACTS:

On April 25, 2002, the plaintiff filed the original complaint in this matter. The original complaint alleged, <u>inter alia</u>, that Stephen E. Feldman, a patent attorney, hired the plaintiff, Frank E. Sever, also a patent attorney, to devise ways that Feldman's clients could "avoid" infringing on a pre-existing patent. Sever allegedly devised two methods, or design options, by which infringement of the pre-existing patent could be

avoided.  Sever communicated both of these options to Feldman. Feldman informed Sever that his clients had no interest in either design option.

The original complaint further alleges that Sever subsequently drafted a patent application based on the second design option.  Sever alleges that he intended to file that application on his own behalf.  When Sever informed Feldman that he intended to file the application, Feldman requested that he not do so.  Feldman thereafter requested a copy of the application.  According to the original complaint, Feldman and Morton G. Glickman filed Sever's application with the United States Patent and Trademark Office ("USPTO") and represented to the USPTO that the invention described therein was the creation of Glickman.  Glickman thereafter assigned his rights in the patent to the defendant, Delcath Systems, Inc.

The original complaint alleges that Feldman's and Glickman's actions give rise to causes of action for fraud, conversion and civil conspiracy.  With respect to Delcath, the original complaint only alleged a cause of action based on conversion.  On March 15, 2004, the plaintiff filed the within motion to amend.

## STANDARD:

Pursuant to Fed. R. Civ. P. 15(a), after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of the court or by written consent of the party;

and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Generally, permission to amend should be freely granted. . . . The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. . . . The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (internal citations omitted); see also Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) ("[u]ndue delay and futility of the amendment, among other factors, are reasons to deny leave").

**DISCUSSION:**

1.  Proposed Amendment of Various Factual Allegations

    The plaintiff first seeks to amend various factual allegations contained within his original complaint. More specifically, the plaintiff seeks to amend, inter alia, various dates and also to amend the allegation that the patent application he drafted and delivered to Feldman related to the first design option and not the second design option as originally alleged.

    The defendants object to these changes. Specifically, the defendants contend that the amendment is untimely, that the

proposed amendments would prejudice the defendants and also that Sever has not given a satisfactory explanation for his delay.

Applying the relevant principles, the court concludes that Sever should not be permitted to amend the factual allegations of his complaint. This action was filed on April 25, 2002; thus, the motion comes almost two years after the filing of this action. Since the filing of the complaint, the parties have filed, and the court has ruled on, at least two motions for summary judgment. Discovery has closed. Further, under the current scheduling order, this case was to be trial ready within thirty days of the filing of the trial memorandum, which was due on March 15, 2004. Thus, the trial ready date was April 14, 2004. Based on these facts, the court concludes that the plaintiff's motion to amend is subject to denial because of undue delay. See Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) ("entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial[;] . . . this constituted undue delay").

Further, the defendants have relied extensively on the allegations of the original complaint in building a defense to the plaintiff's claims and therefore would be prejudiced by such untimely amendments. Indeed, in fashioning their defense, the defendants have continuously relied on the allegation of the original complaint that the application which Sever drafted and

4

delivered to Feldman related to the second design option. The plaintiff concedes as much by stating in his motion papers that "the defendants have . . . manufactured their defense on the basis that Sever prepared an application for the second [design] option."[1] As is evident from both parties papers, discovery has progressed under this assumption as well. Therefore, to permit the amendments of the factual allegations at this late date would prejudice the defendants. See Matthew v. Delta Air Lines, Inc., No. 96CV6085, 1999 WL 184113, at *2 (E.D.N.Y. 1999) (denying motion to amend that would alter factual allegations because it was prejudicial to defendant, where defense and discovery had progressed based on the factual allegations contained in the original complaint).

Moreover, the plaintiff fails to offer any meaningful explanation for his delay in seeking to amend his complaint. In fact, the plaintiff's papers fail to even address certain proposed amendments including, inter alia, the amendments that relate to the dates on which he alleges certain actions occurred. The plaintiff only offers an explanation with regard to his proposed amendment that would change the allegation that the application he drafted and delivered to Feldman related to the

---

[1] The plaintiff apparently contends that the defense is weak and based on questionable evidence. Regardless of the validity of the defense, however, the defendants have relied on the allegations in the original complaint in constructing their defense and Sever concedes as much.

