UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
Hartford

FILED

2004 APR 26  A 11: 39

U.S. DISTRICT COURT
HARTFORD, CT.

FRANK SEVER, JR.           :

      Plaintiff,       :

VS.                        :   Civil Action No: 3:02CV00722 (AVC)
                           :
MORTON G. GLICKMAN, ET. AL.  :   Date of this Pleading: April 20, 2004
                           :
      Defendants,      :


**Plaintiff's Statement Related to Admission Pro Hac Vice of
Peter Paul Mitrano as Counsel for Plaintiff**

The plaintiff Frank Sever, Jr., by and through his local counsel, hereby files this statement relative to the admission of Peter Paul Mitrano pro hac vice as counsel for the plaintiff.

Counsel for the defendants has recently informed Connecticut counsel for the plaintiff of certain information which, it is alleged, affects the continued admission pro hac vice of Peter Paul Mitrano, Esq,. The undersigned, upon information and belief, makes the statement that when Peter Paul Mitrano was appearing without counsel in a personal domestic matter in the State of New Hampshire, the district court in Lebanon, New Hampshire entered an order dated January 11, 2001 that held Peter Paul Mitrano personally in contempt of court as follows:

> "...the Court finds Petitioner in contempt for removing
> the children from New Hampshire without seeking permission
> from the Court."

Peter Paul Mitrano asserts that there were no court orders prohibiting Peter Paul Mitrano from removing said children from the State of New Hampshire.

Said district court in Lebanon, New Hampshire issued another order against Mr. Mitrano

personally dated March 21, 2001 which states, in part, that:

> "The Court finds Mr. Mitrano in contempt for failing to enter a stipulation for a guardian...."

Peter Paul Mitrano asserts that he did in fact enter into said stipulation but stated that the same was under protest and the court then found Peter Paul Mitrano personally in contempt.

Said district court in Lebanon, New Hampshire issued another order dated December 10, 2002 that held Peter Paul Mitrano personally in contempt of court as follows:

> "The Petitioner is found in contempt for failure to pay any amount to the Respondent with respect to the support of The three minor children since the hearing of September 27, 2002."

Peter Paul Mitrano asserts his position that said court orders are void for lack of jurisdiction.

There is another recent matter that counsel for the defendants have disclosed involving the initiation of an inquiry which Mr. Mitrano asserts is required to be kept confidential at this time pursuant to Section 17 of Rule 11 of the District of Columbia Bar Rules, a copy of which is annexed hereto.

THE PLAINTIFF,

FRANK SEVER

BY: _Frank B. Velardi_
Frank B. Velardi, Jr. (Fed. Bar No. 07893)
Lasala, Walsh, Wicklow & Velardi, LLC
168 Bradley Street, P.O. Box 1302
New Haven, CT 06505-1302
Telephone: 203-785-8929
Juris No. 417961

transmit its findings and recommendations to the Board, together with the record of the hearing. The Board shall review the report of the Hearing Committee and the record and shall file its own findings and recommendation with the Court, together with the record. The findings and recommendation shall include on the first page, immediately beneath the caption of the case, a separate section entitled "Prior Proceedings" which shall state the docket number of the original disciplinary proceeding in which the suspension or disbarment was ordered and the names of the judges who participated in that proceeding.

(e) *Petitions for Reinstatement—Action by the Court.* Upon the filing of the Board's findings and recommendation, the Court shall schedule the matter for consideration in accordance with the general rules governing civil appeals. Whenever possible, a petition for reinstatement shall be transmitted to the division of the Court which imposed the discipline. If the petition is unopposed, the Court in its discretion may grant it, or may enter any other appropriate order, without further briefing or argument.

