## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **FRANK SEVER, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.:  3:02CV722 (AVC)** |
| | : | |
| **v.** | : | |
| | : | |
| **MORTON G. GLICKMAN, DELCATH** | : | |
| **SYSTEMS, INC., and STEPHEN E.** | : | |
| **FELDMAN,** | : | |
| | : | |
| **Defendants.** | : | **April 28, 2004** |

### MOTION TO REVOKE *PRO HAC VICE* ADMISSION

Defendants, Dr. Morton G. Glickman, Delcath Systems Inc. and Stephen E. Feldman,

Esq. (jointly "Defendants"), respectfully move, pursuant to Local Rules 7(a), 83.1 and 83.2, that

this Court revoke the *pro hac vice* admission of Peter Paul Mitrano ("Mitrano") in this matter.

In support of this motion, Defendants respectfully represent as follows:

1.      Plaintiff, through local counsel Frank B. Velardi, Jr., Esq. ("Velardi"), moved to

admit Mr. Mitrano *pro hac vice* on May 24, 2002.

2.      Local Rule 83.1(d), at the time, required that any such request for admission state

that the attorney seeking admission had not been disciplined by this Court or any other court.

3.      The motion papers failed to address the issue of discipline.

4.      Defendants recently learned of a federal district court decision which included

information that Mr. Mitrano had been held in contempt of court.

**ORAL ARGUMENT REQUESTED**

STAM1-756911-1

5.      After confirming the information in the federal court decision, Defendant's counsel communicated this information to Mr. Velardi.

6.      On April 26, 2004, Mr. Velardi filed on behalf of Plaintiff a document entitled "Plaintiff's Statement Related to Admission Pro Hac Vice of Peter Paul Mitrano as Counsel for Plaintiff" ("Plaintiff's Statement").

7.      Plaintiff's Statement disclosed that Mr. Mitrano has been held in contempt of court in New Hampshire on three separate occasions, two before the request to this Court for admission *pro hac vice* and one after such admission was granted.  None of these were previously disclosed to this Court during the twenty-three (23) months this case has been in litigation.

8.      Local Rule 83.2(f) requires that any attorney receiving discipline from any state or federal court promptly inform the Clerk of this Court.  Mr. Mitrano failed to comply with this Rule when he did not report the contempt order occurring after his admission *pro hac vice*.

9.      Mr. Mitrano's failure to disclose his past discipline at the time of moving for admission *pro hac vice,* as well as his failure to inform the Clerk of the Court of his discipline after admission, warrant revocation of his admission to appear in this matter.

WHEREFORE, Defendants request this Court to revoke the *pro hac vice* admission it

previously granted to Attorney Peter Paul Mitrano.

Dated: Stamford, Connecticut
        April 28, 2003

                                       DEFENDANTS MORTON G. GLICKMAN,
                                       DELCATH SYSTEMS INC. AND
                                       STEPHEN E. FELDMAN

By:    /s/   Thomas J. Donlon
          Joseph L. Clasen, Esq. (ct04090)
          Thomas J. Donlon (ct22839)
          e-mail:  tdonlon@rc.com
          ROBINSON & COLE LLP
          Financial Centre
          695 East Main Street
          Post Office Box 10305
          Stamford, CT  06904-2305
          Telephone:  (203) 462-7500
          Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 28th day of April, 2004.

        /s/    Thomas J. Donlon
        Thomas J. Donlon