UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | APRIL 28, 2004 |

MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION
TO REVOKE *PRO HAC VICE* ADMISSION

Defendants Dr. Morton G. Glickman ("Glickman"), Delcath Systems, Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly "Defendants") submit this memorandum of law in support of their motion to revoke the *pro hac vice* admission of attorney Peter Paul Mitrano ("Mitrano") as counsel to Plaintiff Frank J. Sever, Jr. ("Sever").

In seeking *pro hac vice* admission Mr. Mitrano failed to reveal discipline imposed on him by the state court in New Hampshire. Worse, Mr. Mitrano continued to conceal this information for almost two years. The information has only come to light at this late date in the proceedings, because it was accidentally discovered by Defendants. Even now, Mr. Mitrano has not provided this Court with any explanation for his failure to comply with the rules of this Court, or even directly addressed this Court to disclose his prior misconduct. This Court should revoke Mr. Mitrano's *pro hac vice* admission in this mater.

STAM1-756703-1

**BACKGROUND**

Plaintiff Sever, acting through local counsel Frank B. Velardi Jr., Esq. ("Velardi"), moved for the admission of Mr. Mitrano *pro hac vice* on May 24, 2002. (A copy of the motion is attached hereto for ease of reference as Exhibit A). Pursuant to the provisions of Local Rule 83.1(d) in effect on that date, the motion should have stated, "that said lawyer has not been denied admission <u>or disciplined</u> by this court <u>or any other court</u>.[1] (emphasis added). The motion papers, however, only state, "Attorney Mitrano has never been denied admission by this Court or any other court." (Exhibit A, ¶ 4). There is no statement concerning discipline by any other court. This Court granted the motion to admit Mr. Mitrano *pro hac vice* on May 28, 2002.

In late March 2004 a computer research search, conducted in preparation for trial, revealed Mr. Mitrano's name as a plaintiff in an action. *See Mitrano v. Martin*, Civ 01-153, 2002 U.S. Dist. LEXIS 1943 (D.N.H. January 22, 2002). (Copy attached hereto as Exhibit B). The federal action was a suit brought by Mr. Mitrano against the state court judge personally. The federal decision stated that, the "state judge found him [Mitrano] to be in contempt of court." *Id.*¸ at *1. The federal District Court in its decision dismissed the action against the state judge. *Id.*, at *2.

To ensure that the information stated in the decision was correct, Defendants' counsel obtained the original complaint in the federal case signed by Mr. Mitrano. (Copy attached hereto

---

[1] Local Rule 83.1(d) was subsequently amended to require an attorney not admitted to the District of Connecticut to submit with such motion an affidavit declaring the attorney had not been subject to any prior discipline, "or if that is not true, describing in full the circumstances of such denial or discipline, including the reasons therefore, any penalty imposed, whether the penalty was satisfied and whether the lawyer is currently in good standing in the jurisdiction that denied admission or imposed discipline…"

as Exhibit C). The complaint by Mr. Mitrano clearly states that "defendant ruled from the bench on January 10, 2001 that Peter Paul Mitrano was in contempt of court for moving out of the State of New Hampshire (the Court later ruled in a written order that Peter Paul Mitrano was in contempt for not requesting the Court's permission prior to moving)." (Exhibit C, ¶ 15).

Further inquiry led to the discovery of a separate action to which Mr. Mitrano was a party, before the Supreme Court of New Hampshire. This action, *Petition of New Hampshire Supreme Court Attorney Discipline Office*, Case No. 2004-0034, involved a request for a subpoena for certain bank records made by the New Hampshire Attorney Discipline Office. The New Hampshire Attorney Discipline Office acted to assist the District of Columbia Office of Bar Counsel, which is investigating a complaint against Mr. Mitrano but the "investigation has slowed due to Mr. Mitrano's failure to cooperate." Petition For Issuance of Subpoena Duces Tecum, dated January 9, 2004, ¶ 3. (Copy attached hereto as Exhibit D). Although the New Hampshire Attorney Discipline Office asked that all records with regard to the action be sealed (*see id.*, ¶¶ 7-9), the New Hampshire Supreme Court denied that request. *See* Order dated March 25, 2004 (copy attached as Exhibit E).[2]

Defendants' counsel communicated this information to Plaintiff's local counsel Mr. Velardi the first week of April 2004. Mr. Velardi stated he was unaware of any of this information, and Defendants believe this. There is no reason to suspect that Mr. Velardi knowingly concealed information from this Court. Defendants' counsel contacted Mr. Velardi

---

[2]   Mr. Mitrano, in fact objected to sealing the file and the New Hampshire Supreme Court apparently denied the request on that basis. *See* Mr. Mitrano's Motion to Strike Petition for Issuance of Subpoena Duces Tecum, dated January 19, 2004 (excerpts attached hereto as Exhibit F).

