Source: Legal > Cases - U.S. > District & State Courts - By State > NH Federal District & State Courts, Combined
Terms: **name(mitrano and martin)** (Edit Search)

*2002 U.S. Dist. LEXIS 1943, **

Peter Paul **Mitrano**, Plaintiff v. Willard G. **Martin**, Jr., Defendant

Civil No. 01-153-M

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

2002 U.S. Dist. LEXIS 1943

January 22, 2002, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss granted and plaintiff's complaint dismissed for failure to state a cause of action upon which relief granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant judge moved to dismiss plaintiff parent's 42 U.S.C.S. § 1983 claim, which sought declaratory and injunctive relief, as well as damages, against a sitting New Hampshire judge who presides over the parent's child custody case.

**OVERVIEW:** The parent brought suit against the judge, seeking declaratory and injunctive relief, as well as damages under 42 U.S.C.S. § 1983, after the judge found the parent to be in contempt of for removing his two minor sons from New Hampshire to Virginia while the case was pending and without prior court permission. The parent also challenged the New Hampshire court's jurisdiction to resolve issues related to custody of his minor children. The judge moved to dismiss, which was granted because the parent's federal claims were without merit. The custody case is ongoing in New Hampshire and the federal court did not sit in review of the state court's decision. Therefore, any appeal should have been taken to the state supreme court. Furthermore, a judge has absolute judicial immunity from suit, as well as money damage liability.

**OUTCOME:** The judge's motion to dismiss was granted.

**CORE TERMS:** contempt, child custody, immunity, money damages, injunctive relief, acts complained, declaratory, memorandum, incorrect, patently, litigate, custody, ongoing, entity, federal constitutional, motion to dismiss

### LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Constitutional Law > The Judiciary > Jurisdiction
**HN1** Lower federal courts do not sit in review of state court decisions, particularly when the state proceedings are ongoing. Once a state court issues a judgment, a federal district court lacks jurisdiction to review the decision, even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN2** Claims against state actors in their official capacities are, in effect, claims against the state itself. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN3** A plaintiff cannot bring a 42 U.S.C.S. § 1983 claim for monetary damages against a state judge in his official capacity because the judge is shielded by Eleventh Amendment immunity. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Public Officials
**HN4** A state judge is entitled to absolute judicial immunity, and immunity not just from liability for money damages, but immunity from suit as well. More Like This Headnote

**COUNSEL:** PETER PAUL MITRANO, plaintiff, Pro se, Fairfax, VA.

For WILLARD G. MARTIN, JR., defendant: Andrew B. Livernois, Esq., NH Attorney General's Office, Department of Justice, Concord, NH.

**JUDGES:** Steven J. McAuliffe, United States District Judge.

**OPINIONBY:** Steven J. McAuliffe

**OPINION: ORDER**

Although acting in a pro se capacity, plaintiff is a member of both the New Hampshire and Virginia bars. He is a party to child custody litigation that has been carried on in at least three different states, see, e.g., Mitrano v. Kelly, 785 A.2d 191 (Vt. Aug. 29, 2001) (unpublished table decision), cert. denied, 122 S. Ct. 923, 151 L. Ed. 2d 887,, 70 U.S.L.W. 3463 (Jan. 22, 2002), and is currently pending in New Hampshire. In this federal suit, plaintiff seeks declaratory and injunctive relief, as well as damages, against a sitting New Hampshire judge - the judge who presides over his child custody case. See 42 U.S.C. § 1983. While it is not entirely clear from his pleadings, it seems that plaintiff's [*2] basic complaint is that the state judge found him to be in contempt of court (erroneously according to plaintiff) for removing his two minor sons from New Hampshire to Virginia while the case was pending and without prior court permission. See Exhibit Q to defendant's memorandum, Mitrano v. Kelly, No. 2000-M-0193 (N.H. Superior Ct., Family Div. at Lebanon). Plaintiff also challenges the New Hampshire court's jurisdiction to resolve issues related to custody of his minor children, and vaguely asserts that his various complaints all add up to an actionable deprivation by the judge of his federal due process rights.

