# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

PETER PAUL MITRANO )
4912 Oakcrest Drive )
Fairfax, Virginia 22030, )
 )
         Plaintiff, )
 )
versus ) Civil Action No. C01-153-M
 )
THE HONORABLE )
WILLARD G. MARTIN, JR., )
 )
         Defendant. )

## COMPLAINT
(Declaratory Judgment Act)

Plaintiff, Peter Paul Mitrano, *pro se*, states his Complaint as follows:

**Count I**
(Civil Rights Action for Interfering with Right to Travel)

1. This is an action pursuant to the Civil Rights Act, Title 42 of the United States Code, Section 1983, and Title 28 of the United States Code, Section 1343, seeking redress for the deprivation of the plaintiff's rights by the defendant, the Honorable Willard G. Martin, Jr., a Judge in the State of New Hampshire, Judicial Branch, Family Division, Grafton County, under the Constitution of the United States and more particularly the Commerce Clause, the Privileges and Immunities Clause of article IV, the fourteenth amendment, and the Due Process Clause of the fourteenth amendment; plaintiff seeks declaratory and injunctive relief.

1

2.   This Court has subject matter jurisdiction in this action by virtue of Title 28 of the United States Code, Section 1343(a)(3) and Section 1343(a)(4), authorizing jurisdiction of claims brought under Title 42 of the United States Code, Section 1983 to enforce rights guaranteed by the United States Constitution, and by virtue of Title 28 of the United States Code, Section 1331.

3.   This Court also has subject matter jurisdiction in this action over plaintiff and defendant pursuant to Title 28 of the United States Code, Section 1332 in that the plaintiff and said defendant are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum specified in Title 28 of the United States Code, Section 1332.

4.   This Court has proper venue in this action pursuant to Title 28 of the United States Code, Section 1391.

5.   This is an action for declaratory judgment and injunctive relief brought pursuant to Title 28 of the United States Code, Section 2201 and Section 2202.

6.   This action is the result of an extraordinary invasion of plaintiff's constitutional rights.

7.   Plaintiff Peter Paul Mitrano, *pro se*, is a resident of the Commonwealth of Virginia and resides at 4912 Oakcrest Drive, Fairfax, Virginia 22030.

8.   Defendant the Honorable Willard G. Martin, Jr., based upon information and belief is a resident of the State of New Hampshire and resides in the State of New Hampshire.

9. At all times relevant herein, defendant has acted and will continue to act in his official capacities and under color of state law.

10. The defendant in this action is sued only in his official capacities.

11. The plaintiff has a fundamental right to travel interstate within the United States of America.

12. The defendant is holding the plaintiff in contempt of court for moving out of the State of New Hampshire and/or for not requesting the defendant's permission prior to moving out of the State of New Hampshire.

13. The defendant has unjustly interfered with plaintiff's fundamental right to travel interstate within the United States of America.

14. The defendant is not entitled to judicial immunity because the plaintiff is seeking declaratory relief and injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522 (1984).

15. The facts stated in more detail are that plaintiff, Peter Paul Mitrano, moved with his two sons (then ages 8 and 13) at the end of the day of December 20, 2000 to the Commonwealth of Virginia from the State of New Hampshire and the defendant ruled from the bench on January 10, 2001 that Peter Paul Mitrano was in contempt of court for moving out of the State of New Hampshire (the Court later ruled in a written order that Peter Paul Mitrano was in contempt for not requesting the court's permission prior to moving); Peter Paul Mitrano was not required to give notice prior to moving to the Commonwealth of Virginia, the State that issued a certain initial custody order in effect at the time that states that the "minor children of the parties shall

reside primarily with Peter"; Peter Paul Mitrano has a constitutional right and freedom to travel; Peter Paul Mitrano and his children are not wards of the State of New Hampshire; Peter Paul Mitrano was not required to request defendant's permission prior to moving to the Commonwealth of Virginia from the State of New Hampshire.

16. The lawlessness of the defendant in ruling that plaintiff is in contempt of court is clearly contrary to the established precedent and amounts to a violation of plaintiff's constitution rights.

17. The defendant failed to provide any notice whatsoever or any manner of due process to plaintiff prior to holding plaintiff in contempt of court; this is another violation of plaintiff's constitutional rights including but not limited to the right of procedural due process and equal protection under the law.

18. A dispute has arisen between plaintiff and defendant as to whether plaintiff is in contempt of court for moving with his two sons to the Commonwealth of Virginia from the State of New Hampshire.

