UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
|     Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
|     Defendants. | : | MAY 7, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems, Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly "Defendants") submit this memorandum of law in opposition to the motion of Plaintiff Frank J. Sever, Jr. ("Sever") for sanctions dated April 28, 2004. Sever has filed a baseless and unjustified motion. Defendants have fully complied with all of this Court's discovery Orders. In particular, as Sever's counsel was informed before this motion was filed, Defendants have produced those portions which they possess of the application for the second option involving a non-compressible fluid. Therefore, Defendants respectfully request this Court to impose costs on Sever and his counsel pursuant to Fed. R. Civ. P. 37(a)(4) for the time wasted responding to this groundless motion.

**BACKGROUND**

Sever's motion seeks sanctions ostensibly for "Failure to Comply With This Court's Order Dated February 10, 2004."[1] (Motion For Sanctions dated April 28, 2004, ¶1). (A copy of the Order is attached hereto for ease of reference as Exhibit 1). The Order deals with documents

---

[1] The Order that Sever cites is actually dated February 9, 2004. It was entered on the docket February 10, 2004.

which Defendants had previously withheld pending entry of a confidentiality order. The Order states: "[b]ecause the court has entered a protective order in this matter, the plaintiff's second motion to compel is GRANTED with respect to the <u>documents that defendants contend are confidential.</u>" Exhibit 1 (emphasis added). As noted in Defendants' Supplemental Memorandum In Opposition To Plaintiff's Second Motion To Compel, <u>only six documents</u> had been withheld on this basis. Pursuant to this Court's Order, all six of those documents were produced on February 13, 2004. (A copy of the forwarding cover letter is attached hereto as Exhibit 2). Thus, Defendants fully complied with this Court's Order.

On April 26, 2004, Sever's counsel, Mr. Mitrano, left a voicemail for Defendants' counsel, Mr. Donlon, stating the intention to file a motion for sanctions. Mr. Mitrano indicated the basis for this proposed motion was Defendants' failure to produce the application that Sever prepared in 1997 for what is referred to as the "second design option." That application involved what Sever described as the use of "a *sealed* chamber containing only a substantially *non-compressible fluid*) (i.e. a liquid fluorocarbon)…"[2] Sever Facsimile to Feldman dated May 22, 1997 (emphasis in original) (copy attached hereto as Exhibit 3).

By return voicemail, on April 27, 2004, Mr. Donlon communicated that Defendants had fully complied with this Court's Order and that if Mr. Mitrano filed such a motion, Defendants would seek sanctions for the costs of replying to such an unwarranted motion. On April 27, 2004, Mr. Mitrano left another voicemail asking for clarification. Mr. Donlon replied the same day, explaining that Defendants had produced the only portions of the application, concerning

---

[2] The application is also referred to in correspondence of the summer of 1997 as the Telescoping Frame - Incompressible fluid. *See e.g.,* Letter from Feldman to Jonathan Foltz of Delcath dated June 6, 1997, attached to Affidavit of Jonathan Foltz dated April 23, 2004 (the "Foltz Affidavit") attached hereto as Exhibit 4.

the second option involving a non-compressible fluid concept, that had been found in their files (i.e. the drawings of the concept).[3]

Following this exchange of voicemails, there was an exchange of letters between counsel. Mr. Mitrano wrote on April 27, 2004, apparently before Mr. Donlon's second voicemail message, asking whether Defendants would produce the application for the second option involving a non-compressible fluid. (Copy of letter attached hereto as Exhibit 5). Mr. Donlon replied by letter dated April 28, 2004 (sent by Federal Express since Mr. Mitrano has no facsimile number). (Copy attached hereto as Exhibit 6). Mr. Donlon's letter explained again that Defendants' files only contain the drawings which already had been produced, not the complete application. Mr. Donlon's letter also pointed out that Defendants' had never asserted that documents related to that application were confidential, nor withheld any such documents on that basis.

