*Law Offices*
*Peter Paul Mitrano*

Peter Paul Mitrano
ADMITTED AS AN ATTORNEY
IN MASSACHUSETTS,
NEW HAMPSHIRE, VIRGINIA
AND WASHINGTON, D.C.

REGISTERED PATENT ATTORNEY
BEFORE THE UNITED STATES
PATENT AND TRADEMARK OFFICE

REGISTERED PROFESSIONAL
ENGINEER ONLY IN VIRGINIA

Suite 201
581 Boylston Street
Boston, Massachusetts 02116

(617) 236-5655

April 28, 2004

Joseph L. Clasen, Esquire and
Thomas Donlon, Esquire
Robinson & Cole LLP
Financial Centre
695 East Main Street
Post Office Box 10305
Stamford, Connecticut 06904-2305

       Re: *Sever v. Glickman et al.*; Civil Action
          No. 3:02cv722 (AVC) pending at
          Hartford, Connecticut

Dear Gentlemen:

  This letter is to confirm that on April 27, 2004 you left a message that stated in part that:

> ". . . We have produced those portions of the application that were in the files of the defendants with regard to the telescoping frame incompressible fluid, that is the drawings that were part of the application . . . that the other portions of the application no copy has been found in the files of the defendants . . . ."

This letter is also to confirm that prior to leaving the above-stated message on April 27, 2004, you also left a message on April 27, 2004 that I referred to in my letter to you dated April 27, 2004 that stated in part that:

> ". . . We have fully complied with the Court's order and produced all of the discovery information in this case . . . should you file a motion seeking sanctions . . . we will request sanctions against you . . . ."

Joseph L. Clasen, Esquire  
April 28, 2004

Page 2

    I am confused as to how you have previously relied upon said phantom application when you now state (except for the alleged drawings) that "no copy has been found in the files of the defendants". For example, in your Defendants' Submissions to Joint Trial Memorandum dated February 9, 2004 on page 4, you state in part that:

> ". . . The other approach was a modification of the controller concept that incorporated the use of an incompressible fluid and was referred to as the telescoping frame.
>
> "Mr. Sever subsequently prepared a draft application for the telescoping frame concept, which he asked Mr. Feldman to forward to Delcath. After review, in July 1997, Delcath informed Mr. Feldman they were not interested in the telescoping frame concept and Mr. Feldman so informed Mr. Sever . . ."

You also have stated on page 7 of Defendants' Local Rule 56(a)1 Statement of Material Facts as to Which There are no Genuine Issues to be Tried Warranting a Grant of Summary Judgment in Defendants' Favor dated April 10, 2003 in part that:

> "34. Sever subsequently sent Feldman a draft patent application for the incompressible fluid concept . . .
>
> "35. At Sever's urging, Feldman forwarded the draft patent application for the incompressible fluid concept to Delcath in June, 1997 . . . ."

Sincerely,

Peter Paul Mitrano