# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT
## Hartford

| | |
|---|---|
| FRANK SEVER, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:02cv722 (AVC) |
| MORTON G. GLICKMAN, et al., | ) Date of this Pleading: May 24, 2004 |
| Defendants. | ) |

**FILED 2004 MAY 24 A 9:35 U.S. DISTRICT COURT HARTFORD**

### Plaintiff's Reply to Defendants' Opposition
### to Plaintiff's Motion for Sanctions

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Sanctions[1] as follows:

The defendants have relied upon a phantom application that the defendants have failed to provide to plaintiff. Moreover, *arguendo*, as Sever explained on pages 11 and 12 in his motion for sanctions (which the defendants failed to address) said phantom application would describe an inoperable device. When finally pressed by Sever's motion for sanctions, defendants then disclosed that the defendants cannot produce said phantom application, but instead the defendants state the defendants can allegedly

---

[1] Pursuant to the Rules of the United States District Court for the District of Connecticut, plaintiff respectfully requests oral argument.

1

produce only two separate sets of drawing purporting to by drawn to the phantom application, which the defendants did not explain (e.g., defendants have not produced text describing either set of drawings). In passing, also note that the defendants again attempted to provide documents to Sever out of time through their letter to Sever's counsel dated May 14, 2004 which states in part that:

> "Enclosed please find two documents which are responsive to your earlier request for production. These two documents were just found in a box of old files unrelated to either this case or to Mr. Sever's work for Delcath in 1997. You will note the second document is a continuation of the document listed number twelve of Defendant's Exhibits in the Joint Trial Memorandum. These two documents are not designated as CONFIDENTIAL."  (All emphasis in quoted text.)

In response to comments at bottom of page 5 of defendants' opposition that: "With regard to the application for the second option involving a non-compressible fluid, neither Delcath nor Mr. Feldman retained a complete copy;" the foregoing comment begs a host of questions about defendants' failure to retain documents. For instance: why would the defendants retain only a copy of the drawing[s], and fail to retain the description to the drawing[s], or any other part of the application for that matter?  Further, why are there two separate versions of the drawing included as an exhibit with defendants' opposition, e.g., the drawing including FIG. 7 and FIG. 8; and, the drawing including only FIG. 8A sent separately to Sever's counsel?  Why did no one among Feldman's office, Glickman's office and, Delcath Corporation make a

copy of the phantom application and/or retain a copy of the phantom application?

In response to defendants' comment on the middle of page 5 of the defendants' opposition that: "'A verbal portrayal is . . . written to satisfy the requirements of patent law.' *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.* 535 U.S. 722, 731 (2002);" note that it is well known that patent law requires a detailed written description of the invention including an explanation of the drawings. The facts remain that: (1) since about the beginning of this proceeding, defendants have relied upon the phantom application drawn to a slight variation of Mort Glickman's lateral movement controller as the centerpiece of their entire defense; (2) they have produced only two sheets of drawings which they claim are a part of the phantom application; e.g., the only part that defendants can "find in their files"; (3) the drawings appear to be separate and distinct renditions of the same "concept"; compare at least, FIG. 8A of the one drawing, to FIG. 7 on the other; and, (4) the drawings that defendants finally produced, were not accompanied with written text describing them or explaining how they operated (suggesting that defendants cannot, or will not, explain their version of the second option to this Court, but instead attempt to attribute creation of the phantom application to Sever). On the other hand, in his motion for sanctions, at page 3, *et seq.* Sever has presented his version of the second option. The Court will note that Sever's version of the second option is completely consistent with the descriptions of it in both of the Sever facsimiles. Moreover, the claim[s] in both of Sever's

3

facsimiles that he drafted to describe the second option cannot be logically read on the drawings.

In reference to defendants' allegation at lower half of page 5 of the defendants' opposition that: "There are two drawings, Exhibits A and B to the Foltz Affidavit. These were previously produced to Sever's counsel;" note that some of the drawings were produce to Sever's counsel for the first time at the end of April 2004.

In contradiction to footnote 6, at bottom of page 6 of the defendants' opposition that: "Interestingly, Sever's Memorandum of Law In Support dated April 28, 2004 contains a footnote which seems to admit that other portions of the application did exist: '[n]ote that the claim that Sever drafted to describe his second option in the respective Sever facsimiles ...' p. 3 n. 4.;" the claim that as stated in said Sever facsimiles was drafted to describe the second option (omitting any reference to a telescoping frame), represents the limit to which Sever pursued the second option. Furthermore, in both Sever facsimiles, Sever states:

> ". . . The first is the arrangement which includes the telescoping member, on which I have already drafted an application. The second design proposal can be best be illustrated by the following claim language:
>
> . . .
>
> "Although **I could probably think of other design changes, the two which I have so far offered** would seem to be the best." (Bold emphasis added).

