UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | May 24, 2004 |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO REVOKE *PRO HAC VICE* ADMISSION**

Defendants Dr. Morton G. Glickman, Delcath Systems, Inc. and Stephen E. Feldman, Esq. (jointly "Defendants") submit this memorandum in reply to Plaintiff's Opposition to Defendants' Motion to Revoke Pro Hac Vice Admission dated May 19, 2004 (the "Opposition") and in further support of their motion to revoke the *pro hac vice* admission of attorney Peter Paul Mitrano ("Mitrano"). The Opposition misses the point. The issue is not whether Mr. Mitrano was legally or properly held in contempt of court on three occasions. Rather, Mr. Mitrano had an obligation to be open and honest with this Court about his problems with other courts in seeking admission *pro hac vice*. He was not, and has not to date explained why. If this Court cannot be assured of Mr. Mitrano's honesty for the last two years while this case was in preparation, the Court should not permit him to proceed with the case to trial.

STAM1-758339-1

Defendants' moved to revoke Mr. Mitrano's *pro hac vice* admission on the basis of his failure to disclose to this Court that he had been held in contempt of court twice prior to seeking admission and once subsequently. Plaintiff's Statement dated April 20, 2004, almost two years after the application for admission, contained no explanation from Mr. Mitrano for his failure to disclose this information, nor even an affidavit from Mr. Mitrano in support of Plaintiff's Statement. Strikingly, the Opposition does not set forth any explanation for Mr. Mitrano's failure to disclose either. Moreover, the Opposition still does not include a sworn statement by Mr. Mitrano. As a result this court has no additional facts to rely upon. In light of Mr. Mitrano's refusal of the opportunity to explain his conduct, this Court should revoke his *pro hac vice* status.

## ARGUMENT

### IN THE ABSENCE OF ANY AFFIDAVIT OR EXPLANATION REVOCATION IS APPROPRIATE

Nowhere does the Opposition supply even an unsworn explanation for Mr. Mitrano's concealing the fact that he was held in contempt of court on three separate occasions between January 2001 and December 2002 – the last time while this case was ongoing. The Opposition instead attacks the court which held Mr. Mitrano in contempt, claiming it had no authority to suspend or disbar an attorney (pp. 3-4). However, the very cases cited in the Opposition affirm that such a court had inherent power to punish with contempt. *See e.g. Mullen v. Canfield,* 105 F.2d 47, 48 (DC Cir. 1939) (even an inferior court of limited jurisdiction "may adjudge an

attorney in contempt").[1]  Moreover, it is the failure to disclose the contempt orders that violated the Local Rules.

The Opposition, p. 5, includes the statement that "Mitrano contends that Mitrano was not required to make a report to this Court that Mitrano was disciplined as a result of the above-referenced contempt order …"). Notably, the Opposition does not cite a single decision from this District that restricts the meaning of the term "discipline" in Local Rules 83.1(d) and 83.2(f) to merely suspension or disbarment.  In fact, discussion in opinions from this district indicates to the contrary that attorney "discipline" encompasses more, including sanctions and fines.  *See e.g. J. M. Cleminshaw v. Norwich,* 93 F.R.D. 338, 354 (D. Conn. 1981) ("The power to impose <u>costs on attorneys as a disciplinary measure</u> is well settled …") quoting *Ali v. A&G Co.,* 542 F.2d 595, 597 (2d Cir. 1976) (Oakes, J dissenting)(emphasis added); *see also Vachula v. General Electric Capital Corp.,* 199 F.R.D. 454, 459 n.7 (D. Conn. 2000) (sanctions a court may impose include contempt).  Similarly the Rules of Appellate procedure dealing with attorneys specifically treat "Discipline" (Rule 46(c)) separately from "Suspension and Disbarment" (Rule 46(b)).  *See* Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 3992.2 (1999).

Limiting disclosure under Local Rule 83.1(d), and 83.2(f), to only suspension and disbarment would leave this Court without the type of information necessary to make an informed decision whether to extend the "privilege" of *pro hac vice* admission to an attorney.  This is not the approach taken by other courts which have revoked or denied *pro hac vice*

---

[1] Additional pages of the Opposition, pp. 6-29, are taken up with arguing whether the Virginia or New Hampshire courts had jurisdiction over a custody dispute.  This Court is not the venue to reargue such issues, which apparently both courts resolved against Mr. Mitrano.

admission. For example, in *D.H. Overmeyer & Co. v. First Nat'l Bank of Boston,* 750 F.2d 31, 34 (6th Cir. 1984) *pro hac vice* status was revoked because of a <u>failure to disclose</u> a conflict of interest that existed prior to the request for admission. Similarly, the court in *U.S. v. Panzardi-Alvarez,* 678 F.Supp. 353, 358-359 (D. P.R. 1988) denied *pro hac vice* status to an attorney who concealed a scheme of joint representation. *See also Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir. 1957) (denying admission for "unlawyerlike conduct"); *Sedona Corp. v. Ladenburg Thalmann,* 2003 U.S. Dist. LEXIS 18279 at *9-*10 (S.D.N.Y. October 14, 2003) (collecting cases). Thus, had Mr. Mitrano claimed he thought the Local Rule did not apply to contempt orders, it would not have been sufficient. Here, Mr. Mitrano has not even made such a claim!

Moreover, the Opposition fails to even address the ongoing investigation against Mr. Mitrano by the District of Columbia Bar. That issue is sloughed off with a repetition of language from the Plaintiff's Statement of April 20, 2004 concerning a claim of confidentiality (*see* Opposition p. 3). Defendants' motion papers demonstrated that Mr. Mitrano waived any such claim and that the Supreme Court of New Hampshire held confidentially did not apply. Again the Opposition squanders the chance to explain this disciplinary issue.

Contrary to the Opposition's charges (Opposition, p. 29), Defendants never sought to take advantage of Mr. Mitrano's personal problems to seek disqualification. Defendants' counsel even contacted local counsel to provide an opportunity for Plaintiff to make the initial report. Only when the Plaintiff's Statement revealed multiple instances of contempt of court without offering any explanation, did Defendants bring their motion. It was Mr. Mitrano who chose in Plaintiff's Statement, and once again in the Opposition, not to submit an affidavit to

4

explain his failure to disclose, which would be the common minimum in such a case. Mr. Mitrano's concealment of prior contempt orders from this Court upon seeking *pro hac vice* admission– and for two years afterwards without explanation – merits revocation of that admission.

## CONCLUSION

The Opposition provides no explanation for Mr. Mitrano's failure to disclose the repeated discipline imposed by the New Hampshire court. Therefore, this Court should revoke Mr. Mitrano's *pro hac vice* admission.

Dated: Stamford, CT
      May 24, 2004

           DEFENDANTS
           MORTON G. GLICKMAN, DELCATH
           SYSTEMS INC. AND STEPHEN E. FELDMAN


           By: /s/ Thomas J. Donlon
               Joseph L. Clasen, Esq. (ct04090)
               Thomas J. Donlon, Esq. (ct22839)
               e-mail: tdonlon@rc.com
               ROBINSON & COLE LLP
               Financial Centre
               695 East Main Street
               Post Office Box 10305
               Stamford, CT  06904-2305
               Telephone:  (203) 462-7500
               Facsimile:  (203) 462-7599

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 24th day of May, 2004.

/s/ Thomas J. Donlon
Thomas J. Donlon