UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | June 16, 2004 |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Defendants Dr. Morton G. Glickman, Delcath Systems, Inc. and Stephen E. Feldman, Esq. (jointly "Defendants"), pursuant to this District's Standing Order Regarding Trial Memoranda In Civil Cases, ¶ 11, hereby object to the following Plaintiff's Exhibits, listed in Plaintiff's submissions to Joint Trial Memorandum, dated March 15, 2004:

1. <u>Tape of the conversation between Sever and Feldman</u>: Defendants object on the grounds the tape recording is not authentic and that the alleged conversation, if it occurred, would be privileged as discussed in the previously submitted memoranda of law. Defendants also object on the grounds that Plaintiff is estopped from presenting evidence at trial which was withheld from the U.S. Board of Patent Appeals and Interferences as discussed more fully in the attached memorandum of law.

STAM1-759442-1

2. <u>Tape Recorder used to record the tape of the conversation between Sever and Feldman</u>:  As the tape recording itself is inadmissible, Defendants object to the recorder on the grounds of relevancy.

3. <u>Facsimile from Sever to Feldman dated April 15, 1997</u>:  This document was never produced by Plaintiff in Discovery, notwithstanding Defendants' First Request for Production dated August 12, 2002, seeking "[e]ach document which supports or contradicts the allegations in the Complaint."  Defendants object on the grounds of relevancy and authenticity.

4. <u>Letters from Peter Paul Mitrano to Feldman dated June 29, 1999, September 1, 1999, December 6, 1999 and April 14, 2000</u>:  These letters were all prepared by Plaintiff's counsel well after the alleged causes of action were completed.  They represent legal arguments concerning the basis of Plaintiff's alleged claims and therefore, are inadmissible since they seek to supplant the Court's sole responsibility to instruct the jury regarding the law.  Further, they are not relevant to any cause of action alleged in the Complaint and constitute hearsay as the out-of-court statements of Plaintiff's counsel, who is not permitted to testify and whose arguments do not constitute evidence.  *See e.g. Tevolini v. Tevolini*, 66 Conn. App. 16, 25 (2001).

5. <u>Documents listed by defendants in defendants privileged log</u>:  This Court's Order, dated February 9, 2004, held that Defendants had not waived the privilege with regard to any documents listed in their privilege logs and that such documents

were not discoverable. Plaintiff's listing of such documents as exhibits is an attempt to circumvent that Order. These documents are objected to as privileged.

6. <u>Documents that Defendants claim are confidential and/or for attorneys eyes only</u>: This Court's separate Order dated February 9, 2004 granted a Protective Order with regard to all confidential documents. Pursuant to the Protective Order, ¶ 9, Plaintiff's counsel has not challenged the designations as confidential (nor even sought authority pursuant to ¶ 5 to disclose the documents designated as Confidential-Attorneys Only Information to his client). The Protective Order (¶ 8) also provides a mechanism for filing such documents with the Court by which Plaintiff has not abided. Defendants object that these confidential documents are, not only subject to the Protective Order, but also are not relevant to any cause of action in the Complaint.

7. <u>Web sites of Delcath</u>: Defendants object that this exhibit description is so vague, the evidence to be offered cannot be identified with any precision. Further, this document was never produced by Plaintiff in Discovery, notwithstanding Defendants' First Request for Production dated August 12, 2002, seeking "[e]ach document which supports or contradicts the allegations in the Complaint." Defendants object on the grounds of relevancy.

8. <u>Calculation of damages provided in Sever's answers to defendants' interrogatories</u>: Defendants object that the calculations are hearsay, that they represent expert opinion not supported by any expert witness and that the

3

calculation of damages is inadmissible because it is speculative, only representing unrecoverable estimated lost profits not actual pecuniary loss.

9. <u>Transcript of Proceedings on October 16, 2001 before the United States Patent and Trademark Office</u>: Defendants object that the exhibit is hearsay, that it does not represent testimony taken under oath but only argument by Plaintiff's counsel which is not evidence. *See. e.g. Tevolini*, 66 Conn. App., at 25.

10. <u>Exploded cross-sectional views of the device of the Tower patent</u>: Defendants object on the grounds of relevancy and authenticity. This exhibit was never produced in discovery notwithstanding Defendants' First Request For Production dated August 12, 2002 seeking "[e]ach document which supports or contradicts the allegations in the Complaint."

11. <u>Exploded cross-sectional views of the device of the First Option of the Sever Facsimiles</u>: Defendants object on the grounds of relevancy and authenticity. This exhibit was never produced in discovery notwithstanding Defendants' First Request For Production dated August 12, 2002 seeking "[e]ach document which supports or contradicts the allegations in the Complaint."

12. <u>Exploded cross-sectional views of the device of the Second Option of the Sever Facsimiles</u>: Defendants object on the grounds of relevancy and authenticity. This exhibit was never produced in discovery notwithstanding Defendants' First Request For Production dated August 12, 2002 seeking "[e]ach document which supports or contradicts the allegations in the Complaint."

Dated: Stamford, CT
       June 16, 2004

                        DEFENDANTS
                        MORTON G. GLICKMAN, DELCATH
                        SYSTEMS INC. AND STEPHEN E. FELDMAN

                        By:  /s/  Thomas J. Donlon
                            Joseph L. Clasen, Esq. (ct04090)
                            Thomas J. Donlon, Esq. (ct22839)
                            e-mail:  tdonlon@rc.com
                            ROBINSON & COLE LLP
                            Financial Centre
                            695 East Main Street
                            Post Office Box 10305
                            Stamford, CT  06904-2305
                            Telephone:  (203) 462-7500
                            Facsimile:  (203) 462-7599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 16th day of June, 2004.

    /s/ Thomas J. Donlon