UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : | |
| | : | |
| Defendants. | : | June 16, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OBJECTION TO ALLEGED TAPE RECORDING

Defendants Dr. Morton G. Glickman, Delcath Systems Inc. and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants"), submit this memorandum of law in support of their objection to the listing, by Plaintiff Frank L. Sever Jr. ("Sever"), as an exhibit, of a tape recording which he alleges was made of a conversation with Feldman in the summer of 1997. Defendants previously submitted a Memorandum of Law, dated February 9, 2004, and a Reply, dated March 15, 2004, which dealt with the separate issues of authenticity of the alleged tape recording and the privileged nature of any alleged conversation.

**ARGUMENT**

**SEVER IS ESTOPPED FROM OFFERING EVIDENCE
WITHHELD FROM THE BOARD OF PATENT APPEALS**

As this Court is aware from prior motion practice, the underlying dispute concerning inventorship of the patent at issue for the catheter flow and lateral movement controller

STAM1-759365-2

previously was considered by the U.S. Board of Patent Appeals and Interferences (the "Board"). The U.S. Patent and Trademark Office ("PTO") rules required Sever to submit all evidence in support of his claim to the patent when commencing the interference proceeding. *See* 37 CFR § 1.608(b). However, Sever did not submit the alleged tape recording. *See* Order to Show Cause dated July 10, 2001, p. 1 (Copy attached hereto as Exhibit A.)  The Board determined that, based on the evidence presented, Sever did not establish a *prima facie* case. *Id*., at p. 2.  The Order to Show Cause gave Sever until July 30, 2001 to file a response "to show cause why judgment should not be entered against Sever." *Id*., at p. 9.  The Order to Show Cause also pointed out that the PTO rules, 37 CFR § 1.617(b), provided a mechanism to file additional evidence in certain circumstances. *Id*., at pp. 7-9.

      Thereafter, Sever requested, and received, two extensions of time to submit his response, which was finally filed on August 13, 2001.  However, Sever did not offer the tape recording with his response as additional evidence.  At the subsequent hearing before the Board, Sever's counsel explained that he had specifically withheld the tape recording, which Sever now seeks to offer as evidence.  The Transcript of the Hearing on October 6, 2001 (previously submitted to this Court) reveals:

> Judge Torczon:  What would you put on at this point?
>
> Mr. Mitrano:  I have further proof on proffer.  I'd like to hold it through to the end of discovery.
>
> …
>
> Judge Torczon:  I didn't see any additional proof.
>
> Mr. Mitrano:  I have not submitted any additional proof.

> Judge Torczon:  Okay. So we have make a decision based on this record.
>
> Mr. Mitrano:  That's correct.
>
> Judge Torczon:  You've had two opportunities to put in the proofs. . .

Tr. pp 15-16 (Copy of excerpts attached hereto as Exhibit B.)  When pressed, Sever's counsel further explained to the Board:

> Judge Torczon: . . . And what's bothering me here is there have been two opportunities to put in the evidence in the 608 statement and then again in response to the order to show cause.  And now we're being asked, Well, hold on, I need a third bite at the apple.
>
> Mr. Mitrano:  It is not that I need a third bite.  I'm saying that we have passed the show cause order.  I do have additional evidence, which I'd like to use at a proper time.  But I think based on what we've presented so far, I think we passed the show cause.

Tr. p. 23.  Thus, even when directly invited by the Board to submit the evidence, Sever's counsel refused.

Subsequently, however, Sever did take a third bite (the first was not offering the recording when originally seeking the interference and the second was refusing to submit it in response to the Board's Order to Show Cause).  After the hearing, Sever filed a Motion to Submit Evidence Under Seal in Camera, dated October 19, 2001.  (Copy attached hereto as Exhibit C).  Notably, Sever did not offer the tape recording as additional evidence pursuant to 37 CFR § 1.617(b).  Rather "[o]ut of an abundance of caution and <u>solely as a protective measure</u>" Sever sought to file a copy of the recording "under seal in camera in order <u>to preserve and protect said evidence pending any further litigation</u> and/or appeals." *Id*., at p. 2. (emphasis

3

added)  Thus, Sever did not even ask in the body of his motion that the recording be considered by the Board, but merely preserved for the future.  In a footnote Sever did, "[i]n the alternative," present the evidence. *Id.*, n.1.  Sever stated, however, that "his litigation strategy was to present the evidence at a later date." *Id*.  As authority, Sever cited 37 CFR § 1.635 dealing with miscellaneous motions, not § 1.617(b), the provision dealing with additional evidence, which had previously been called to his attention in the Order to Show Cause. *Id*.

The Board rejected Sever's motion and filing because it was not made in accordance with its rules of procedure.  *See* Order dated October 23, 2001 ("Since Sever has failed to follow the procedural rules [the evidence] is returned")  (Copy attached hereto as Exhibit D).  Sever's submission violated the rules concerning the requirements to confer with his opponent, to conference with the patent judge and to certify good faith efforts to resolve issues raised in a motion. *Id*.  However, there was nothing in the Board's Order of October 23, 2001, or the rules, which precluded Sever from offering the tape recording into evidence again by following the prescribed procedures, even though the evidence was late.  Sever, however, made no further effort to submit the tape recording to the Board, confirming his expressed litigation strategy.  The Board in their decision specifically noted that, "Sever presents <u>no additional evidence</u> in support of its response to the Order to Show Cause."  Decision dated November 6, 2001 (previously submitted to this Court) (emphasis added).

