The opinion in support of the decision being entered today is <u>not</u> binding precedent of the Board.

Filed by: Sally C. Medley
Administrative Patent Judge
Box Interference
Washington, D.C. 20231
Tel: 703-308-9797
Fax: 703-305-0942

Paper 2

Filed

**MAILED**
JUL 1 0 2001
PAT. & T.M. OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

FRANK SEVER JR.,

Junior Party,
(Application 09/340,437),

v.

MORTON G. GLICKMAN,

Senior Party,
(Patent 5,897,533).

Patent Interference No. 104,722

ORDER TO SHOW CAUSE
(37 CFR § 1.617)

A. Introduction

Sever has presented a showing under 37 CFR § 1.608(b), which includes:

(1) a DECLARATION of named inventor Frank Sever, Jr.;

(2) a DECLARATION of Gregory A. Heller; and

(3) an "attached application" that appears to be identical to Sever's involved application.

Upon consideration of the Rule 608(b) showing, it is concluded that Sever fails to establish *prima facie* that Sever is entitled to judgment *vis-a-vis* senior party patentee Glickman.

B. **Background**

Sever is involved in the interference on the basis of application 09/340,437, filed 28 June 1999. Glickman is involved on the basis of U.S. patent 5,897,533, issued 27 April 1999, based on application 08/922,236, filed 2 September 1997. There is approximately a one year and 11 month difference between the Sever and Glickman effective filing dates.

Since Sever's effective filing date is more than three months after the effective filing date of the Glickman patent, Sever must demonstrate that Sever is *prima facie* entitled to a judgment relative to Glickman. 37 CFR § 1.608(b).

C. **Discussion**

The policy behind requiring a junior party who has filed an application more than three months after the filing date of a senior party patentee to make a *prima facie* showing that demonstrates that the junior party is entitled to a judgment relative to the patentee is discussed in *Kistler v. Weber*, 412 F.2d 280, 285, 162 USPQ 214, 218-219 (CCPA 1969). In *Kistler v. Weber*, the Court of Customs and Patent Appeals dismissed junior party's argument that then Rule 228 (parallel to Rule 617) and then Rule 204(c) (parallel to Rule 608(b)) place an undue burden

2

on the junior party or are contrary to the rights of the first inventor. The CCPA stated that:

> [t]he expense involved in a protracted interference, and the special hardships workable on a patentee involved therein, are notorious, and to minimize both, where possible, would appear to be the laudable purpose of these rules. Kistler v. Weber, 412 F.2d 280, 285, 162 USPQ 214, 218-219 (CCPA 1969).

Further, a junior party applicant who fails to demonstrate a prima facie showing under Rule 608(b) may file additional evidence under very limited circumstances. 37 CFR § 1.617(b). The policy behind Rule 617(b) is articulated in the Notice of Final Rule, Patent Interference Proceedings, 49 Fed. Reg. 48416, 48423 (Dec. 12, 1984) as follows:

> The "good cause" showing required by § 1.617(b) imposes a stricter standard than was required under the prior rules. The stricter standard is necessary to encourage applicants copying claims from a patent to better prepare their initial showings under § 1.608(b). Under current practice, the Board of Patent Interferences has found that substantial time is lost in issuing orders to show cause based on an inadequate initial showing only to have an adequate showing made with the response to the order to show cause. Under the "good cause" standard, ignorance by a party or counsel of the provisions of the rules or the substantive requirements of the law would not constitute good cause.

See also, Hahn v. Wong, 892 F.2d 1028, 13 USPQ2d 1313 (Fed. Cir. 1989).

The proof standards applicable to Rule 617 "summary judgment" proceedings are discussed in Basmadjian v. Landry, 54 USPQ2d 1617 (Bd. Pat. App. & Int. 1997).

Priority of invention belongs to the first party to reduce

3

the invention to practice unless the other party can establish that it was the first to conceive the invention and that it exercised reasonable diligence in later reducing the invention to practice. Eaton v. Evans, 204 F.3d 1094, 1097, 53 USPQ2d 1696, 1698 (Fed. Cir. 2000). To establish an actual reduction to practice, it must be established that (1) the party constructed an embodiment or performed a process that met every element of the count and (2) the embodiment or process operated for its intended purpose. Id. at 1097, 53 USPQ2d at 1698. There can be no actual reduction to practice if the constructed embodiment or performed process lacks an element recited in the count or uses an equivalent.

