Paper _____

Filed on behalf of Frank Sever, Jr.
By:  Peter Paul Mitrano, Esq.
     4912 Oakcrest Drive
     Fairfax, Virginia 22030
     Tel: (703) 591-7250
     Fax: (703) 591-1350

## UNITED STATES PATENT AND TRADEMARK OFFICE

---

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES
(Administrative Patent Judge Sally C. Medley)

---

### FRANK SEVER JR.,

Junior Party,
(Application 09/340,437),

v.

Morton G. Glickman,

Senior Party,
(Patent 5,897,533).

---

Patent Interference No. 104,722

---

## Motion to Submit Evidence Under Seal in Camera

The Junior Party, Frank Sever, Jr., by and through his undersigned attorney, states his Motion to Submit Evidence Under Seal in Camera:

1

1.    Out of an abundance of caution and solely as a protective measure, the Junior Party, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), requests this Board's permission to file the attached evidence under seal in camera in order to preserve and protect said evidence pending any further litigation and/or appeals.[1] The primarily reasons for this request is to preserve said evidence and to deflect any criticism of the undersigned with reference to this Board's comments from the Bench on October 16, 2001 that the tone of the Reply to Glickman Statement Concerning Sever Response dated September 28, 2001 was self-righteous.  Sever submits that public policy and the interest that the United States Patent and Trademark Office has in seeking justice and uncovering fraud upon the United States Patent and Trademark Office requires that this Board accept said evidence.  The overriding consideration is that this Board knows that one of the parties to this proceeding committed fraud upon the United States Patent and Trademark Office and therefore this Board must address the issues related to said fraud.[2]

2.    In closing, the facts in this matter are nothing less than morally outrageous.  The undersigned apologizes to this Honorable Board if this Board still objects to the tone of the Reply to Glickman Statement Concerning Sever

---

[1]    In the alternative, said evidence is presented pursuant to 37 C.F.R. § 1.635 and Sever states that although Sever's litigation strategy was to present this evidence at a later date after attempting to determine how widespread the fraud is and also the parties independent recollection of the facts without being altered by said evidence, Sever is presenting said evidence now out of an abundance of caution and solely as a protective measure.

[2]    In response to page 7 of the Show Cause Order raised by this Board, Sever states that (1) his date of conception was prior to any communication to Mr. Feldman; (2) the words the "attached application" should have been "a copy of the attached application"; and, (3) the words "about mid to late August" were meant as a window of time and not a single point in time.

Response dated September 28, 2001.[3] This is not a case wherein the messenger should be attacked. As a matter of public policy, this Board has a duty not to ignore the fraud issues.

## Conclusion

3.      The Junior Party, Frank Sever, Jr. respectfully requests that this Honorable Board of Patent Appeals and Interferences grant his Motion to Submit Evidence Under Seal in Camera and allow this Interference to proceed as normal before this Honorable Board of Patent Appeals and Interferences.

Respectfully submitted,

Peter Paul Mitrano
No. 32,855
4912 Oakcrest Drive
Fairfax, Virginia  22030
(703) 591-7250

Attorney for Junior Party,
Frank Sever, Jr.

Dated: October 19, 2001.

---

[3]      The undersigned also states that Sever understood the term "Chinese copy" to be an old term of art used within the United States Patent and Trademark Office that meant an identical copy; again, the undersigned apologizes if this term has offended this Board. Sever worked for the United States Patent and Trademark Office for 20 (twenty) years before retiring in 1993. See *Environmental Instruments, Inc. v. Sutron Corp.*, 11 USPQ2d 1132, 1134, 877 F.2d 1561, 1564 (Fed. Cir. 1989) ("virtually 'a Chinese copy of . . . .'"); *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 30 USPQ2d 1954, 1956, 25 F.3d 119, 122 (2nd Cir. 1994) (". . . after the Chinese copy had been made . . ."); Sicilia Di R. Biebow & Co. v. Cox, 732 F.2d 417, 431 (5th Cir. 1984) ("'that an infringer seldom makes a Chinese copy of another's trademark . . .'"); *Milgo Electronic Corp. v. United Business Communications, Inc.*, 206 USPQ 481, 489, 623 F.2d 645, 656 (10th Cir. 1980) (". . . a virtual 'Chinese copy' of . . ."); *Colortronic Reinhard & Co. v. Plastic Controls, Inc.*, 213 USPQ 801, 807, 668 F.2d 1, 9 (1st Cir. 1981) (". . . alleged 'Chinese copy' varied somewhat in design . . ."); *Bryan v. Kershaw*, 151 USPQ 148, 149, 366 F.2d 497, 499 (5th Cir. 1966) (Footnote 1. "Chinese Copy: an exact imitation or duplicate made without discrimination reproducing defects as well as desired qualities. Webster's Unabridged Third New International Dictionary (1964)"). See also <u>Word and Phrases</u> wherein case law is cited for the use of term "Chinese Wall" as related to a screening procedure within law firms.

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Motion to Submit Evidence Under Seal in Camera **(without the attached evidence)** to be deposited with the United States Postal Service, postage prepaid for Post Office to Addressee Express Mail No. ET332187129US, on this 19th day of October 2001 addressed to R. Danny Huntington, Esquire and William C. Rowland, Esquire, Post Office Box 1404, Alexandria, Virginia 22313-1404.

Peter Paul Mitrano