THIS DOCUMENT WAS NOT WRITTEN FOR PUBLICATION
and is not binding precedent of the Board

Filed by: Sally C. Medley
Administrative Patent Judge
Box Interference
Washington, D.C. 20231
Tel: 703-308-9797
Fax: 703-305-0942

Paper 30

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

FRANK SEVER JR.,

Junior Party,
(Application 09/340,437),

v.

MORTON G. GLICKMAN,

Senior Party,
(Patent 5,897,533).

FAXED

OCT 23 2001

PAT. & T.M. OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Patent Interference No. 104,722

## ORDER

On October 19, 2001 the Board received a paper from Sever styled "Motion to Submit Evidence Under Seal in Camera" (Paper 28). On October 22, 2001 the Board received a paper from Sever styled "Transmittal of Additional Evidence Under Seal in Camera" (Paper 29). These papers are being returned to Sever for the following reasons.

Apparently, Sever moves to submit evidence in support of its

response to the Order to Show Cause. The manner for submitting such evidence is through a miscellaneous motion (See 37 CFR § 1.635 and Paper 1, Standing Order, ¶ 23).

Furthermore, paragraph 32 of the Standing Order provides that:

Prior to filing a Rule 635 miscellaneous motion, a party shall:

(a) confer with all opponents (37 CFR 1.637(b)) and, if agreement cannot be reached,

(b) place a conference call to the administrative patent judge designated to handle the interference.

There is no indication that Sever conferred with Glickman. Presumably, Glickman would object to the late filing of evidence under camera by Sever for several reasons. Accordingly, a conference call must be placed with the APJ prior to Sever refiling its evidence.

Still further, Sever failed to include a certificate stating that the moving party has conferred with all opponents in an effort in good faith to resolve by agreement the issues raised by the motion, the certificate indicating whether any opponent plans to oppose the motion. 37 CFR § 1.637(b).

Since Sever has failed to follow the procedural rules set forth in the Standing Order and under the CFR, Sever's "Motion to Submit Evidence Under Seal in Camera" (Paper 28) and "Transmittal of Additional Evidence Under Seal in Camera" (Paper 29) are

2

returned.

Accordingly, it is

ORDERED that Sever's "Motion to Submit Evidence Under Seal in Camera" (Paper 28) and "Transmittal of Additional Evidence Under Seal in Camera" (Paper 29) be returned.

This paper is being transmitted by facsimile only. Sever's "Motion to Submit Evidence Under Seal in Camera" (Paper 28) and "Transmittal of Additional Evidence Under Seal in Camera" (Paper 29) will be mailed to Sever vis a vis overnight delivery.

_____
Sally C. Medley
Administrative Patent Judge

Date: 10/23/01
Arlington, VA

cc (via facsimile):

Attorney for Sever:

Peter Paul Mitrano, Esq.
4912 Oakcrest Drive
Fairfax, VA  22030

Fax: (703) 591-1350

Attorney for Glickman:

R. Danny Huntington, Esq.
Burns, Doane, Swecker & Mathis, L.L.P.
P.O. Box 1401
Alexandria, VA  22313-1404

Fax: (703) 836-2021

4