FILED

2004 JUL -1  A 9: 04

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SEVER, JR., | : |
| Plaintiff, | : CIVIL ACTION NO.: 3:02CV722 (AVC) |
| v. | : |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : |
| Defendants. | : June 30, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE REGARDING PROOF OF DAMAGES**

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants"), submit this memorandum of law in support of their motion in limine to prohibit Plaintiff, Frank Sever, Jr. ("Sever"), from offering certain evidence regarding his alleged damages.

### INTRODUCTION

Sever has brought actions against Dr. Glickman and Feldman for common law fraud and conspiracy. These claims involve certain alleged misrepresentations concerning the patent application for the Catheter Flow and Lateral Movement Controller (the "Invention"). Specifically Sever alleges that he relied upon the statement that Feldman and Glickman would not seek a patent and would not file a patent application. In his deposition, Sever was asked what would have happened if that statement had been true. Sever testified:

STAM1-760558-1

> Q. By the way, if Delcath has never submitted its application for this patent, okay, you would never have filed your application also. Isn't that correct?
>
> A. Right.
>
> Q. Because you agreed not to do so?
>
> A. Yes.

Transcript of Deposition of Frank Sever, Jr., December 30, 2002, p. 59. Thus, even if the alleged misrepresentation had been correct, Sever would not have sought or received a patent.

During discover, Sever produced a calculation of damages in his Answers to Defendants' First Set of Interrogatories dated September 16, 2002 (except attached hereto as Exhibit A). That entire calculation is speculative, predicated on implicit and explicit assumptions, including FDA approval of Delcath's treatment process and use of the Invention in subsequent medical treatments. Notably, Sever does not even claim any damages for the first two years after FDA approval (which has yet to occur) and, thereafter, asserts a "<u>projected</u> value of the invention based upon the <u>above-stated assumptions</u>" including the price per unit and the number of patients to be treated. *See* Exhibit A, p.7 (emphasis added). Such speculative damages are inadmissible at trial.[1]

---

[1] There is no independent cause of action for conspiracy (*see Litchfield Asset Management v. Howell*, 70 Conn. App. 133, 140 (2002) which here depends on the underlying fraud. Thus, the limits on damages apply to that claim as well. Similarly, the claim of conversion against all the Defendants deals with the invention and therefore, the same damages.

## ARGUMENT

## SEVER'S EVIDENCE OF DAMAGES IS INADMISSIBLE

**A.     Sever Has No Substantial Pecuniary Loss**

A plaintiff in a Connecticut action for fraud must prove damages as an element of his cause of action. *Kilduff v. Adams*, 219 Conn. 314, 329 (1991). "[T]his means that the plaintiff must sustain a substantial pecuniary loss." *Beik v. Thorsen*, 169 Conn. 593, 594 (1975) (emphasis added). The measure of such loss is the difference between what was actually received and what would have been "if there had been no false representation, i.e. 'the benefit of the bargain' damages." *Miller v. Appleby*, 183 Conn. 51, 57 (1981). Thus, "there can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been." *Criscuolo v. Shaheen*, 46 Conn. Supp. 53, 736 A.2d 947, 950 (New Haven Super. Ct. 1999) quoting Prosser & Keaton, TORTS § 110, (5th ed. 1984).

In the present case, Sever, by his own admission, was none the worse off. If the alleged misrepresentation had been true, Sever would be in the exact same position. He would not have filed the application and would not have received a patent. Sever has no actual pecuniary loss, (not to mention no "substantial" one). The difference in value between what he would have received and what he did receive is zero. *See e.g. Rizzo Pool Co. v. DelGrosso*, 232 Conn. 666, 683 n.27 (1995); *Helming v. Kashak*, 122 Conn. 641, 644-5 (1937); *see also Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 421 (1996) (under the benefit of the bargain "[d]amages are to be calculated to compensate plaintiffs for what they lost because of the fraud, not to compensate them for what they might have gained.")

3

Sever should, therefore, be precluded from offering any evidence as to amounts he may have earned with the patent, both since such amounts are not a measure of his loss and because he admits he never would have even sought the patent.[2]

**B.      Sever's Damage Evidence Is Speculative**

Sever should also be prohibited from offering evidence of damages that is nothing more than pure speculation. "Damages asserted in a fraud action, 'must not be speculative or contingent.'" *Criscuolo*, 736 A.2d at 951, quoting Prosser & Keaton, *supra*, at § 110; *see also Sullivan v. Mang*, 2001 Conn. Super. LEXIS 1541, at *5 (Bridgeport Super. Ct. June 4, 2001); *Morrell v. Wiley*, 119 Conn. 578, 585-6 (1935).

Here, Sever's answers to interrogatories demonstrate that his entire calculation of damages is based on speculation. Sever constantly states he is assuming critical pieces of information. *See* Exhibit A. Further, Sever's calculation is predicated on an FDA approval in 2002 that has not happened yet. Further, he assumes that Delcath will use the Invention in its process, yet Delcath has not and does not intend to in the future. Sever's own description of the evidence he intends to offer on damages shows that it is inadmissible, not only as unrelated to any pecuniary loss, but also as speculative.

**C.      Sever Cannot Be Awarded The Patent As Damages**

Sever has only brought state law causes of action in this case. Sever cannot seek the patent as damages for such claims since "a state court is without power to invalidate a patent."

---

[2] As this motion deals only with evidence, there is no need to discuss how Sever fails to prove the other elements of liability for fraud, which also preclude any recovery.

4

*Jacobs Wind Electric Co. v. Florida Dept. of Transportation*, 919 F.2d 726, 728 (Fed. Cir. 1990). The authority to issue a patent rests with the U.S. Patent and Trademark Office, who in this case has issued the patent for the invention to Delcath. Moreover none of the cause of action that Sever has brought allow for other than money damages, which is all that Sever sought in his Complaint. Thus, this Court cannot award the patent to Sever as damages.

## CONCLUSION

Sever should be precluded from offering any evidence on damages. His calculation is admittedly speculative. Further, he suffered no substantial pecuniary loss because he received the full value of the bargain he sought.

Dated: Stamford, Connecticut
       June 30, 2004

                        DEFENDANTS MORTON G. GLICKMAN,
                        DELCATH SYSTEMS INC. AND
                        STEPHEN E. FELDMAN

By: /s/ Thomas Donlon
           Joseph L. Clasen, Esq. (ct04090)
           Thomas J. Donlon, Esq. (ct22839)
           e-mail: tdonlon@rc.com
           ROBINSON & COLE LLP
           Financial Centre
           695 East Main Street
           Post Office Box 10305
           Stamford, CT 06904-2305
           Telephone: (203) 462-7500
           Facsimile: (203) 462-7599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 30th day of June, 2004.

_____
Thomas J. Donlon