UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SEVER, JR., | : |
| Plaintiff, | : CIVIL ACTION NO.: 3:02CV722 (AVC) |
| v. | : |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : July 15, 2004 |
| Defendants. | : |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: EXPERT TESTIMONY AS TO MATTERS OF LAW

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants"), submit this memorandum of law in opposition to the motion in limine of Plaintiff, Frank Sever, Jr. ("Sever"), in which he seeks to exclude testimony by three expert witnesses of the Defendants. The Court should deny Sever's eve of trial motion for the simple reasons explained below.

### INTRODUCTION

Sever filed this action against Dr. Glickman and Feldman for common law fraud and conspiracy; the action against Delcath is only for conversion. Defendants filed counterclaims for breach of fiduciary duty and legal malpractice against Sever.

As the Court is aware from earlier proceedings and rulings, this case involves the patent for a medical device called the Catheter Flow and Lateral Movement Controller and the resulting patent issued to Delcath, U.S. Patent No. 5,897,533 (the "Invention").

Defendants counterclaim for breach of fiduciary duty and legal malpractice against Sever. Sever was retained in his capacity as an attorney by Feldman to prepare a patent application for

STAM1-761397-1

Delcath for the Invention. As an attorney, Sever owed Delcath a fiduciary duty. He breached that duty by attempting to use work product created for Delcath (the patent application) for his own benefit. Second, also breached the duty by disclosing confidential information (that Delcath was investigating ways to design around a supplier's patent) to a third party, the supplier, while seeking to construct his claim against Delcath. Sever also committed malpractice by failing to exercise a reasonable degree of skill in performing his legal work, including engaging in self-dealing, communicating confidential information to third parties, and making unauthorized use of work product.

This case will be tried to a jury. The substantive law of Connecticut law applies to the parties' claims in this diversity case.

## BACKGROUND

In their Trial Memorandum, dated and filed March 15, 2004, among their witnesses, Defendants identified three witnesses whom they may call as experts at trial: Peter Berger, Eugene Rzucidlo and James Trowbridge. Defendants also disclosed as defense trial exhibits the witnesses' respective expert reports, Berger's dated September 12, 2003, Rzucidlo's dated February 2, 2004 and Trowbridge's dated October 22, 2003 (as supplemented February 5, 2004). Defendants previously disclosed and produced to Sever each of these expert's detailed reports. Sever has never raised any purported issue or voiced any problem with the experts or their reports until now. Sever never deposed any of these witnesses during discovery.

Peter Berger is a partner and an experienced patent attorney at the law firm of Levesohn, Lerner, Berger & Langsam in New York City who will testify about the role and duties of a patent attorney, the patent search process and the patent application process. In addition to being an attorney, Berger holds a B.S. in Electrical Engineering. He has taught patent law for many

2

years at Seton Hall Law School and Yeshiva University Benjamin N. Cardozo School of Law. Berger has previously been qualified and accepted six times as a patent expert in federal and state courts.

Eugene Rzucidlo is a partner and experienced patent attorney at the law firm of Greenberg Traurig LLP in New York City who will testify about interference proceedings before the U.S. Patent & Trademark Office and the Board of Patent Appeals and interferences generally. In addition to being an attorney, Rzucidlo holds a B.S. in Chemistry. Previously, he worked at the U.S. Patent & Trademark Office for 15 years where he served as an Examiner-In-Chief (now known as an Administrative Patent Judge) on the Board of Patent Appeals and Interferences. He has authored or co-authored several articles on patent law topics. Rzucidlo has previously been qualified and accepted numerous times as a patent expert in federal courts.

James Trowbridge is an attorney and Professor of Law at Quinnipiac University School of Law in Connecticut where he teaches courses in Lawyers' Professional Responsibility and is the Director of the school's Clinical Programs. He has been a member of the law faculty since 1980. Professor Trowbridge is a member of the Connecticut Bar Association's Committee on Professional Ethics and he served as committee chair from 1983 through 1987. He will testify about the ethical duties of an attorney with regard to a client, the ethical limits on an attorney's conduct in dealing with other attorneys, the standard of care for attorneys and their fiduciary duties, including the handling of work product and confidential information. Trowbridge has previously been qualified and accepted as an expert in the federal courts.

## ARGUMENT

The sole basis for Sever's motion appears to be his contention that, by testifying, the Defendants' expert witnesses will improperly "instruct the jury as to the applicable principles of

3

law." Sever does not state any other reason for his requested exclusion of Defendants' expert testimony. The bulk of his motion consists of long block quotes from cases and string citations without any explanation of the basis for his objection or any application of the law to the experts *in this case*. Given the lack of clarity in Sever's motion, it is somewhat hard to address, but he seems to be complaining that Defendants cannot offer at trial any expert evidence either on ultimate issues or on matters of law. He is wrong. Experts can, and do, testify as to ultimate issues as well as about certain legal matters.

