UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SEVER,<br>   Plaintiff, | :<br>:<br>: |
| vs. | :    Civil No: 3:02CV00722 (AVC) |
| | : |
| MORTON G. GLICKMAN,<br>DELCATH SYSTEMS, INC., and<br>STEPHEN E. FELDMAN,<br>   Defendants. | :<br>:<br>:<br>: |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE DEFENDANTS' MOTION IN LIMINE**

This is an action for damages brought pursuant to common law tenets concerning fraud, civil conspiracy and conversion. The defendants have filed the within motion in limine (document no. 168) seeking to preclude the plaintiff from introducing into evidence an audiotape, or transcript thereof, that purports to contain a recording of a telephone conversation between the plaintiff, Frank Sever, and a defendant, Steven Feldman. On July 16, 2004, the court held an evidentiary hearing in connection with the defendants' motion. At the conclusion of the hearing, the court GRANTED the defendants' motion. The following constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

**BACKGROUND:**

This cause of action arises out of the alleged theft of a medical catheter device invention. The plaintiff, Frank Sever, alleges, inter alia, that he invented a medical catheter device, that he prepared a draft patent application based on this

invention and that he subsequently shared the invention and application with Feldman. Sever further alleges that Feldman fraudulently induced him into not filing a patent on his invention so that he, Feldman, could file a patent on the device in his client's, Morton Glickman's, name. Specifically, Sever maintains that Feldman told him that Glickman's company, Delcath Systems Inc. ("Delcath"), was not interested in Sever's design and that Sever should not file the patent on his own behalf because he, Feldman, would get in trouble with Delcath.

The defendants deny these allegations and maintain that they hired Sever, a patent attorney, to draft a patent application for a medical catheter device invented by Glickman. Thus, according to the defendants, any medical catheter device invention that Sever claims as his own, is, in fact, either Glickman's invention or derived from information provided by the defendants. Delcath has also counterclaimed against Sever alleging that Sever committed legal malpractice and that he breached the fiduciary duty that he owed Delcath.

On July 16, 2004 the court held an evidentiary hearing in connection with the defendants' motion in limine. Based on that hearing, the court makes the following findings. The tape offered by the plaintiff contains excerpts of two telephone conversations between Sever and Feldman. The recording is approximately twenty-five minutes in length. At approximately 11:48 in elapsed time there is an "over-recording." In other

words, a portion of the audio recording is recorded over a previously existing recording. There is no way to determine what was previously recorded on the tape. In addition, there are at least three so-called "stop-starts" in the recording. That is, there are at least three points in the recording where the recording was stopped and subsequently started. These occur at approximately 23:55, 24:13 and 24:24 in elapsed time. There is no way to tell the amount of elapsed time between when the tape was stopped and when it was started.

One of the telephone conversations contained in the recording offered by the plaintiff occurred on July 21, 1997. Based on the uncontradicted testimony of Feldman, the audiotape is missing at least four minutes of the July 21, 1997 conversation. In addition, the July 21, 1997 conversation included discussions regarding two separate topics and neither of these discussions are contained in the recording offered by the plaintiff. Specifically, during the July 21, 1997 telephone conversation, Feldman and Sever had discussed: (1) the fact that Sever had been told by the Virginia Bar Association that he could not compete with a client and thus that he could not file a patent based on information learned from the client; and (2) that Delcath was going to file a patent based on the application created by Sever. Neither of these discussions are contained in the offered recording.

DISCUSSION:

The defendants contend, inter alia, that the plaintiff should not be permitted to introduce the audio recording at trial because it is incomplete. Specifically, the defendants maintain that the recording is missing relevant excerpts of the conversation between Sever and Feldman.

Sever responds that he only seeks to introduce approximately the first seven minutes of the tape, which both parties agree is authentic. In other words, because there are no missing portions or anomalies in the first seven minutes of the tape and because there is no dispute that the conversation contained with the first seven minutes of the recording occurred, Sever maintains that he should be permitted to introduce that portion of the tape regardless of the fact that there are missing portions of the conversation in the remainder of the recording.

In United States v. Frazier, 479 F.2d 983 (2d Cir. 1973) the Second Circuit held that a trial court was "well within its discretion" in excluding an audio-tape that was largely inaudible. In Frazier, the defendant, who had been indicted on extortion charges, sought to introduce an alleged tape recording of a conversation between defense counsel and two alleged victims. The defendant sought to introduce the evidence in support of his contention that he had not extorted the victims, but that they had given him money as a loan. Approximately seventy-five per-cent of the recording, however, was inaudible.

The trial court therefore concluded that the tape was inadmissible, and, on appeal, the Second Circuit agreed. United States v. Frazier, 479 F.2d 983 (2d Cir. 1973). The court held that "[t]here is an obvious danger when a recording is substantially unintelligible that the part that can be heard may leave a misleading impression of the entire conversation." United States v. Frazier, 479 F.2d 983, 985 (2d Cir. 1973). "Moreover, the danger of unreliability of a partly inaudible recording is exacerbated by the substantial impact it may have on the jury." United States v. Frazier, 479 F.2d 983, 985 (2d Cir. 1973). Thus, the trial court was "acting well within its discretion" in excluding the recording. Id.

Although in this case the issue is that portions of the conversation are missing rather than the issue of inaudibility, the court nevertheless concludes that the same concerns underlying United States v. Frazier, 479 F.2d 983 (2d Cir. 1973) require that the defendants' motion be granted. First, there are various anomalies in the recording that indicate that the recording was altered. Second, the recording is missing at least four minutes of conversation between the parties. Third, and more importantly, the recording is missing at least two exchanges between Sever and Feldman that addressed two separate topics, both or which are relevant to the issues in this case. Specifically, the portion of the July 21, 1997 conversation relating to Sever's discussions with the Virginia Bar Association

- which is not contained in the offered recording - are relevant to Delcath's contentions that Sever violated the duty he owed to Delcath as an attorney. The other missing exchange between Sever and Feldman, wherein Feldman informed Sever that Delcath was going to file a patent on the application prepared by Sever, is equally relevant as it is in direct contradiction of Sever's allegation that Feldman told him that Delcath was not interested in the device.

Thus, the recording offered by Sever has not only been altered, but it is inaccurate, unreliable and misleading insofar as it does not portray the full content of the conversations that occurred between Sever and Feldman. To allow admission of the recording would "leave a misleading impression of the entire conversation." United States v. Frazier, 479 F.2d 983, 985 (2d Cir. 1973). Furthermore, the misleading nature the incomplete recording would be exacerbated by the fact that audio recordings "have a strong impression upon a jury." United States v. Ruggiero, 928 F.2d 1289, 1304 (2d Cir. 1991). Therefore, to permit the introduction of only portions of the conversation would unfairly prejudice the defendants.

## CONCLUSION:

Accordingly, the motion <u>in limine</u> (document no. 168) is GRANTED.[1] The plaintiff may not introduce the recording, or a transcript thereof, at trial.

It is so ordered this 2ND day of August, 2004 at Hartford, Connecticut.

                                      Alfred V. Covello,
                                      United States District Judge

---

[1] The defendants have raised various other arguments in support of their motion; these arguments need not be addressed inasmuch as the court has concluded that the motion should be granted on other grounds.