# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## Hartford

| | | |
|---|---|---|
| FRANK SEVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:02cv722 (AVC) |
| | ) | |
| MORTON G. GLICKMAN, *et al.*, | ) | Date of this Pleading: August 3, 2004 |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants**

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants[1] as follows:

1. On July 16, 2004, in a ruling from the bench, this Court ruled that Defendants' Motion in Limine to Exclude Evidence was granted.

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Connecticut, plaintiff respectfully requests oral argument.

1

2. On July 30, 2004, Sever filed Plaintiff's Motion for Reconsideration of this Court's Ruling from the Bench on July 16, 2004 to Grant Defendants' Motion in Limine to Exclude Evidence and/or Plaintiff's Opposition to Defendants' Motion in Limine to Exclude Alleged Tape Recording. If this Court grants said motion filed on July 30, 2004 and rules in Sever's favor that in essence the tape cannot be excluded, Sever respectfully requests that this Court grant Sever judgment as a matter of law and/or judgment notwithstanding the verdict of the jury only with respect to Sever's claims against the defendants.

3. Plaintiff also relies upon the Memorandum in Support of Plaintiff's Motion for Reconsideration of this Court's Ruling from the Bench on July 16, 2004 to Grant Defendants' Motion in Limine to Exclude Evidence and/or Plaintiff's Opposition to Defendants' Motion in Limine to Exclude Alleged Tape Recording that was previously filed with this Court on July 30, 2004.

4. In the alternative, Sever respectfully requests that this Court grant Sever a new trial as to only Sever's claims against the defendants based upon the erroneous ruling by this Court to exclude said tape and also upon the erroneous jury instruction that Sever was required to prove inventorship by clear and convincing evidence.

5. Plaintiff also relies upon the Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in

the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants.

6. WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court grant Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants.

Respectfully submitted,

_____
Peter Paul Mitrano (admitted *pro hac vice*)
Ct. Fed. Bar No.: 23733
Suite 201
581 Boylston Street
Boston, Massachusetts  02116
(617) 236-5655

Local Connecticut Counsel:

_____
Frank B. Velardi, Jr.
Ct. Fed. Bar No.: 07893
Lasala, Walsh, Wicklow & Velardi
168 Bradley Street
Post Office Box 1302
New Haven, Connecticut  06505-1302
(203) 785-8929
(203) 776-4663 (facsimile)

Attorneys for Plaintiff
Frank Sever, Jr.

Dated: August 3, 2004.

<u>Certificate of Service</u>

I hereby certify that I caused a copy of the foregoing Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 3rd day of August 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut  06904-2305.

_____
Peter Paul Mitrano