# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## Hartford

| | |
|---|---|
| FRANK SEVER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:02cv722 (AVC) |
| ) | |
| MORTON G. GLICKMAN, *et al.*, ) | Date of this Pleading: August 3, 2004 |
| ) | |
| Defendants. ) | |

**Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants**

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states his Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants[1] as follows:

On Wednesday, July 21, 2004, just before this Court was to instruct the jury, defendants took the position that the jury should be additionally

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Connecticut, plaintiff respectfully requests oral argument.

1

instructed for the first time that Sever was required was required to prove the issue of inventorship by a clear and convincing standard of proof. In *Eli Lilly and Company* v. *Aradigm Corporation,* Nos. 03-1336, 03-1337, decided July 20, 2004 by the United States Court of Appeals for the Federal Circuit, 2004 U.S.App. LEXIS 15144, the court discussed the issue of burden of proof for inventorship and stated in part:

> "Environ Products prevents form from triumphing over substance in priority contests embedded in infringement proceedings, provided that the parties have stipulated to a definition of the interfering subject matter. The preponderance of the evidence burden of proof that Environ Products establishes, however, is not applicable to Lilly's joint inventorship claim under section 256 because that claim involves neither priority per se nor subject matter that has been determined to be interfering."

In the instant action but for the fraud and deceit committed by defendant Feldman, Sever would have been first to apply for a patent for the subject invention. Furthermore, in *Environ Products, Inc.* v. *Furon Co.,* 215 F.3d 1261, 1265 (Fed. Cir. 2000), the court noted that "the presumption of validity provided by 35 U.S.C. § 282 is 'eroded by the grant of an interfering patent.'" Sever contends that any presumption to be given to the subject patent is "eroded" by defendant Feldman's fraud and deceit. In addition, by this Court requiring Sever to prove the issue of inventorship by clear and convincing evidence standard rewards the defendant Feldman for the fraud and deceit (Feldman representing to Sever that Sever applying for a patent would cause trouble for Feldman) committed by defendant Feldman. Moreover, it places Sever in a classic "catch-22" situation in that even though Sever is the true

2

inventor, Sever was required to establish said inventorship by the clear and convincing standard as the sole result of the fraud committed by defendant Feldman. Accordingly, Sever contends that this Court committed error in instructing the jury that Sever was required to prove inventorship by the clear and convincing standard of proof rather than a mere preponderance of the evidence standard of proof, that said error was not harmless, that said error was prejudicial because it raise the requirement of proof required by Sever and that said error over the timely objection of Sever warrants a new trial that Sever requests be limited to Sever's claims against the defendants.

Note that in *Goldwater* v. *Ginzburg*, 414 F.2d 324 (2nd Cir. 1969), the court recognized that one cause of action had different standards of proof for different elements of said cause of action and stated in part that:

> "The Times decision changed state libel law only to the extent of requiring public officials to prove actual malice with convincing clarity. 376 U.S. at 285-286, 84 S. Ct. 710. Other elements of proof, such as that the statements were written and that the statements were communicated to third persons, need only be proved by a preponderance of evidence--the burden of proof imposed by New York law. See *Erie v. Tompkins*, *supra* Appellants' reliance on the Court's reference in *New York Times v. Sullivan* to 'constitutionally defective' and 'constitutionally insufficient' evidence that libelous statements by the defendant newspaper were 'made of and concerning plaintiff Sullivan' is a mistaken reliance. In that portion of its opinion the Court was not referring to a general standard of proof."

Sever also relies upon the tape that this Court with all due respect erroneous excluded. Sever contends as stated in his motion for reconsideration filed on July 30, 2004 that said exclusion of the tape was an

exclusion of evidence that was of the utmost importance to Sever's case. Accordingly, Sever contends that the exclusion of the tape warrants at the very least a new trial which Sever hereby requests be limited to Sever's claims against the defendants. Sever further states that said error was not harmless, that said error was prejudicial because it deprived Sever of critical evidence which also outcome determinative of this action. Sever also contends that if this Court reconsiders its ruling on the tape and accepts the tape as evidence in this matter that Sever is as a matter of law entitled to judgment on his claims against the defendants.

The tape also implicitly raises the issue of whether the defendants committed fraud in presenting their version of the facts during the trial. Sever contends that the only explanation of each side's contradictory version of the facts is that one side is committing perjury. Accordingly, Sever respectfully requests that this Court require the defendants to produce the original documents that were copied and are identified in defendants' books of exhibits as defendants' exhibits numbered 1, 2, 3, 4, 5, 7, 8, 9, 14, 16, 18, 39, 41, 42, 43, 46, 49, 99 and 100 along with the complete telephone records (from January 1, 1996 through the present) of Mr. Mitri, Dr. Berman and defendant Feldman so that Sever may examine the same to determine the extent of fraud.

WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court grant Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July

16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants.

                                    Respectfully submitted,

                                    _____
                                    Peter Paul Mitrano (admitted *pro hac vice*)
                                    Ct. Fed. Bar No.: 23733
                                    Suite 201
                                    581 Boylston Street
                                    Boston, Massachusetts  02116
                                    (617) 236-5655

                                    Local Connecticut Counsel:

                                    _____
                                    Frank B. Velardi, Jr.
                                    Ct. Fed. Bar No.: 07893
                                    Lasala, Walsh, Wicklow & Velardi
                                    168 Bradley Street
                                    Post Office Box 1302
                                    New Haven, Connecticut  06505-1302
                                    (203) 785-8929
                                    (203) 776-4663 (facsimile)

                                    Attorneys for Plaintiff
                                    Frank Sever, Jr.

Dated: August 3, 2004.

<u>Certificate of Service</u>

I hereby certify that I caused a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Judgment as a Matter of Law Based Upon the Reconsideration of this Court's Ruling from the Bench on July 16, 2004 Related to the Tape; or in the Alternative, Plaintiff's Motion for a New Trial as to Only Plaintiff's Claims Against the Defendants to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 3rd day of August 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut 06904-2305.

_____
Peter Paul Mitrano