## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK SEVER, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| | : | |
| v. | : | |
| | : | |
| MORTON G. GLICKMAN, DELCATH SYSTEMS, INC., and STEPHEN E. FELDMAN, | : : : | |
| | : | |
| Defendants. | : | SEPTEMBER 20, 2004 |

## MOTION FOR CONTEMPT

Defendants, Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly "Defendants"), respectfully move, pursuant to Local Rule 7(a), that this Court find Plaintiff Frank Sever, Jr. ("Plaintiff") in contempt for failure to obey an earlier order of this Court.

In support of this motion, Defendants respectfully represent as follows:

1. Plaintiff sought leave of court to call a rebuttal expert at trial after discovery had closed and after the Joint Trial Memorandum had been submitted.

2. Over Defendants' objection this Court granted Plaintiff's request.

3. Specifically acknowledging that Defendants would be prejudiced by permitting a rebuttal expert to be identified so close to trial, this Court set forth certain conditions in its Order of April 29, 2004.

**ORAL ARGUMENT NOT REQUESTED**

STAM1-764999-1

4. Included in those conditions was an authorization for Defendants to depose the rebuttal expert and a requirement that any costs or expenses of such deposition would be borne by the Plaintiff.

5. A deposition of the rebuttal expert was held on May 25, 2004.

6. Following receipt of the transcript, and the bill from the court reporter for her services, Defendant's counsel sent Plaintiff's counsel a request for payment in the amount of $2,920.30 on July 2, 2004.

7. When payment was not received, Defendant's counsel raised the issue with Plaintiff's counsel at trial.

8. Plaintiff's counsel replied that he would send a written response after trial.

9. On August 9, 2004, having not heard from Plaintiff or his counsel, Defendant's counsel again wrote demanding payment.

10. Plaintiff's counsel finally responded on August 17, 2004. His letter included a check for payment of the court reporter's fees only. Plaintiff stated he was still researching his liability for Defendants' attorney fees at the deposition and asked for a breakdown of those fees.

11. On August 20, 2004, Defendant's counsel sent another letter pointing out the specific language of this Court's April 29, 2004 Order mandating payment and including a breakdown of the fees.

12. During the following month, Plaintiff failed to pay the amount due or even contact Defendants' counsel.

13. Plaintiff's actions demonstrate contempt of this Court.

WHEREFORE, for the reasons set forth in greater detail in Defendants' Memorandum of Law In Support Motion For Contempt, Defendants request that this Court impose both coercive and compensatory fines upon Plaintiff for his continued refusal to pay Defendants the costs incurred at the deposition of his rebuttal expert as this Court ordered.

Dated: Stamford, Connecticut
September 20, 2004

DEFENDANTS MORTON G. GLICKMAN,
DELCATH SYSTEMS INC. AND
STEPHEN E. FELDMAN


By:/s/     Thomas J. Donlon
Joseph L. Clasen, Esq. (ct04090)
Thomas J. Donlon (ct22839)
e-mail:     jclasen@rc.com
            tdonlon@rc.com
ROBINSON & COLE LLP
Financial Centre
695 East Main Street
Post Office Box 10305
Stamford, CT  06904-2305
Telephone:  (203) 462-7500
Facsimile:  (203) 462-7599

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 20th day of September, 2004.

      /s/   Thomas J. Donlon
Thomas J. Donlon