UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FRANK SEVER, JR.,                    :
                                     :
            Plaintiff,               :        CIVIL ACTION NO.:  3:02CV722 (AVC)
                                     :
      v.                             :
                                     :
MORTON G. GLICKMAN, DELCATH          :
SYSTEMS, INC., and STEPHEN E.        :
FELDMAN,                             :
                                     :
            Defendants.              :        SEPTEMBER 20, 2004

MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION FOR CONTEMPT

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath")

and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants"), submit this memorandum of

law in support of Defendants' motion seeking contempt against Plaintiff, Frank Sever, Jr.

("Plaintiff").  Plaintiff has contemptuously refused to pay costs previously ordered by this Court

for over three months.  Defendants have been forced to bring this motion to obtain enforcement

of this Court's prior order.

BACKGROUND

On March 29, 2004, Plaintiff filed a motion seeking leave to call a rebuttal expert witness

at trial.  By its Order dated April 29, 2004 (copy attached for ease of reference as Exhibit A), this

Court granted the request subject to certain conditions.  One of those conditions stated:

    (4)  any costs or expenses associated with any party's deposition of
the plaintiff's rebuttal expert shall be borne by the plaintiff.

On May 25, 2004, a deposition of Mr. Bruce Koenig, Plaintiff's rebuttal expert, was conducted at the offices of Defendants' counsel.  On July 2, 2004, Defendants' counsel sent to Plaintiff's counsel a statement of the cost and expenses incurred and requested payment pursuant to this Court's Order.  (Copy attached as Exhibit B)

Not having received a response, Defendants' counsel raised the issue during the trial and was told by Plaintiff's counsel that a written response would be forthcoming.  When still no response was received, Defendants' counsel sent a follow up letter on August 9, 2004.  (Copy attached as Exhibit C).

Finally, on August 17, 2004, Plaintiff's counsel sent a reply.  (Copy attached as Exhibit D).  Enclosed was a check for $270.30, in payment of the court reporter's fee only.  The letter stated, "Sever is still researching whether Sever is liable for payment of your attorney's fees that you billed."  The letter also requested a breakdown of those fees.

On August 20, 2004, Defendants' counsel sent another letter referring directly to the language of this Court's Order, providing a breakdown of the fees involved and stating, unless payment was promptly received, Defendants would be forced to return to this Court.  In the following month, Plaintiff has failed to make any response.

## ARGUMENT

Defendants' only reluctantly turned to this Court for assistance in collecting the funds due under its prior Order, after months of attempting to resolve this issue between the parties.

Plaintiff continues to refuse to make the payment required as part of a decision which

accommodated Plaintiff, even though this Court recognized that Plaintiff's request regarding the

rebuttal expert was untimely and prejudicial to Defendants.  *See* Order, Exhibit A, p. 3.  In these

circumstances, civil contempt is not only appropriate, but necessary to enforce this Court's

Order.

In order to impose civil contempt for violation of a court order, three elements are

required:

> (1)  the order the contemnor failed to comply with is clear and
> unambiguous, (2) the proof of non-compliance is clear and
> convincing, and (3) the contemnor has not diligently attempted to
> comply in a reasonable manner.

*Paramedics Electromedicina Comercial v. G.E. Medical Systems Information Technologies*, 369

F.3d 645, 655 (2d Cir. 2004); *see also Perez v. Danbury Hospital*, 347 F.3d 419, 423-424 (2d

Cir. 2003); *Egri v. Conn. Yankee Atomic Power Co.*, 2003 U.S. Dist. LEXIS 25600, at *9-*10

(D. Conn. June 30, 2003).

In the present case, each of these three elements is met.  First, the Order that "any costs"

would be "borne by the plaintiff" could not be clearer.  Second, the proof of non-compliance is

clear and convincing.  Despite repeated requests over the past three months, Plaintiff has failed

to pay these costs.  His counsel's letter of August 17, 2004, demonstrates that Plaintiff knows the

costs are due, yet persists in failing to pay.  Further, that letter demonstrates that Plaintiff has not

attempted to comply.  Neither Plaintiff nor his counsel has even contacted Defendants' counsel

in the month since that third demand letter was sent.

3

Therefore, a determination of civil contempt is warranted.  The imposition of civil contempt may serve dual purposes; (1) to secure future compliance, and (2) to compensate the wronged party.  *Paramedics Electromedicina Comercial*, 369 F.3d, at 657.  In this case, both purposes would be served by ordering the Plaintiff to pay not only the outstanding deposition costs of $2,650.00, but also an additional $2,500.00.  The additional amount would be intended to compensate Defendants for the costs in pursuing payment and bringing this contempt motion (necessitated solely as a result of the willful non-payment by Plaintiff), and to induce obedience to this Court's contempt order.  *See, e.g., Egri,* 2003 U.S. Dist. LEXIS 25600, at *13-*14 (attorney found in contempt required to pay opposing party $2,500 to compensate for costs incurred in bringing the contempt motion.); *see also Manhattan Industries v. Sweater Bee,* 885 F.2d 1, 8 (2d Cir. 1989); *Shady Records v. Source Enterprises, Inc.,* 2004 U.S. Dist. LEXIS 10511, at *5-*7 (S.D.N.Y. June 8, 2004).

Finally, Plaintiff's demonstrated pattern of non-compliance with this Court's Order cautions that he may not obey even a contempt order in a timely fashion.  Rather than risk a situation where Defendants must once again return to this Court to seek enforcement (incurring additional expenses), the contempt order should contain a provision for additional fines for non-compliance.  Defendants, therefore, request that the order of contempt impose an additional fine, payable to Defendants, of $500.00 for each week that Plaintiff fails to pay the amounts imposed by this Court in its contempt order.  *See, e.g., Egri,* 2003 U.S. Dist. LEXIS 25600, at *14.

4

## CONCLUSION

Plaintiff has clearly acted in contempt of this Court's Order requiring him to pay any costs arising out of the deposition of his rebuttal expert. For three months, Plaintiff has stonewalled and refused to pay, ultimately requiring Defendants to incur even further costs in bringing this motion. Therefore, this Court should order Plaintiff to immediately pay to Defendants the prior attorney's fees of $2,650.00 as well as an additional $2,500.00, both as compensation and coercion. Further, the Contempt Order should include additional weekly fines for any future non-payment.

Dated: Stamford, Connecticut
        September 20, 2004

<div style="margin-left:40%">

DEFENDANTS MORTON G. GLICKMAN,
DELCATH SYSTEMS INC. AND
STEPHEN E. FELDMAN


By:/s/      Thomas J. Donlon
        Joseph L. Clasen, Esq. (ct04090)
        Thomas J. Donlon, Esq. (ct22839)
        e-mail:  tdonlon@rc.com
        ROBINSON & COLE LLP
        Financial Centre
        695 East Main Street
        Post Office Box 10305
        Stamford, CT  06904-2305
        Telephone:  (203) 462-7500
        Facsimile:  (203) 462-7599

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 20th day of September, 2004.

By:/s/      Thomas J. Donlon
            Thomas J. Donlon