UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK SEVER, Jr.,
   Plaintiff,

vs.

MORTON G. GLICKMAN, ET AL.,     :     Civil No: 3:02CV00722 (AVC)
   Defendants.

### ORDER ON THE PLAINTIFF'S MOTION FOR LEAVE TO CALL REBUTTAL WITNESS

This is an action for damages arising out of the alleged theft of a medical catheter device invention. It is brought pursuant to common law tenets concerning fraud, conversion and civil conspiracy. On March 29, 2004, the plaintiff filed the within motion for leave to reserve plaintiff's right to call an expert rebuttal witness (document no. 117). For the reasons that hereinafter follow, the motion (document no. 117) is GRANTED as follows: (1) the testimony of the proposed rebuttal expert shall be limited to the rebuttal of the defendants' expert; (2) the plaintiff shall provide the defendants with an expert report from the plaintiff's proposed rebuttal expert on or before May 13, 2004; (3) the defendants shall be permitted to depose the plaintiff's proposed rebuttal expert prior to trial; and (4) any costs or expenses associated with any party's deposition of the plaintiff's rebuttal expert shall be borne by the plaintiff.

The plaintiff contends that he should be granted leave to call an expert witness to rebut the defendants' expert witness,

1

who the defendants intend on calling to testify at trial. The defendants, however, object and contend that the plaintiff should be barred from calling his proposed rebuttal expert because he has failed to comply with the applicable discovery rules. Specifically, the defendants contend that the plaintiff should be precluded from calling his proposed rebuttal expert because: (1) the plaintiff has never before disclosed this expert; (2) the plaintiff's disclosure is late; and (3) the plaintiff has failed to provide an expert report for the proposed expert.

A party must disclose any rebuttal experts within thirty days of receiving the opposing party's disclosure of its expert. See Fed. R. Civ. P. 26(a)(2)(c). Further, a party who intends to call an expert must provide an expert report to the opposing party. See Fed. R. Civ. P. 26(a)(2)(B). Failure to timely disclose an expert, or to provide an expert report to the opposing party, subjects the non-complying party to the possible exclusion of his proposed expert witness, as well as various other sanctions. See Fed. R. Civ. P. 37(c)(1). However, "[t]he remedy of striking testimony is admittedly a drastic one," Dura Automotive Systems of Indiana, Inc. v. CTS Corp., 285 F.3d 609, 621 (7th Cir. 2002), and runs counter to the more general rule favoring trials on the merits over procedural victories, see Day v. Consolidated Rail Corp., No. 95CIV968, 1996 WL 257654, at *3 (S.D.N.Y. 1996). Thus, "many judges are reluctant to exclude evidence that is important to the merits of the case without a

showing of substantial and *largely irremedial prejudice*, as well as bad faith, willfulness or some other substantial fault." James W. Moore 7 Moore's Federal Practice § 37.60[2][b], at 37-120 (3d Ed. 2004) (emphasis added); see also Day v. Consolidated Rail Corp., No. 95CIV968, 1996 WL 257654, at *3 (S.D.N.Y. 1996) (permitting party to present expert witness testimony regardless of late disclosure, but fashioning order to ameliorate prejudice to opposing parties).

Applying these principles, the court concludes that the plaintiff's motion should be granted, provided he complies with certain requirements. It is undisputed that the defendants disclosed their expert on December 6, 2002. The plaintiff was therefore required to disclose his rebuttal expert by January 6, 2003. The plaintiff, however, disclosed his rebuttal expert on March 29, 2004. Consequently, the plaintiff's disclosure of his expert is late. See Fed. R. Civ. P. 23(a)(2)(B). Further, it is undisputed that the plaintiff has failed to disclose an expert report in connection with his rebuttal expert. Such failures to comply with the discovery rules by the plaintiff prejudice the defendants to the extent that the defendants have not had an opportunity to review the substance of the rebuttal expert's opinions, depose the proposed expert, and, with limited time until trial, will be required to prepare for a new witness. Further, there is a possibility that a new expert witness may

3

introduce new issues.

Nevertheless, the prejudice to the defendants can be sufficiently remedied. Thus, the drastic remedy of precluding the plaintiff from calling the proposed rebuttal expert appears unwarranted.[1] See Day v. Consolidated Rail Corp., No. 95CIV968, 1996 WL 257654, at *3 (S.D.N.Y. 1996). Therefore, the plaintiff's motion for leave to call an expert rebuttal witness (document no. 117) is GRANTED as follows: (1) the testimony of the proposed rebuttal expert shall be limited to the rebuttal of the defendants' expert; (2) the plaintiff shall provide the defendants with an expert report from the plaintiff's proposed rebuttal expert on or before May 13, 2004; (3) the defendants shall be permitted to depose the plaintiff's proposed rebuttal expert prior to trial; and (4) any costs or expenses associated with any party's deposition of the plaintiff's rebuttal expert shall be borne by the plaintiff. Failure to comply with these requirements shall result in the exclusion of the plaintiff's rebuttal witness at the time of trial.

It is so ordered this _29TH_ day of April, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

[1] The court does not, in any way, condone the plaintiff's actions.