5

first design option rather than the second design option as originally alleged. The plaintiff attempts to explain the delay with regard to this allegation by contending simply that the allegation in the first complaint was a "mistake." The allegation in the original complaint was obviously a mistake; however, the relevant question is: why the delay in correcting the mistake? See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) ("burden is on the party who wishes to amend to provide a *satisfactory explanation for the delay*") (emphasis added). The plaintiff provides no explanation for *why* the mistake was not corrected until now. The plaintiff cannot contend that he was unaware of the existence of the mistake inasmuch as the court has issued at least two rulings that both plainly articulate the allegation that the plaintiff now contends was a mistake and, as the plaintiff admits, the defendants have made it an issue throughout discovery. Consequently, the court concludes that the plaintiff's explanation for the delay is not satisfactory. The motion to amend with regard to the factual allegations is therefore DENIED.

2. <u>Proposed Amendment of Complaint to Allege Fraud and Civil Conspiracy Against Delcath</u>

The plaintiff next seeks to amend his complaint to allege causes of action for fraud and civil conspiracy against Delcath. The defendants object, contending that the proposed amendment is

untimely, would prejudice the defendants and that Sever offers no satisfactory explanation for the delay.

Applying the relevant principles, the court concludes that the motion to amend the complaint in this regard should be denied. Again, the motion to amend comes two years after the plaintiff filed the complaint and within a month of the trial ready date; this constitutes undue delay. Delcath's defense theory has addressed only the cause of action based on conversion. To add additional causes of action at this late date would prejudice Delcath. In addition, the allegations of fraud against Delcath in the plaintiff's proposed amended complaint lack any real specificity. Discovery would therefore be necessary. This would require that discovery be reopened thereby further prolonging the case. Consequently, the court concludes that the defendants would be prejudiced by the addition of the new claims at this extremely late date. See, e.g., Friedman v. Consolidated Edison Co. of New York, Inc., No. 97CV2735, 1999 WL 182595 at *2 (S.D.N.Y. 1999) (denying leave to amend because, in part, amendment would "severely prejudice the defendants since it would require the Court to reopen discovery").

Further, the explanation offered for the delay is not satisfactory. The plaintiff claims that the amendment is necessary to reflect the "alleged fraud committed by . . . Delcath based on documents recently provided by the defendants and also by their actions and inactions to date." However, the

plaintiff also admits in his motion papers that "*Sever could have originally named Delcath under his original fraud [and] civil conspiracy counts* ." (Emphasis added.) Thus, inasmuch as the plaintiff admits that he could have included the proposed new causes of action in the original complaint, the plaintiff's delay in amending his complaint was a tactical decision and was not based on newly discovered evidence. See Ruffin v. Fuller, 125 F. Supp. 2d 105, 111 (S.D.N.Y. 2000) (denying late motion to amend where attorney made tactical decision to not amend complaint at earlier date). Accordingly, the court concludes that the plaintiff has failed to articulate a satisfactory explanation for his delay. The motion to amend with regard to adding causes of action for fraud and civil conspiracy against Delcath is therefore DENIED.

3. Proposed Amendment of Complaint to Allege a Cause of Action for Unjust Enrichment Against All Parties

The plaintiff next seeks to add a cause of action for unjust enrichment against all parties. The defendants object, contending that the proposed amendment is untimely, would prejudice the defendant's and that Sever offers no satisfactory explanation for the delay.

Applying the relevant principles, the court concludes that the motion to amend to add a cause of action for unjust enrichment should be denied. First, for the reasons articulated above, the amendment is untimely and constitutes undue delay.

8

Second, adding an additional cause of action would prejudice the defendants. Third, and more disturbingly, the plaintiff offers no explanation whatsoever for his delay. Indeed, the motion papers fail to even apprise the court that the proposed amended complaint included an additional cause of action against all parties. Thus, not only has the plaintiff failed to offer a satisfactory explanation for the delay, the plaintiff failed to offer *any* explanation for the delay. The motion to amend the complaint to add a cause of action for unjust enrichment is therefore DENIED.

4. <u>Proposed Amendment to Amount of Damages</u>

Finally, the plaintiff seeks to amend the complaint to increase the amount of damages. Applying the relevant principles, the court concludes that the amendment of the complaint with regard to the amount of damages should be granted. The plaintiff contends, and the defendants do not dispute, that that the plaintiff disclosed such increased damages to the defendants on September 16, 2002. In addition, based on the defendants' memorandum in opposition to the plaintiff's motion to amend, the defendants apparently do not object to amending the complaint in this regard. Thus, although this requested amendment is also late, in light of the fact that the defendants were aware of the plaintiff's increased damages demand in 2002, and also because the defendants apparently do not object to this

aspect of the plaintiff's motion to amend, the motion is GRANTED with respect to the increased damages only. The plaintiff shall have to and included May 10, 2004 to file an amended complaint reflecting the change in the amount of damages.

## CONCLUSION:

Based on the foregoing reasons, the plaintiff's motion to amend (document no. 108) is GRANTED in part and DENIED in part.

It is so ordered, this 23rd day of April, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

11