(f) *Conditions of Reinstatement.* If the petitioner is found unfit to resume the practice of law, the petition shall be denied. If the petitioner is found fit to resume the practice of law, the Court shall enter an order of reinstatement, which may be conditioned upon the making of partial or complete restitution to persons harmed by the misconduct which led to the suspension or disbarment, or upon the payment of all or part of the costs of the reinstatement proceedings, or both. The reinstatement may also be conditioned upon the furnishing of evidence, in a form determined by the Court, of the petitioner's successful completion of an examination for reinstatement subsequent to the date of suspension or disbarment. The Court may impose such other conditions on reinstatement as it deems appropriate.

(g) *Resubmission of Petitions for Reinstatement.* If a petition for reinstatement is denied, no further petition for reinstatement may be filed until the expiration of at least one year following the denial unless the order of denial provides otherwise.

Section 17. Confidentiality.

(a) *Disciplinary Proceedings.* Except as otherwise provided in this rule or as the Court may otherwise order, all proceedings involving allegations of misconduct by an attorney shall be kept confidential until either a petition has been filed under section 8(c) or an informal admonition has been issued. All proceedings before the Hearing Committee and the Board shall be open to the public, and the petition, together with any exhibits introduced into evidence, shall be available for public inspection. If an informal admonition is issued, the correspondence from Bar Counsel informing the attorney of the grounds for the admonition shall be available for public inspection. Bar Counsel's files and records, however, shall not be available for public inspection except to the extent that portions thereof are introduced into evidence in a proceeding before the Hearing Committee.

(b) *Disability Proceedings.* All proceedings involving allegations of disability on the part of an attorney shall be kept confidential unless and until the Court enters an order suspending the attorney under section 13 of this rule.

(c) *Informal Admonitions.* Bar Counsel may disclose information pertaining to proceedings resulting in informal admonitions to any court, to any other judicial tribunal or disciplinary agency, to any duly authorized law enforcement officer or agency conducting an investigation, to any representative of a public agency considering an attorney for judicial or public employment or appointment, or to any representative of another bar considering the application of an attorney for admission to such bar. Bar Counsel may also make such disclosure to a duly authorized representative of the District of Columbia Bar with respect to any person whom the Bar is considering for possible employment, appointment to a Bar position related to attorney discipline or legal ethics, or recommendation to this Court for appointment to any board, committee, or other body.

(d) *Protective Orders.* To protect the interests of the complainant or of any other person, the Board may, upon application and for good cause shown, and upon notice to the attorney and an opportunity to be heard, issue a protective order prohibiting the disclosure of confidential or privileged information or of any documents listed in the order, including subpoenas and depositions, and directing that any proceedings before the Board or a Hearing Committee be so conducted as to implement the order.

(e) *Limited Disclosure on Motion.* The Court on motion may authorize disclosure of otherwise confidential information to the Committee on Admissions, the Committee on Unauthorized Practice, or a duly constituted grand jury for use in the performance of its official duties. For good cause shown, the Court on motion may authorize disclosure of otherwise confidential information through discovery in any civil action, subject to such protective order as the Court may deem appropriate. With respect to the Clients' Security Trust Fund, Bar Counsel shall follow the procedures prescribed in the Notice to the Bar dated November 21, 1986, which is Appendix C to these Rules.

Section 18. Subpoenas.

(a) *Issuance of Subpoenas.* In carrying out this rule, any member of the Board, any member of a Hearing Committee in matters before the Committee, the Executive Attorney, or Bar Counsel in matters under investigation may, subject to Superior Court Civil Rule 45, compel by subpoena the attendance of witnesses and the production of pertinent books, papers, documents, and other tangible objects at the

## CERTIFICATION

This is to certify that a copy of the foregoing statement has, this 20th day of April, 2004, been mailed to all counsel and pro se parties, to wit:

Joseph L. Clasen, Esq.
Robinson & Cole
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305

Thomas Donlan, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103-3597

Peter Paul Mitrano, Esq.
581 Boylston Street
Suite 201
Boston, MA 02116

_____
Frank B. Velardi, Jr., Esquire