3

prior to bringing any of this information before this Court, to provide Plaintiff an opportunity to make the initial disclosure.

On April 26, 2004, Mr. Velardi filed a document entitled "Plaintiff's Statement Related to Admission *Pro Hac Vice* of Peter Paul Mitrano as Counsel for Plaintiff" (hereinafter "Plaintiff's Statement," a copy of which is attached for ease of reference as Exhibit G). Plaintiff's Statement reveals that Mr. Mitrano was held in contempt of court in New Hampshire on three separate occasions – January 11, 2001 (the contempt citation discussed in the decision of the District of New Hampshire, Exhibit B), March 21, 2001 and December 10, 2002. Notably, Plaintiff's Statement contains no affidavit or document of any kind signed by Mr. Mitrano. Nor does it contain any explanation of Mr. Mitrano's failure to include this information as required in the original Motion for admission *pro hac vice*, or at any other time in the intervening twenty-three (23) months.

## ARGUMENT

### THIS COURT SHOULD REVOKE MR. MITRANO'S PRIVILEGE TO APPEAR *PRO HAC VICE*

**A.    The District Court Has The Authority To Revoke *Pro Hac Vice* Admission**

"Admission *pro hac vice* 'is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge.'" *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2003 U.S. Dist. LEXIS 18279, at *8 (S.D.N.Y. Oct. 14, 2003) quoting *United States v. Guitierrez*, 1994 U.S. Dist. LEXIS 15516 (S.D.N.Y. Oct. 28, 1994); *see also In Re Rappaport*, 558 F.2d 87, 89 (2d Cir. 1977) (denying defendant's request to continue to use an attorney admitted *pro hac vice* on retrial); *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957). In *Overmyer v. First Nat'l*

4

*Bank of Boston*, 750 F.2d 31, 34 (6th Cir. 1984), the court specifically addressed the revocation of a *pro hac vice* admission. There, the attorney failed to disclose certain information required by the Federal Bankruptcy Rules. On a motion by the other parties, the court, which had granted *pro hac vice* admission, revoked it. The Court of Appeals upheld the revocation, noting that the lower court was "vested with the discretion to determine if *pro hac vice* status should be granted, or as in this case, revoked." *Id.,* at 34. Here, Mr. Mitrano's failure to disclose the discipline he received (both before and after admission) as required by the Local Rules of this District provides the basis for revocation of his *pro hac vice* admission.

**B.     Revocation Is Appropriate Here**

Plaintiff's Statement confirms that Mr. Mitrano was disciplined by the New Hampshire state court on <u>two different occasions</u> in the sixteen (16) months before he sought *pro hac vice* admission before this Court. Although the Local Rules specifically required disclosure of that information at the time admission was requested, Mr. Mitrano failed to disclose it to this Court (or to his local counsel, Mr. Velardi).

Moreover, in December 2002, just six months after Mr. Mitrano was granted *pro hac vice* admission, he was again held in contempt by the state court. Local Rule 83.2(f) requires that an attorney "receiving disciplinary action against him or her" by any other state or federal court "shall promptly inform the Clerk of this Court of such action." Mr. Mitrano violated this Rule by failing to inform the Clerk, or this Court, that he held in contempt in New Hampshire after being admitted *pro hac vice*.

5

Plaintiff's Statement contains no explanation of Mr. Mitrano's failure to disclose in the original motion that he had been held in contempt.  Mr. Mitrano certainly could not have forgotten, since he initiated a lawsuit over the first contempt order in federal court, which issued its decision only five (5) months before he sought admission *pro hac vice*.  Plaintiff's Statement also does not explain why Mr. Mitrano failed to inform the Clerk and this Court when he was subsequently held in contempt.  Further, Plaintiff's Statement does not explain why Plaintiff and Mr. Mitrano waited two years, until after Defendants had uncovered that Mr. Mitrano had been disciplined, to finally disclose this information.

Instead, Plaintiff's Statement includes assertions of facts dealing with the underlying rulings by the New Hampshire court.  For example, Plaintiff's Statement notes "<u>Peter Paul Mitrano asserts</u> that there were no court orders prohibiting Peter Paul Mitrano from removing said children from the State of New Hampshire" (emphasis added) and:

> <u>Peter Paul Mitrano asserts</u> that he did in fact enter into said stipulation but stated that the same was under protest and the court then found Peter Paul Mitrano personally in contempt.