Plaintiff's federal claims are without merit, as he no doubt suspects. Accepting all well-pleaded facts as true, and construing the complaint in the light most favorable to plaintiff, his claims are that the New Hampshire Superior Court has incorrectly determined its own jurisdiction over the custody issues pending before it; that this court should declare the state judge wrong in finding plaintiff in contempt of the state court; that the state contempt finding violated his federal constitutional rights; that this court should enjoin the state court from violating [*3] federal law; and, that money damages should be awarded against the state judge (though plaintiff makes clear that he is suing the judge only in his "official capacity").

Extensive analysis and discussion are not warranted. Plaintiff is a trained attorney and presumably knows, or certainly should know, that his claims are nonstarters. Briefly, the New Hampshire Superior Court's exercise of jurisdiction over his child custody case, whether legally correct or incorrect, and its order finding him in contempt of that court, whether legally correct or incorrect, are matters which he can fully litigate in the state courts -- appeals lie in the New Hampshire Supreme Court and, if cognizable federal issues warrant it, in the United States Supreme Court. **HN1** Lower federal courts, however, do not sit in review of state court decisions, particularly when the state proceedings are ongoing, as is the case

here. See, e.g., District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923); Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25, 95 L. Ed. 2d 1, 107 S. Ct. 1519 (1987) [*4] (Marshall, J., concurring); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990). Once a state court issues a judgment, a federal district court lacks jurisdiction to review the decision, even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings. See Young v. Murphy, 90 F.3d 1225, 1231 (7th Cir. 1996). (Plaintiff here apparently did seek a form of interlocutory appellate relief in the New Hampshire Supreme Court, but relief was denied.)

Plaintiff's complaint stresses that he sues the state judge only in his official capacity (Complaint, Para. 10), yet seeks money damages. As plaintiff surely knows, HN2 claims against state actors in their official capacities are, in effect, claims against the state itself. See Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 416 (1st Cir. 1998) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' . . . An official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")(quoting Kentucky v. Graham, 473 U.S. 159, 165, 87 L. Ed. 2d 114, 105 S. Ct. 3099 (1985)). [*5] Consequently, HN3 plaintiff cannot bring a § 1983 claim for monetary damages against the state judge in his official capacity because the judge is shielded by Eleventh Amendment immunity.

Moreover, of course, HN4 the state judge is entitled to absolute judicial immunity, and immunity not just from liability for money damages, but immunity from suit as well. See Mireles v. Waco, 502 U.S. 9, 116 L. Ed. 2d 9, 112 S. Ct. 286 (1991). All of the acts complained of by plaintiff were unarguably taken by the defendant judge in his judicial capacity (i.e., determining the court's jurisdiction, exercising jurisdiction, and finding plaintiff in contempt of court), and none of the acts complained of was taken in the complete absence of all jurisdiction (the Family Court Division of the Superior Court obviously has subject matter jurisdiction over family law issues, such as child custody). See Stump v. Sparkman, 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978).

And, of course, the Younger abstention doctrine plainly precludes granting the declaratory or injunctive relief plaintiff seeks in this case. See Younger v. Harris, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971); [*6] Chaulk Services Inc. v. Mass. Comm'n Against Discrimination, 70 F.3d 1361, 1368 (1st Cir. 1995). Plaintiff is, again, fully able to litigate his jurisdictional theories, claims of innocence regarding the contempt finding, and federal constitutional issues in the ongoing state proceedings.

For the reasons given, and those advanced by the Attorney General in his memorandum in support of defendant's motion to dismiss, defendant's motion to dismiss (document no. 5) is granted and plaintiff's complaint is hereby dismissed for failure to state a cause of action upon which relief can be granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe

United States District Judge

January 22, 2002

Source: Legal > Cases - U.S. > District & State Courts - By State > **NH Federal District & State Courts, Combined**

Terms: **name(mitrano and martin)**  (Edit Search)
View: Full
Date/Time: Monday, April 26, 2004 - 10:08 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.