19. An actual existing and bona fide controversy exists between the plaintiff and defendant as to whether plaintiff is in contempt of court for moving with his two sons to the Commonwealth of Virginia from the State of New Hampshire.

20. In order to facilitate plaintiff's future plans of actions and inactions, the future dealings with the defendant, and plaintiff's concerns over the expenses of proceeding forward including but not limited to legal fees, loss

of opportunities, costs of litigation, loss of time and resources, loss of income, etc., the plaintiff requests that a decision be made by this Court as to the merits of the violations of plaintiff's rights.

21.   Any and all necessary conditions precedent to the bringing of this action have occurred, abided or been waived.

22.   WHEREFORE, the plaintiff, Peter Paul Mitrano, *pro se*, respectfully seeks a declaration and determination that defendant denied plaintiff procedural due process in finding plaintiff in contempt of court and also that plaintiff is not in contempt of court for moving with his two sons to the Commonwealth of Virginia from the State of New Hampshire and that this Honorable Court grant such other and further relief to which the plaintiff may be entitled under the provisions of said Declaratory Judgment Act, or which may be proper in favor of the plaintiff including attorney's fees and costs.

**Count II**
(Civil Rights Action for Determination as to Lack of Subject Matter Jurisdiction)

23.   The plaintiff hereby incorporates the above-stated paragraphs numbered 1 through and including 21 as though fully set for the herein.

24.   This count is limited to the issue of whether the defendant had subject matter jurisdiction in order to determine whether or not the defendant acted in clear absence of all jurisdiction.

25. The Commonwealth of Virginia clearly had jurisdiction pursuant to Title 28, United States Code, Section 1738A at the time a certain custody order dated September 4, 1992 was issued.

26. Title 28, United States Code, Section 1738A states in pertinent part that:

> "(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State."

27. The defendant issued an unlawful order on or about January 3, 2001.

28. Said order dated on or about January 3, 2001 was issued contrary to the provisions of Title 28 of the United States Code, Section 1738A.

29. The defendant lacked subject matter jurisdiction to issue said order dated on or about January 3, 2001.

30. The defendant has acted in clear absence of all jurisdiction in the issuance of said order dated on or about January 3, 2001 and in finding the plaintiff in contempt in a hearing on January 10, 2001 related to said order dated on or about January 3, 2001.

31. The defendant is deprived of immunity as a result of acting in clear absence of all jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356-357 (1978).

32. WHEREFORE the plaintiff, Peter Paul Mitrano, *pro se*, respectfully seeks a declaration and determination of his respective rights, duties,

liabilities, responsibilities and legal relations as to whether the defendant had subject matter jurisdiction when the defendant found plaintiff in contempt of court and that the judgment or decree herein contain a determination or declaration that permanently enjoins and restrains the defendant, his agents, assistants, successors, employees, attorneys and all persons acting in concert or cooperation with him or at his direction from violating the federal law contained in Title 28, United States Code, Section 1738A and grant such other and further relief to which the plaintiff may be entitled under the provisions of said Declaratory Judgment Act, or which may be proper in favor of plaintiff including attorney's fees and costs.

**Count III**
(Declaration and Determination that Plaintiff is Entitled to Monetary Damages)

33. The plaintiff hereby incorporates the above-stated paragraphs numbered 1 through and including 21 and the above-stated paragraphs numbered 24 through and including 31 as though fully set for the herein.

34. Plaintiff seeks a declaration and determination that plaintiff is entitled to monetary damages from the defendant.

35. Plaintiff is entitled to monetary damages from the defendant because the defendant acted in clear absence of all jurisdiction.

36. WHEREFORE the plaintiff, Peter Paul Mitrano, *pro se*, respectfully seeks a declaration and determination of his respective rights, duties, liabilities, responsibilities and legal relations and that the judgment or decree

herein contain a determination or declaration that holds that plaintiff is entitled to monetary damages from the defendant and grant such other and further relief to which the plaintiff may be entitled under the provisions of said Declaratory Judgment Act, or which may be proper in favor of plaintiff including attorney's fees and costs.

Respectfully submitted,

*/s/ Peter P. Mitrano*

Peter Paul Mitrano
*Pro se*[1]
4912 Oakcrest Drive
Fairfax, Virginia 22030
(703) 591-7250

Plaintiff

Dated: April 30, 2001.

---

[1] Peter Paul Mitrano is a member of the bar of the Commonwealth of Virginia. His Virginia bar number is 17095. Peter Paul Mitrano is also a member of the bar of the State of New Hampshire. His New Hampshire bar number is 9444.