Mr. Mitrano also sent a letter on April 28, 2004 which referenced both of Mr. Donlon's voicemails. (copy attached hereto as Exhibit 7). Mr. Mitrano's letter apparently crossed in the mail with Mr. Donlon's, which was delivered by Federal Express on April 29, 2004. (Copy of Federal Express delivery receipt attached hereto as Exhibit H). Thus, Sever's counsel was well aware from both voicemails and written correspondence that no documents had been withheld.

Notwithstanding Defendants' explanation that all documents they possessed regarding the application for second option involving a non-compressible fluid, had been previously produced and that such application had never been withheld as confidential, Sever and his counsel still filed the present motion.

---

[3] Summary of these voicemails appear in Mr. Mitrano's letter dated April 28, 2004. (Exhibit 7).

# ARGUMENT

## I.

## SANCTIONS AGAINST DEFENDANTS ARE NOT JUSTIFIED

Local Rule 37(a)(2) requires that counsel consult with opposing counsel before filing a motion under Fed. R. Civ. P. 37. The clear purpose of this rule is to avoid needless motion practice. Local Rule 37(a)(2) further requires that any discovery motion include, "an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement, the issues raised by the motion without the intervention of the Court…" Notably, there is no affidavit accompanying Sever's present motion. On this basis alone Sever's motion should be dismissed, particularly where the issue was resolved.

Sever's motion, however, must also be denied on substantive grounds. The motion is predicated on a failure to comply with this Court's February 9, 2004 Order concerning confidential materials. However, as Defendants explained (before the present motion was filed) documents related to the application for second option involving a non-compressible fluid were never withheld on the basis of confidentiality. Defendants only claimed that six documents fell into this category and Defendants produced all six documents within three days of this Court's Order.[4] *See* Exhibit 2. Defendants, therefore, fully complied with this Court's Order, which did not even pertain to the application on which Sever focuses his motion.

With regard to the application for the second option involving a non-compressible fluid, neither Delcath nor Mr. Feldman retained a complete copy. As Mr. Jonathan Foltz explains in his attached affidavit, that application was forwarded to him for Delcath's review by Mr.

---

[4] Defendants' Privilege Logs sent to Mr. Mitrano on July 28, 2003, also do not list the application as a document withheld on privilege grounds.

Feldman's letter of June 6, 1997. Foltz Affidavit. ¶4. Upon review, Delcath determined it was not interested in pursuing the concept. Foltz Affidavit, ¶7. *See also* Letter of Feldman to Foltz dated July 30, 1997 confirming that Delcath "has no further interest in the telescoping catheter introducer with the non-compressible fluid between the outer and inner walls." (Copy attached as Exhibit 9). Thereafter, there was no reason for Delcath (or Mr. Feldman) to retain the complete application. *See* Foltz Affidavit, ¶¶7-8.

However a portion of the application for the second option involving a non-compressible fluid – the drawings - were found during the review of records for discovery. Foltz Affidavit ¶¶5, 8. A patent application is made up of three elements: (1) a specification; (2) drawings, and (3) an oath. *See* 35 U.S.C. § 111; *see also* 37 CFR 1.51. Drawings are a very important part of an application since an "invention exists most importantly as a tangible structure or a series of drawings. A verbal portrayal is usually an afterthought written to satisfy the requirements of patent law." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.* 535 U.S. 722, 731 (2002); *see also* 35 U.S.C. § 113.

There are two drawings, Exhibits A and B to the Foltz Affidavit. These were previously produced to Sever's counsel.[5] The drawings were also listed as exhibits in Defendants' Submissions To The Joint Trial Memorandum (both that dated February 9, 2004 and that dated March 15, 2004). The drawings, although similar, have distinct differences from the drawing in the patent for Dr. Glickman's Catheter Flow and Lateral Movement Controller invention. (Copy of excerpt with drawings attached hereto as Exhibit 10.) For one thing, the drawings from the application for the second option involving a non-compressible fluid have additional numbers which would correspond to the written specification in the missing portion of the application.

---

[5] Exhibit A was produced first with documents on October 23, 2003 and then a second copy was produced on February 5, 2004. Exhibit B was discovered and produced subsequently.