Sever would respectfully submit to this Court that the foregoing statement[s] as well as the argument preceding them are patently **consistent**

4

with the contention that Sever conceived of both the first option and the second option disclosed in both SEVER FAXES; and, patently **inconsistent** with the contention that the second option is merely a "slight variation" of "Mort Glickman's Lateral Movement Controller with an incompressible fluid between the walls."

In reply to arguments at top of page 7, re: "Sever is bound by his judicial admission...;" See *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) ("A court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission.") (Footnote omitted.); *Western World Insurance Co. v. Stack Oil Inc.*, 992 F.2d 118 (2nd Cir. 1990) (by implication) ("[Defendant] at no time moved to amend its amended answer and it does not now claim fraud or mistake."); *Coal v. Gonse*, 330 F.2d 997 n. 1 (4th Cir. 1964), "Of course, even a judicial admission does not always foreclose a different position. If the District Court, convinced that an honest mistake had been made, the original allegation was untrue and that justice required relief, it may, in its discretion, relieve the party of its otherwise binding consequence. See 9 *Wigmore on Evidence*, § 2588, et seq."; *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995), cert. denied 516 U.S. 861 (1995) ("Where, however, the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight."). Here, defendants' contention of "judicial admission" fails for two reasons. First, this Court has never held that

5

Sever's statement at paragraph numbered 21 of the Complaint that he "reduced the second option to a patent application with intent of filing it on his own behalf," was a judicial admission. Secondly, Sever has demonstrated in the record that the statement is obvious error on the face of the complaint, e.g., the inadvertent references to the second option is contradicted by the description of the first option pleaded in paragraph numbered 17 of Sever's original complaint as well as the description of the first and second options in both of Sever's facsimiles.

In response to defendants' comments at middle of page 8 of the defendants' opposition that: "To move to compel production of a document that Defendants do not have is the height of futility", Sever respectfully directs the attention of this Court to the following: (1) defendants' reliance on the phantom application as the centerpiece of their defense throughout this proceeding; (2) the defendants all the while knew the defendants did not have the phantom application and could not produce it; and, (3) they now, at the eleventh hour admit that they do not have it. In the case of *In re Riggs*, 240 F.3d 668, 670 (7th Cir. 2001), the court stated in part that:

> "At least one of Riggs' proffered explanations, moreover, is unbelievable. 'I lost some computer disks is the modern equivalent of 'the dog ate my homework.' . . ."

Also see *Lowe v. McGraw-Hill Company, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("This 'the dog ate my homework' defense was no defense at all"). Also see *United States v. Graham*, 102 F.2d 436, 443 (2nd Cir. 1939), the court stated in part that:

6

> ". . . The presumption flowing from the fabrication of evidence is always against the wrongdoer. 'In fact, it is as broad as the conceivable circumstances in which it may have logical application'. Jones, Ev. Sec. 83 . . . ."

## Conclusion

In comment to arguments in defendants' Opposition in general; Sever notes that rather than responding to arguments in Sever's motion for sanctions, defendants opposition in greater part is directed to attacks on Sever and his counsel. In *United States v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996), the courts have long noted:

> "The appellants' arguments recall an oft-quoted adage: If the law is against you, argue the facts; if the facts are against you, argue the law; and if they both are against you, pound the table and attack your opponent. *See, e.g., United States v. Dickey*, 736 F.2d 571, 592 (10th Cir.1984), cert. denied, 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985)."

In light of *Griffin*, it would appear that neither the instant facts nor the law favors the defendants. Furthermore, Sever respectfully submits that this Court should regard all of Sever's arguments that have not been rebutted by the defendants, as admitted by the defendants.

WHEREFORE, the plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court grant his motion for sanctions.

Respectfully submitted,

_____
Peter Paul Mitrano (admitted *pro hac vice*)

        Ct. Fed. Bar No.: 23733
        Suite 201
        581 Boylston Street
        Boston, Massachusetts  02116
        (617) 236-5655

        Local Connecticut Counsel:

        _____

        Frank B. Velardi, Jr.
        Ct. Fed. Bar No.: 07893
        Lasala, Walsh, Wicklow & Velardi
        168 Bradley Street
        Post Office Box 1302
        New Haven, Connecticut  06505-1302
        (203) 785-8929
        (203) 776-4663 (facsimile)

        Attorneys for Plaintiff
        Frank Sever, Jr.

Dated: May 24, 2004.

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Sanctions to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 24th day of May 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut 06904-2305.

_____
Peter Paul Mitrano