Having chosen for tactical reasons to withhold the evidence from the Board, long established law holds that Sever is estopped from offering it later to a district court.  The Second Circuit in *Greene v. Beidler*, 58 F.2d 207 (2d Cir. 1932) confronted this particular issue.  There,

4

in trial at the District Court, the plaintiff, who had been unsuccessful before the Board, presented the testimony of two witnesses not called before the Board. The district court permitted the testimony and, ultimately, rendered a judgment overturning the Board's decision regarding the patent. Notably the trial in district court was not an appeal of the administrative ruling, but a separate action like this one. The Court of Appeals reversed, stating:

> "The law gave the plaintiffs a day in court on the issue of priority. That was the day the interference was heard and if they chose not to avail themselves of their full rights but to gamble on the decision by giving only a part, and the weaker part, of the evidence they had in hand, they did it at their own risk. After losing such evidence in what otherwise would be a train of futile appeals in the patent tribunals and Court of Appeals of the District of Columbia they cannot come into a District Court and say, now for the first time we shall tell the true story of reduction to practice and demand a patent."

*Id.*, at 209 quoting *Barrett Co. v. Koppers Co.*, 22 F.2d 395, 397 (3d Cir. 1927).

The *Barrett Co.* case dealt with a Board proceeding at which the party provoking the interference refused to let its employees testify, so as not to disclose commercial secrets. When the plaintiff sought to offer that employee testimony subsequently before the district court, the court held the plaintiff was "estopped to present this evidence." *Id.*, at 398. The Third Circuit affirmed the ruling of estoppel, in the language quoted in *Greene* above, and went on to say:

> If for some reason of his own a party withheld evidence which is available to him and which he can produce at will but does not produce, then he must be regarded as having abandoned that evidence in its hearing on the issue under trial.

*Id.* at 397. *See also Perkins v. Lawrence Sperry Aircraft Co.* 57 F.2d 719, 721 (E.D.N.Y. 1932) (refusing to admit evidence because the "testimony of all three was certainly available at the time of the interference proceeding, and should have been given in that proceeding.")

The rule of estoppel, set out in *Greene* and *Barrett Co.* continues to be recognized as good law. *See e.g. Kirschke v. Lamar,* 426 F.2d 870, 872 (8th Cir. 1970) ("deliberate, intentional or willful withholding or suppression of pertinent and available evidence from the Patent Office, whether attended by reprehensible motives or not, whether it be for tactical or other reasons, justifies exclusion of such evidence. . .") As the court in *Velsicol Chemical Corp. v. Monsanto Co.,* 579 F.2d 1038, 1044, (7th Cir. 1978) observed "[o]ver the past half century the *Barret Co. v. Koppers Co.* principle has been applied to a broadening range of fact situations. . ." Reviewing the case law, the court in *Velsicol Chemical* concluded, "the proper question for the district court was whether the failure of the proponent of the additional evidence to uncover its existence earlier or to procure it for the interference proceeding occurred in spite of the proponent's diligence in preparing his case before the Board." *Id.,* at 1046. *See also American Cyanamid Co. v. Ethicon Inc.,* 1989 U.S. Dist. LEXIS 8748 (D. N.J. April 20, 1990) (granting motion in limine to exclude certain exhibits and testimony not offered before the Board).

Each of the above cases deals directly with exclusion of evidence. The jurisdiction of a district court to consider patent issues was not the issue. Rather, accepting that a district court could consider claims related to a patent, the question was what evidence may be considered. Thus, regardless of the propriety of this Court's previous determination of jurisdiction, evidence withheld from the Board is inadmissible, in a trial before this Court, on an estoppel basis. Nor

does the cause of action on which such evidence is offered matter. The cases establishing this rule of evidence do not involve mere reviews of an administrative agency ruling but, instead, separate trials in the district court under different theories. Whatever the theory, or cause of action, the cases all recognize that in order to foster the fullest development of the facts before the PTO, a party will not be permitted to withhold evidence of which it is aware (for whatever reason) and then seek to rely upon such evidence in the district court.

In the present case, the tape recording was available to Sever prior the interference proceeding. As the transcript demonstrates, Sever repeatedly chose not to present it to the Board. Having taken the risk not to provide the evidence timely to the Board, Sever is estopped from presenting it to this Court.

## CONCLUSION

In addition to the evidentiary issues concerning the authenticity and privileged nature of the tape recording raised in the Defendants' previous memorandum of law, well established law precludes admission before this Court of available evidence not presented to the Board of Patent Appeals and Interferences. This Court, therefore, should exclude all evidence concerning the alleged telephone conversation and tape recording.

Dated: Stamford, Connecticut
       June 16, 2004

                          DEFENDANTS MORTON G. GLICKMAN,
                          DELCATH SYSTEMS INC. AND
                          STEPHEN E. FELDMAN


                      By:       /s/ Thomas J. Donlon
                          Joseph L. Clasen, Esq. (ct04090)
                          Thomas J. Donlon, Esq. (ct22839)
                          e-mail: tdonlon@rc.com
                          ROBINSON & COLE LLP
                          Financial Centre
                          695 East Main Street
                          Post Office Box 10305
                          Stamford, CT  06904-2305
                          Telephone:  (203) 462-7500
                          Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 16th day of June, 2004.

   /s/  Thomas J. Donlon
Thomas J. Donlon