Sever has failed to allege or establish an actual reduction to practice that is prior to the Glickman effective filing date.

Sever may still meet the requirements of Rule 608(b) if Sever can establish that it was the first to conceive the invention and that it exercised reasonable diligence from a time prior to Glickman's conception until its own reduction to practice. 35 U.S.C. § 102(g); 204 F.3d at 1097, 53 USPQ2d at 1698. Sever must establish that it conceived prior to Glickman's 2 September 1997 filing date and that Sever was reasonably diligent from a time prior to 2 September 1997 until Sever's effective filing date of 28 June 1999.

Conception is the formation in the inventor's mind of a

4

definite and permanent idea of the complete and operative invention as it is thereafter to be applied in practice. Cooper v. Goldfarb, 154 F.3d 1321, 1327, 47 USPQ2d 1896, 1901 (Fed. Cir. 1998). The inventor must recognize and appreciate the invention at the time, i.e., there is no nunc pro tunc conception. Breen v. Henshaw, 472 F.2d 1398, 1401, 176 USPQ 519, 521 (CCPA 1973). Corroboration is required to prove conception. Price v. Symsek, 988 F.2d 1187, 1190, 26 USPQ2d 1031, 1033 (Fed. Cir. 1993).

For purposes of this discussion, it is assumed that Sever has demonstrated that Sever conceived of the invention sometime prior to Glickman's 2 September 1997 filing date. Mr. Heller provides corroborating evidence that he reviewed the "attached application" and understood the invention described therein. The "attached application" appears to be identical to the Sever application involved in the interference. The invention described by Mr. Heller appears to be directed to the elements of the count.

However, based on the record, Sever has failed to sufficiently demonstrate that it exercised reasonable diligence from a time prior to Glickman's conception until its own reduction to practice.

Sever need show diligence for the entire time period from a time prior to 2 September 1997 until 28 June 1999. See, e.g., In re Nelson, 420 F.2d 1079, 1081, 164 USPQ 458, 459 (CCPA 1970)). (While constant effort is not required to show

5

reasonable diligence, failure to explain a two-month delay was insufficient to show reasonable diligence). See also Griffith v. Kanamaru, 816 F.2d 624, 2 USPQ2d 1361 (Fed. Cir. 1987).

Sever, by its own admission states that in mid to late August 1997, Mr. Sever let the matter "die on the vine" until he saw Glickman's patent on the internet in late June 1999. Accordingly, Sever has failed to establish that it was diligent in reducing the invention to practice for the period between prior to 2 September 1997 to 28 June 1999.

Derivation

Apparently, Sever is further alleging derivation of the invention[1]. To prove derivation, a party must establish conception of the claimed subject matter and communication of the conception to the opponent. Price v. Symsek, 988 F.2d 1187, 1190, 26 USPQ2d 1031, 1033 (Fed. Cir. 1993). As with conception, corroboration is required to support testimony of the communication. Id. at 1196, 26 USPQ2d at 1038. See also Davis v. Reddy, 620 F.2d 885, 889, 205 USPQ 1065, 1068 (CCPA 1980).

Mr. Heller states that Mr. Sever told him that Mr. Sever sent the "attached application" to Mr. Feldman, who is apparently Glickman's attorney. Apparently, this event took place sometime prior to mid to late August 1997. Sever has failed to establish

---

[1] 35 U.S.C. § 102(f) states that a person shall be entitled to a patent unless "he did not himself invent the subject matter sought to be patented."

6

that Glickman derived the invention for the following reasons. The alleged communication of the conception was not made to the opponent, i.e. Glickman, but rather was made to Mr. Feldman. Thus, Sever has failed to establish that it communicated the conception to the opponent as required. Further, Mr. Heller's recollection of what Mr. Sever told him is hearsay. Mr. Heller himself does not testify that he witnessed the communication of the conception. Thus, there is insufficient evidence of corroboration of the communication.