### A.  Ultimate Issue Evidence Is Proper And Admissible

As an initial matter, there can be no doubt that testimony as to ultimate issues in a case is both proper and admissible. "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a); *United States v. DiDomenico*, 985 F.2d 1159, 1164 (2d Cir. 1993) (noting that Rule 704 abrogated the federal common law bar on ultimate issue testimony and "allows an expert witness to given opinion testimony embracing an ultimate issue in the case," except as to state of mind in a criminal case). The decision whether to admit or exclude expert testimony is left to the discretion of the Court. *See General Electric Co. v. Joiner*, 522 U.S. 136, 139 (1997).

Here, to the extent Sever is claiming that the defense experts should be barred from testifying as to ultimate issues, especially as to Defendants' counterclaims, he is simply wrong under well-established federal law. Under the circumstances in which Defendants intend to have the experts testify, there is no increased risk or danger of intruding on the jury's fact-finding function or having them state anything other than their expert opinions to the jury, based on the facts and circumstances presented to them. Berger will be testifying about the work patent

lawyers perform in the patent application and patent prosecution process, while Rzucidlo will testify primarily as to the procedures in the U.S Patent & Trademark Office. If the Court perceives any problems at trial, those problems can be resolved by an appropriate instruction to the jury.

**B.  The Expert Testimony Will Assist The Jury In This Case**

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness . . . may testify thereto in the form of an opinion or otherwise" provided the witness is qualified as an expert. Fed. R. Evid. 702. Evidence that is easily capable of being understood should not be the subject of expert testimony. *See Andrews v. Metro North Commuter R.R.*, 882 F.2d 705, 708 (2d Cir. 1989) (expert should not be permitted to testify as "to lay matters which a jury is capable of understanding and deciding without the expert's help"). As Judge Burns just recently noted, here too, the Court "has discretion over whether or not an expert witness will be helpful to the jury." *United States v. Kim*, 303 F. Supp.2d 150, 158 (D. Conn. 2004) (Burns, J.) (citing *DiDomenico*, 985 F.2d at 1163).

This is a jury case. Among other principles, the jury will have to understand certain concepts of patent law, patent application procedures and attorney standards of conduct and ethics in order to decide the case and reach a verdict. As such, the opinions, factual knowledge and explanations of Defendants' three experts will almost certainly be helpful to the jury as the trier of fact. The testimony of Berger and Rzucidlo will principally concern factual matters relating to patent law and patent application procedures including (i) the role and duties of a patent attorney, the patent search process and the patent application process; and (ii) interference proceedings before the U.S. Patent & Trademark Office and the Board of Patent Appeals and

5

patent interferences generally. These are almost certainly matters and areas of information that are beyond the ken of most average jurors.

The testimony of Trowbridge will concern the ethical duties of an attorney with regard to his client, the ethical limits on an attorney's conduct in dealing with other attorneys, the standard of care for attorneys and their fiduciary duties, including the handling of work product and confidential information. As with the other experts, Trowbridge's testimony will almost certainly be helpful and informative to jurors because his specialized areas of knowledge are beyond the experiences and knowledge of most average jurors.

Accordingly, whether it is the basics of patent law and procedure or the tenets of the attorney-client relationship, the experts' testimony will assist the jury on what will be, in all likelihood, complicated and foreign subjects for them. In the words of the Second Circuit,

> Expert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts. Because of their specialized knowledge, their testimony can be extremely valuable and probative.

*United States v.* Duncan, 42 F.3d 97, 101 (2d Cir. 1994). Most assuredly, the testimony of Defendants' experts "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The testimony will undoubtedly be helpful to the jury in evaluating the parties' claims in this case. Indeed, their testimony is precisely the kind of specialized knowledge as to which experts can be used – and be most informative to jurors – at trial.

## C. Expert Testimony On Legal Issues Is Admissible And Required In This Case

Defendants' experts can testify as to legal matters and issues within certain parameters. In fact, expert testimony as to a legal malpractice claim is not only admissible, it is essential for the Defendants to establish a *prima facie* case and carry the burden of proof on their counterclaim of legal malpractice against Sever. Under Connecticut law, the plaintiff or

6

claimant on a legal malpractice claim must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful action or omission; (3) causation; and (4) damages. *Mayer v. Biafore, Florek & O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998). The burden rests on the claimant to prove that the attorney breached his professional duty of care. *Bennett v. Lindsay*, 1999 WL 512672 (Conn. Super., July 6, 1999).

Courts in Connecticut, including Federal Courts applying Connecticut law, uniformly hold that "for a plaintiff to prevail in a legal malpractice case in Connecticut, he must present expert testimony to establish the standard of proper professional skill or care." *Davis v. Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990)[1] (citations omitted); *Kaltman-Glasel v. Dooley*, 228 F. Supp.2d 101, 104 (D. Conn. 2002) (Arterton, J.) ("A plaintiff cannot prevail on a legal malpractice claim under Connecticut law unless either (1) she presents expert testimony establishing the professional standard of care, or (2) 'there is present such an obvious and gross want of care and skill that the neglect is clear even to a lay person.'" (internal cites omitted) (granting summary judgment to defendants-attorneys on malpractice claim).