(emphasis added).

The propriety of contesting the underlying contempt finding before this Court is at the very least questionable.  Mr. Mitrano had appellate avenues open to him in New Hampshire to contest the contempt findings and this Court has no duty nor clear authority to challenge the decision of the state court.

More significantly, Plaintiff's Statement contains no supporting affidavits, or even a statement signed by Mr. Mitrano.  Even the choice of language that "Peter Paul Mitrano <u>asserts</u>

6

…" (emphasis added) calls the reliability of the statements into question.  It is well established that factual statements in a memorandum of law are not evidence.  *See e.g. Gianullo v. New York*, 322 F.3d 139, 142 (2d Cir. 2003).  Additionally, under the present Local Rule 83.1 attorneys seeking *pro hac vice* admission now must provide the required information, including details of any discipline, by affidavit.  Mr. Mitrano's failure to submit an affidavit concerning his discipline both before, and after, requesting *pro hac vice* admission is inconsistent with the Rule and the law, leaving this Court with no information from Mr. Mitrano on which this Court can rely.

What is clear from the record is that Mr. Mitrano was held in contempt repeatedly both before and after admission, and that he failed to disclose those facts to this Court.  Given the complete absence of any explanation for this violation of the Local Rules, it can only be concluded that Mr. Mitrano did so deliberately.  Certainly the Defendants would have opposed the original motion had they known the true facts.  Mr. Mitrano then compounded his deception by failing to inform the Court, as Local Rule 83.2 requires, of the subsequent contempt order and waiting another year and a half to reveal the repeated imposition of discipline.  Such deceptive conduct clearly warrants revoking his *pro hac vice* admission.

C. **Confidentiality Is No Reason To Conceal The Ongoing Disciplinary Action**

In addition to the three orders of contempt, Mr. Mitrano is involved in a further disciplinary action which has spurred litigation.  Plaintiff's Statement notes that "Mr. Mitrano asserts [the inquiry] is required to be kept confidential at this time pursuant to Section 17 of Rule 11 of the District of Columbia Bar Rules."  Mr. Mitrano should not be allowed to hide behind

those Bar Rules since he has waived any confidentiality. As the papers filed in the New Hampshire Supreme Court (Exhibits E and F) demonstrate, it was Mr. Mitrano who opposed sealing the records. By order of that court, before which the matter is pending, all records are available to the public.

As a result, this Court can properly consider all of the information before the New Hampshire Supreme Court, including the allegation that Mr. Mitrano has failed to cooperate with the District of Columbia investigation. Section 8 of the Rule 11 of the D.C. Bar Rules requires that an "attorney under investigation has an obligation to respond to Bar Counsel's written inquiries in the conduct of an investigation, subject to constitutional limitations." (Copy of Rule 11 is attached hereto as Exhibit H). Mr. Mitrano has made no constitutional claim, but relied solely on a claim of confidentiality, which he previously waived. This Court should inquire into Mr. Mitrano's failure to cooperate, as well as into the underlying allegation of misconduct.

## CONCLUSION

The record is clear that Mr. Mitrano was held in contempt of court both before and after his admission *pro hac vice* by this Court. Mr. Mitrano failed to make the required disclosure of those disciplinary actions. Only after Defendants discovered a paper trail of the contempt orders, did Plaintiff finally reveal them to this Court. Mr. Mitrano, himself, has made no statement, nor has any explanation been offered for his failure to disclose the information during the two years

this case was in litigation. This Court should revoke Mr. Mitrano's privilege to appear *pro hac vice* in this matter.

Dated: Stamford, CT
April 28, 2004

        DEFENDANTS
        MORTON G. GLICKMAN, DELCATH
        SYSTEMS INC. AND STEPHEN E. FELDMAN


By: /s/ Thomas J. Donlon
    Joseph L. Clasen, Esq. (ct04090)
    Thomas J. Donlon, Esq. (ct22839)
    e-mail: tdonlon@rc.com
    ROBINSON & COLE LLP
    Financial Centre
    695 East Main Street
    Post Office Box 10305
    Stamford, CT 06904-2305
    Telephone: (203) 462-7500
    Facsimile: (203) 462-7599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 28th day of April, 2004.

                                              /s/   Thomas J. Donlon
                                              Thomas J. Donlon