On Exhibit A, the additional numbers 41 and 42 appear, while on Exhibit B, the additional numbers 41, 42, 43, 45 and 46 appear. Careful comparison of the drawings from the patent for Dr. Glickman's invention (Exhibit 10) and those from the application for the second option involving a non-compressible fluid (Foltz Affidavit Exhibits A and B), reveals further, less obvious differences in the actual drawings.

Sever and his counsel have colorfully referred to the application for the second option involving a non-compressible fluid as the "phantom application." There is no phantom. Sever and his counsel have had portions of the actual application for months. Mr. Sever, as the original author of that application, would be well familiar with the drawings.[6] There can be no basis for sanctions for failure to produce documents (even apart from the fact they fall outside this Court's February 9, 2004 Order) where Defendants have produced all the relevant documents they possess.

Sever and his counsel ignored the document production they received, as well as the messages and correspondence from Defendants' counsel explaining that all documents in Defendants' possession have been produced. Sever offers no contradictory evidence, or even any basis for contending that Defendants have withheld requested documents. In fact, most of Sever's Memorandum of Law In Support of Plaintiff's Motion For Sanctions dated April 28, 2004, consists of a hypothetical argument to explain why the second option involving a non-compressible fluid would not have worked. Of course Sever offers no support for these ruminations. There is no affidavit or other evidence attached to the memorandum to support this discussion, making it worthless to this Court. *See Giannullo v. New York*, 322 F. 3d. 139, 142 (2d Cir. 2003) (factual statements in a memorandum of law are not evidence).

---

[6] Interestingly, Sever's Memorandum of Law In Support dated April 28, 2004 contains a footnote which seems to admit that other portions of the application did exist: "[n]ote that the claim that Sever drafted to describe his second option in the respective Sever facsimiles ..." p. 3 n. 4.

6

Moreover, the potential effectiveness of the second option involving a non-compressible fluid is not the issue. (Delcath questioned in 1997 whether it would work). The only relevant point in this litigation is whether Sever produced such an application after his May 1997 facsimile. As to that fact, there can be no dispute. Sever is bound by his judicial admission in paragraph 21 of the Complaint that he "reduced the second option to a patent application (hereinafter sometimes referred to as "the application") with intent of filing it on his own behalf." *See Official Comm. of Unsecured Creditors of Color Tile v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003). Sever cannot offer evidence or argument denying that he prepared this application dealing with the second option. *See* Wright & Miller FEDERAL PRACTICE AND PROCEDURE §7026 ("a judicial admission is binding upon the party making it; it may not be controverted at trial or on appeal.")

Sever has shown absolutely no basis for the imposition of sanctions against Defendants and Sever's Motion should be denied.

## II.

### SANCTIONS AGAINST SEVER AND HIS COUNSEL ARE JUSTIFIED

Fed. R. Civ. P. 37(a)(4)(B) permits a court "[i]f the motion [to compel discovery] is denied, the court may…require the moving party or the attorney filing the motion, or both of them, to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees…" Local Rule 37(a)(4) states "[w]here a party has sought discovery…and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions will be imposed in accordance with applicable law."

Sanctions in the form of costs and attorney's fees are certainly appropriate here. The objective of Fed. R. Civ. P. 37(a) is to prevent the "delay and costs to other litigants caused by the filing of groundless motions." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999); *see also Omega Engineering v. Omega S.A.*, 2001 U.S. Dist. LEXIS 2016 at *18 - *20 (D. Conn. February 6, 2001) (Rule 37(a) does not require finding of bad faith before awarding attorney's fees). Here Sever's motion was not only groundless, it failed to comply with this District's Local Rules.

Prior to the filing of this motion, Defendants' counsel had informed Sever's counsel, both orally and in writing, that Defendants' did not have a complete copy of Sever's 1997 application for the second option involving a non-compressible fluid and that they had already produced those portions found in their files. Nonetheless, Sever's Memorandum of Law In Support states "plaintiff particularly seeks production of the patent application, referenced by defendant Feldman in his letter dated June 6, 1997 to Jonathan Foltz…" (p. 2). To move to compel production of a document that Defendants do not have is the height of futility.