Still further, the date of the alleged communication appears to be prior to the date of conception. Mr. Heller states that on or about mid to late August 1997, Sever showed him the "attached application". This is the date that the alleged conception took place. However, Mr. Sever apparently sent the "attached application" to Mr. Feldman prior to the mid to late August 1997 time frame. This is inferred since it is stated that sometime in about mid to late August, 1997, after the "attached application" was sent to Mr. Feldman that Mr. Sever decided to let the matter "die on the vine."

For the reasons stated above, Sever has failed to sufficiently establish that Glickman derived the invention.

### Filing of Additional Evidence

Sever may file additional evidence under very limited circumstances. Note should be taken of that portion of 37 CFR § 1.617(b) which provides that "[a]dditional evidence shall not

7

be presented by the applicant or considered by the Board unless the applicant shows good cause why any additional evidence was not initially presented with the evidence filed under § 1.608(b)." For a discussion of the meaning of "good cause" one should refer, *inter alia*, to

1. Notice of Final Rule, Patent Interference Proceedings, 49 Fed. Reg. 48416, 48423 (Dec. 12, 1984):

> The "good cause" showing required by § 1.617(b) imposes a stricter standard than was required under the prior rules. The stricter standard is necessary to encourage applicants copying claims from a patent to better prepare their initial showings under § 1.608(b). Under current practice, the Board of Patent Interferences has found that substantial time is lost in issuing orders to show cause based on an inadequate initial showing only to have an adequate showing made with the response to the order to show cause. Under the "good cause" standard, ignorance by a party or counsel of the provisions of the rules or the substantive requirements of the law would not constitute good cause.

2. *Hahn v. Wong*, 13 USPQ2d 1211 (Bd. Pat. App. & Int.), *aff'd*, 892 F.2d 1028, 13 USPQ2d 1313 (Fed. Cir. 1989).

3. *Huston v. Ladner*, 973 F.2d 1564, 1567, 23 USPQ2d 1910, 1913 (Fed. Cir. 1992) (allegations that party's attorney misrepresented his competence and ability to present party's prima facie showing under 37 CFR § 1.608(b), and that attorney acted in reckless and grossly negligent manner in filing original evidence are not sufficient to establish "good cause" under 37 CFR § 1.617(b)).

Additionally, Sever should keep the following in mind.

Sever's effective filing date is after the date when the Glickman patent issued. Accordingly, Sever in order to prevail as to the issue of priority in this interference must establish that it was prior to Glickman by clear and convincing evidence (37 CFR § 1.657) - a very high standard.

Further, if it is determined that Sever has demonstrated good cause why evidence was not earlier presented for the issue of derivation only, it is not apparent that this interference would proceed. Under 37 CFR § 1.608(b), a junior party must demonstrate that it is *prima facie entitled to a patent* relative to the patentee in order to proceed in the interference. If Sever only demonstrates good cause with respect to derivation, but not priority, Sever has not demonstrated how it is *prima facie* entitled to a patent relative to the patentee. Glickman would still be prior to Sever and would stand in the way of a patent issuing to Sever.

D.  **Order**

Upon consideration of the record, it is

ORDERED that the showing under 37 CFR § 1.608(b) submitted by Sever does not establish that Sever is *prima facie* entitled to a judgment *vis-a-vis* senior party patentee Glickman.

FURTHER ORDERED that on or before **30 July 2001**, Sever may file a "response" (37 CFR § 1.617(b)) to show cause why judgment should not be entered against Sever.

9

FURTHER ORDERED that on or before **30 July 2001**, Sever may file a request for an oral hearing.

FURTHER ORDERED that on or before **20 August 2001**, Glickman may file a "statement" (37 CFR § 1.617(d)) responding to any "response" filed by Sever.

FURTHER ORDERED that on or before **4 September 2001**, Sever may file a "reply" (37 CFR § 1.617(e)).

FURTHER ORDERED that in due course a decision will be made as to whether discretion should be exercised to hold any requested hearing (37 CFR § 1.617(h)).

*[signature]*
SALLY C. MEDLEY
Administrative Patent Judge

Date: 7/10/01
Arlington, VA

cc (via Federal Express):

Attorney for Sever:

Peter Paul Mitrano
P.O. Box 12
Etna, NH 03750


Attorney for Glickman:

Stephen E. Feldman
12 East 41st Street
Suite 1302
New York, NY  10017

11