The Defendants are thus entitled – and required by law – to offer proof in the form of expert evidence to support their counterclaim that Sever committed legal malpractice. Here, that involves testimony as to the standard of care owed to clients by attorneys as well as the fiduciary duties owed to clients. His testimony will provide the jury with information and the groundwork in the form of an opinion to enable the jury to make its own informed determination. The jury can then measure the conduct of Sever against the standard of care to determine if he breached that duty and is liable for malpractice.

---

[1] There is one exception to this rule "where there is present such an obvious and gross want of care and skill that the neglect is clear even to a lay person." *Davis*, 215 Conn. At 416 (citing *Bent v. Green*, 39 Conn. 416, 420, 466 A.2d 322 (1983)). If Sever is willing to stipulate to a gross want of care and skill on his part, then there is no need for Defendants' expert on the legal malpractice claim.

This same testimony from Trowbridge will allow the jury to assess whether Sever has breached his fiduciary duty to the Defendants. Under Connecticut law, a fiduciary or confidential relationship arises when there is a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. *Konover Dev. Corp. v. Zeller*, 228 Conn. 206, 635 A.2d 798 (1994); *Ostrowski v. Avery*, 243 Conn. 355, 703 A.2d 117 (1997). As with the legal malpractice claim, a basic understanding of these legal matters is essential to Defendants' case and it will provide the jury with the standard against which to judge Sever's behavior.

With respect to patent attorneys Berger and Rzucidlo, it is not at all clear from Sever's motion what his particular objection may be to their proposed expert testimony. Whatever his objection may be, their factual testimony on patent law and patent procedure is admissible. The testimony will concern matters that plainly require legal knowledge and years of experience, and that can only be conveyed to lay people by experienced patent practitioners. Explaining to the jury certain ins and outs of patent law and patent procedures in no way intrudes upon the province of the jury or impermissibly conveys legal instructions to the jury. Nor will it tell the jury what result to reach in the case.

To be sure, no expert (nor, for that matter, any witness) may testify as to pure legal conclusions or in a way which effectively instructs the jury on the law. *Compare United States v. Feliciano*, 223 F.3d 102 (2d Cir. 2000) (FBI Agent and Sergeant did not state legal conclusions and Rule 704(a), in any event, allowed them to testify as to ultimate issues) *and Duncan*, 42 F.3d at 101-03 (affirming Judge T.F. Gilroy Daly, IRS Agent did not state legal conclusions and, in any event, her testimony was permissible ultimate issue evidence under Rule 704(a)) *with Andrews*, 882 F.2d at 708-10 (so-called "forensic engineer" should not have been

8

permitted to testify that defendants were negligent because he "made his own law" and standard of care as "an inexperienced layman posing as a railroad expert"). The rationale for this bar is understandable and well grounded. *See* Fed. R. Evid. 704, Advisory Committee Notes (rules on expert testimony protect "against the admission of opinions which would merely tell the jury what result to reach"). However, it has no usefulness here for Sever.

*Hgyh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992), cited by Sever, is not to the contrary. There, in a police excessive force case, the plaintiff's expert (a university professor testifying about law enforcement arrest procedures as to violent detainees), definitively testified that defendant's use of force constituted "deadly physical force" that was not "justified under the circumstances" and "totally improper." In that situation, the Court determined that his testimony had crossed the line of Rule 704 because he went beyond making or opining as to factual conclusions and instead asserted legal conclusions that told the jury what result to reach. *Id.* at 364-65.[2] That will not be the case here.

---

[2] The Court noted, though, that the error was harmless and did not warrant reversal. *Id.*

## CONCLUSION

In sum, Sever's motion in limine is entirely baseless and should be denied for the foregoing reasons.

                Respectfully submitted,

                DEFENDANTS MORTON G. GLICKMAN,
                DELCATH SYSTEMS INC. AND
                STEPHEN E. FELDMAN

                By: _____
                Joseph L. Clasen, Esq. (ct04090)
                Thomas J. Donlon, Esq. (ct22839)
                ROBINSON & COLE LLP
                Financial Centre
                695 East Main Street
                Post Office Box 10305
                Stamford, CT  06904-2305
                Telephone: (203) 462-7500
                Facsimile: (203) 462-7599
                e-mail:   jclasen@rc.com
                              tdonlon@rc.com

Of Counsel:

William J. Kelleher III, Esq.


Dated: Stamford, Connecticut
       July 15, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via overnight courier Federal Express to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 15th day of July, 2004.

Joseph L. Clasen