Sever and his counsel provide no reason to this Court to misbelieve Defendants' counsel's truthful representations. In fact, Sever and his counsel do not even inform this Court that such representations were made (although Mr. Mitrano referred to them specifically in his letter of April 28, 2004, Exhibit 7). Simply ignoring this information makes a travesty of this District's Local Rule 37(a)(2) requiring counsel to confer prior to filing any motion to compel.

Sever and his counsel cannot *sub silentio* assume that opposing counsel are not telling the truth. As the Second Circuit observed in *Litton Systems v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983), "there is no doubt that attorneys as officers of the court must operate on an honor system." At the very least, Sever and his counsel had a responsibility to communicate

8

Defendants' counsel's response, that the document sought was not in Defendants' possession, to this Court.

The absence of such information highlights another item which makes sanctions even more appropriate here. Local Rule 37(a)(2) required that Mr. Mitrano, as counsel making the motion, submit an affidavit concerning good faith efforts to resolve the discovery issues. Mr. Mitrano did not submit such an affidavit. Courts in this District have stressed the importance of this affidavit. *See e.g. Travelers Property & Casualty Ins. Co. v. Triton Marine Construction*, 2004 U.S. Dist. LEXIS 2389, at *4 (D. Conn. February 13, 2004) (denying award of costs under Fed. R. Civ. P. 37 in part for filing an unsworn, rather than the required sworn affidavit.); *Messier v. Southbury Training School*, 1998 U.S. Dist. LEXIS 20315, at *8 - *9 (D. Conn. December 2, 1998). An affidavit in this instance would have revealed that the motion for sanctions was groundless, but Mr. Mitrano cannot attempt to avoid an adverse decision by failing to comply with the Local Rules.

Attorney's fees are a recognized form of sanctions under Rule 37. *See e.g. Sterling Promotional v. General Accident Ins. Co.*, 86 Fed. Appx. 441, 445 (2d Cir. 2004). In the appropriate case they may be imposed upon both the party and the counsel. *See e.g. Powers v. General Computer Corp.*, 1999 U.S. Dist. LEXIS 24375 at *8 - *10 (2d Cir. 1999). Here the sanctions of attorney's fees for being forced to respond to this groundless motion should be imposed on both Sever and Mr. Mitrano. Mr. Mitrano failed to fulfill his obligations under the Local Rules to submit the required affidavit and proceeded with a motion to compel production of a document he knew Defendants did not possess. Sever was a full participant in the baseless motion and improper memorandum. Therefore, this Court should award attorneys fees, and any

other appropriate sanction, against both Plaintiff Frank Sever and his counsel, Peter Paul Mitrano.

## CONCLUSION

The motion for sanctions filed by plaintiff Sever and his counsel is an abusive waste of time. Sever moves for sanctions for failure to produce a document that Defendants do not have in its entirety and have already produced those portions of which they possess. Sever's counsel was informed of this before he filed the present motion. The motion invokes a prior Order of this Court that does not even apply to the document they describe. Sever and his counsel violated the Local Rules of this District which are intended to avoid just this kind of worthless exercise. For all these reasons Plaintiff Sever's motion for sanctions should be denied. In addition, as a sanction under Fed. R. Civ. P. 37(a)(4)(B), both Sever and his counsel should be required to pay Defendants' attoney's fees to respond to this groundless motion, along with any other sanction this Court deems appropriate.

Dated: Stamford, CT
      May 7, 2004

                    DEFENDANTS
                    MORTON G. GLICKMAN, DELCATH
                    SYSTEMS INC. AND STEPHEN E. FELDMAN


                    By:  /s/    Thomas J. Donlon
                         Joseph L. Clasen, Esq. (ct04090)
                         Thomas J. Donlon, Esq. (ct22839)
                         e-mail:  tdonlon@rc.com
                         ROBINSON & COLE LLP
                         Financial Centre
                         695 East Main Street
                         Post Office Box 10305
                         Stamford, CT  06904-2305
                         Telephone:  (203) 462-7500
                         Facsimile:  (203) 462-7599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 7th day of May, 2004.

    /s/    Thomas J. Donlon
Thomas J. Donlon