# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## Hartford

| | | |
|---|---|---|
| FRANK SEVER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:02cv722 (AVC) |
| | ) | |
| MORTON G. GLICKMAN, *et al.*, | ) | Date of this Pleading: October 11, 2004 |
| | ) | |
| Defendants. | ) | |

## Plaintiff's Memorandum in Opposition to
## Defendants' Motion for Contempt

Plaintiff, Frank Sever, Jr. (hereinafter sometimes referred to as "Sever"), by and through his undersigned attorneys, states Plaintiff's Memorandum in Opposition to Defendants' Motion for Contempt[1] as follows:

As a preliminary matter, Sever's first position, with all due respect to this Court, is that this Court at this point in time does not have jurisdiction to hear defendants' motion for contempt. This action is currently pending before the United States Court of Appeals for the Federal Circuit and also before the United States Court of Appeals for the Second Circuit.

---

[1]   Pursuant to the Local Rules of the United States District Court for the District of Connecticut, plaintiff respectfully requests oral argument.

See *Wright* v. *Jackson*, 522 F.2d 955, 957-958 (4th Cir. 1975) wherein the court held that attorney's fees are to be awarded to a party while the underlying case is before the court and no later than the filing of an appeal and stated in part that:

> "A question not raised by either party is the district court's power to award costs after the filing of a notice of appeal. An appeal from a final order normally ousts the district court of jurisdiction (citations omitted) . . . The policy against piecemeal appeals suggests that **a court proposing to award discretionary costs should do so before the appeal is taken from its substantive order**. We believe that it more than suggests that to the extent its measure depends upon the correctness, vel non, of its substantive order, it should be made in time for us to consider both matters together. We would hold that insofar as a court's measure of a party's obstinacy depends on the merits of the case, **it must make that assessment while the merits are before it, either prior to an appeal, or on remand after they have been settled**." (Bold emphasis added.)

Note that in *Hirschkop* v. *Snead*, 475 F.Supp. 59, 61 (E.D.Va. 1979), affirmed 646 F.2d 149 (4th Cir. 1981), the court stated in part that:

> ". . . The inference is that the Court should raise the issue of attorney's fees *sua sponte*. This, however, has not been the practice in this Court, nor is the Court convinced that it is the better practice. Indeed, for the Court to raise the issue of attorney's fees *sua sponte* would, in this Court's view, unduly interfere with the parties' conduct of their own litigation, and is not to be favored.
>
> "Further, the Fourth Circuit has held that a district court lacks jurisdiction to award discretionary costs such as attorney's fees after the filing of a notice of appeal, where the Court's discretion as to costs depends upon the merits of the case. *Wright v. Jackson*, 522 F.2d 955, 957-8, (4th Cir. 1975) . . . ."

In *Simmerman* v. *Corino*, 27 F.3d 58, 63-64 (3rd Cir. 1994), the court stated in part that:

> ".   .   . In addition, however, we adopted a supervisory rule aimed at eliminating piecemeal review: we held that 'counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in district court.' *Pensiero*, 847 F.2d at 92. See also *Mellon Bank Corp. v. First Union Real Estate*, 951 F.2d 1399, 1413 (3d Cir.1991) (request for sanctions after entry of final judgment untimely); *Hilmon Co. v. Hyatt Int'l.*, 899 F.2d 250, 251 n. 1 (3d Cir.1990) (same).
>
> "The logic of *Pensiero* applies equally to sua sponte consideration of sanctions by the district court. There we emphasized the undesirability of separate appeals concerning merits and fee questions and noted that,
>
>> [i]n general, the dictates of due process should not necessitate prolonged consideration in the district court to assess Rule 11 sanctions once a violation has been established.
>
> "*Pensiero*, 847 F.2d at 99.  There is no inordinate burden in requiring the district court to raise and resolve any Rule 11 issues prior to or concurrent with its resolution of the merits of the case. Such timing will, furthermore,
>
>> conserve judicial energies.  In the district court, resolution of the issue before the inevitable delay of the appellate process will be more efficient because of current familiarity with the matter.  Similarly, concurrent consideration of challenges to the merits and the imposition of sanctions avoids the invariable demand on two separate appellate panels to acquaint themselves with the underlying facts and the parties' respective legal positions.

"Id.

"In the context of a possible Rule 11 violation, the court and opposing party are in similar positions. Both know of the rule and its requirements, and both possess similar information about the conduct and the pleadings of counsel. The Advisory Committee Notes accompanying the rule explain that notice should be given promptly upon the discovery of a rule violation. There is no reason why prompt action should be required of an opposing party and yet not similarly required of the court. At the time that the court decided the motions for summary judgment and dismissal, it had before it the identical information that it relied upon three months later in imposing the sanctions. Nothing was to be gained by delay. If sanctions had truly been appropriate, the court should have imposed them at that time. (Footnote omitted.) Their imposition three months later was an abuse of discretion."

Also note in *Elias* v. *El Paso County Community College District*, 556 F.Supp. 248, 254 (Tex. 1982), the court stated in part that:

"Since the Court has found that Defendant is not liable to the Plaintiff for damages or other relief, judgment should be entered in favor of Defendant in this respect. In its Answer filed herein, Defendant prayed for reasonable attorneys' fees pursuant to 42 U.S.C. Sec. 1988. If Defendant, who is the prevailing party, contends that it is entitled to an award of attorneys' fees, it is appropriate to determine this issue before a final judgment is entered. See *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) . . . ."

In *Devine* v. *American Ben. Corp.*, 56 F.Supp.2d 679, 683-684 (W.Va. 1999), the court explained that a sua sponte Rule 11 sanction does not allow the court to award attorney's fees and stated in part that:

"B.    ***Imposition of Sanctions in the form of Attorney Fees***

4

"The Court has considered imposing sanctions on Plaintiff's counsel in the form of some, or all, of the fees requested by the Trust.  The obvious vehicle for these sanctions, *Rule* 11, *Federal Rules of Civil Procedure*, however, does not contemplate an award of attorney fees by the Court acting *sua sponte*.  Rule 11(c)(2) provides:

> (2) Nature of Sanction;  Limitations.  A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.  Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed.R.Civ.P.  11(c)(2).   Several courts, including our own Court of Appeals, albeit in an unpublished opinion, interpret this subdivision of the Rule to prevent a court from *sua sponte* imposing attorney fees as a sanction against one who contravenes *Rule* 11. *Duggan v. Everd*, No. 95-2242, 1996 WL 145230, at * 1 (4th Cir. Apr.1, 1996); *Nuwesra v. Merrill Lynch, Fenner Smith, Inc.*, 174 F.3d 87, 88 (2d Cir.1999) (holding the district court 'had no authority under Rule 11(c)(1)(B) to award attorneys' fees sua sponte.') (per curiam); Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 152 n. 3 (7th Cir.1996) (per curiam) .  .  .

"Further, case law and the difficult posture of the case counsel against attempting to impose sanctions pursuant to 28 U.S.C. § 1927 or the Court's inherent powers.   These sanctions, in the Court's estimation, would require (1) an evidentiary hearing .  . .  and (3) detailed findings of bad faith.  *Chaudhry v.*

*Gallerizzo*, 174 F.3d 394, 411 n. 14 (4th Cir.1999) ('section 1927 also requires a 'finding of counsel's bad faith as a precondition to the imposition of fees.') (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n. 25 (4th Cir.1991)); Strag v. Board of Trustees 55 F.3d 943, 955 (4th Cir.1995) (observing 'the special sanction of attorneys' fees [under the Court's inherent powers] is appropriate in three circumstances: (1) where a party's litigation efforts directly benefit others, (2) where a party has willfully disobeyed a court order, and (3) where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.') . . . ."  (All emphasis in quoted text.)

In *Nuwesra v. Merrill Lynch, Fenner Smith, Inc.*, 174 F.3d 87, 92 (2nd Cir.

1999), the court stated in part that:

> "In particular, 'a sanctioned attorney must receive *specific notice of the conduct alleged to be sanctionable* and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter.'  *Lapidus*, 112 F.3d at 97 (emphasis added); *see also United States v. International Bhd. Of Teamsters*, 948 F.2d 1338, 1346 (2d Cir.1991) (district court must 'specify the sanctionable conduct and the authority for the sanction').  'The purpose of particularized notice is to put counsel 'on notice as to the particular factors that he must address if he is to avoid sanctions.'  *Lapidus*, 112 F.3d at 96 (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1357 (3d Cir.1990)).  Accordingly, Rule 11 requires that the court, before imposing sanctions *sua sponte*, enter an order describing the specific conduct that appears to violate [the rule] and directing [the] attorney . . . to show cause why it has not violated [the rule] with respect thereto.'  Fed.R.Civ.P. 11(c)(1)(B) (emphasis added.)
>
> "The district court's orders in this case failed to apprise appellant of the specific conduct alleged to be sanctionable.  The court's written order stated only that '[t]he court will be awarding attorney's fees based on one or mare of the following provisions: 42 U.S.C. § 12205; 28 U.S.C. § 1927; Rule 11(c)(1)(B) F.R.C.P.; and

the inherent power of the district court to award
attorney's fees.'  Although this order notified appellant
of the possible legal bases for a fee award, it failed to
apprise him of the particular conduct for which the
court was considering imposing sanctions."   (All
emphasis in quoted text.)

Note that Rule 54(d) of the Federal Rules of Civil Procedure required the
defendants to file a bill of costs within fourteen days of the judgment entered in
this action.  None of the defendants filed a bill of costs within said fourteen
days of the judgment entered in this action.  Hence, the defendants are not
allowed to now recover any purported attorney's fees.  See *Slader* v. *Pearle
Vision Inc.*, 199 F.R.D. 125, 126 (N.Y. 2001), wherein the court stated in part
that:

"The motion for attorneys' fees is denied as
untimely.   Federal Rule of Civil Procedure 54(d)
requires that motions for 'attorneys' fees and related
nontaxable expenses' be filed 'no later than 14 days
after entry of judgment' unless otherwise provided by
statute or order of the court . . . ."

Moreover, with all due respect to this Court, this Court should not served
(whether unintentionally or otherwise) as a conduit to resurrect the failed
attempt of the defendants to comply with the requirements the Federal Rules of
Civil Procedure.  Note also that the defendants have failed to comply with the
21-day safe harbor requirement and that the defendants failed to comply with
other requirements including but not limited to stating the specific conduct of
plaintiff that they was sanctionable.  Also see *Radcliffe* v. *Rainbow Const. Co.*,
254 F.3d 772, 789 (9th Cir. 2001) ("It would render Rule 11(c)(1)(A)'s 'safe
harbor' provision meaningless to permit a party's noncompliant motion to be

converted automatically into a court-initiated motion, thereby escaping the service requirement."); *Thomas* v. *Treasury Management Ass'n, Inc.*, 158 F.R.D. 364, 371 (Md. 1994) ("[N]othing Plaintiff or her counsel did multiplied pleadings 'unreasonably and vexatiously.'  Article 28, § 1927 provides no basis for relief to Defendant."); *Nuwesra v. Merrill Lynch, Fenner Smith, Inc.*, 174 F.3d 87, 95 (2nd Cir.1999) ("Because Rule 11(c)(2) permits a court to award attorneys' fees only by motion, the district court had no authority to do so *sua sponte*."); *Goldin* v. *Bartholow*, 166 F.3d 710, 722-723 (5th Cir. 1999) ('Moreover, the standard for the imposition of sanctions using the court's inherent powers is extremely high.  The court must find that the 'very temple of justice has been defiled' by the sanctioned party's conduct."); *Thorton* v. *General Motors Corp.*, 136 F.3d 450, 455 (5th Cir. 1998) ("In this case the notice and due process requirements for a district court's imposition of sanctions on its own initiative were not followed.  Thus, the district court abused its discretion by sanctioning Strauss without giving him notice of the specific conduct"); *Farris* v. *County of Camden*, 61 F.Supp.2d 307, 334 (N.J. 1999) (court refused to sanction pursuant to Rule 11(c)(1)(B) because it would allow party "to circumvent the 'safe harbor' requirement of the Rule"); *Nagel* v. *Adm Investor Services, Inc.*, 65 F.Supp.2d 740, 756 (Ill. 1999) ("Rule 11 does not demand that all possible readings of poorly drafted complaints be true .  .  . Awarding sanctions for a vague allegation that is so easily dealt with would go beyond allowing the tail to wag the dog.  It would allow a flea to wag the dog .  .  . Because the motion must identify the 'specific conduct' that violates Rule 11, ADMIS has not

preserved any demand for sanctions based on other allegations of the complaint."); *Dee-K Enterprises, Inc.* v. *Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 354 (E.D.Va. 1998) ("Were that the case, Rule 11 would essentially collapse into Rule 12(b)(6), for every time a plaintiff failed to state a claim upon which relief could be granted, it would also be liable for fees or other sanction under Rule 11. Such a result is plainly contrary to the language and intent of the Rules."); *Simmerman* v. *Corino*, 27 F.3d 58, 64 (3rd Cir. 1994) ("The party sought to be sanctioned is entitled to particularized notice including, at a minimum, 1) the fact that Rule 11 sanctions are under consideration, 2) the reasons why sanctions are under consideration, and 3) the form of sanctions under consideration.");

In *Roadway Exp., Inc.* v. *Piper*, 447 U.S. 752, 767 (1980), the Supreme Court stated in part that:

> ". . . Similarly, the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers . . . ."

## Sever is not in Contempt

Most importantly, the subject order from this Court does not state that Sever shall pay defendants' attorney's fees. See *Fonar Corp.* v. *Deccaid Services, Inc.*, 983 F.2d 427, 429 (2nd Cir. 1993) wherein the court stated:

> "A district court may punish for disobedience of an order only if the order is clear and unambiguous. 'The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be

understood, it can be a deadly one.' *International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967).  'An unclear order provides insufficient notice to justify a sanction as harsh as contempt.' *United States v. International Bhd. of Teamsters*, 899 F.2d 143, 146 (2d Cir.1990).  The contempt order in the instant case was predicated on alleged violations of an unclear restraining order . . . ."

Also see *Drywall Tapers and Pointers of Greater New York, Local 1974 of I.B.P.A.T. AFL-CIO* v. *Local 530 of Operative Plasterers and Cement Masons Intern. Ass'n*, 889 F.2d 389, 394 (2nd Cir. 1989), wherein the court stated:

"A court may hold a party in civil contempt only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and 'the defendant has not been reasonably diligent and energetic in attempting to accomplish what was ordered.' *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.), cert. denied, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981) (citing cases).

"2. Due Process

"Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing.  Fed.R.Crim.P. 42(b); *Remington Rand Corp.-Del. v. Business Sys., Inc.*, 830 F.2d 1256, 1258 (3d Cir.1987) (applying Rule 42(b) to civil contempt cases); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 109 (2d Cir.1987) (same)."

The subject order does not have any reference to "attorney's fees" in the language of the order upon which defendants rely in support of their motion for attorney's fees.  Black's Law Dictionary *With Pronunciations,* Fifth Edition (hereinafter referred to as "Black's"), West Pubg. 1979, at page 312, in pertinent part, defines "Costs" as: "A percuniary allowance, made to the

successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action. Fed.R.Civ. P 54(d)…Generally, "costs" do not include attorney fees unless such fees are by a statute denominated costs or are by statute allowed to be recovered as costs in the case.  Although Black's, provides no definition for "expenses" in particular, at page 518, it does define "Expense."  As above, there is no reference in to attorney's fees and Black's similarly equates "Expense" to "Costs".  Also see *United States Fidelity and Guaranty Company* v. *Braspertro Oil Services Company*, 369 F.3d 34 (2nd Cir. 2004).

In closing, *arguendo*, as a protective measure (Sever did not desire to utilize this Court's resources over this matter), Sever respectfully requests that if this Court determines that this Court does have jurisdiction in this matter, (1) that this Court require the defendants to return the monies that Sever has paid to the defendants for the transcript of the deposition of the expert that the defendants order for themselves and also (2) that this Court require the defendants to pay for the fees that Sever has paid to the expert for the expert's time for traveling to and from the deposition and attending said deposition that the defendants requested and took of the expert.

WHEREFORE, plaintiff, Frank Sever, Jr., respectfully requests that this Honorable Court deny defendants' motion for contempt.

Respectfully submitted,

_____

Peter Paul Mitrano (admitted *pro hac vice*)
Ct. Fed. Bar No.: 23733

11

Suite 201
581 Boylston Street
Boston, Massachusetts  02116
(617) 236-5655

Local Connecticut Counsel:


_____
Frank B. Velardi, Jr.
Ct. Fed. Bar No.: 07893
Lasala, Walsh, Wicklow & Velardi
168 Bradley Street
Post Office Box 1302
New Haven, Connecticut  06505-1302
(203) 785-8929
(203) 776-4663 (facsimile)

Attorneys for Plaintiff
Frank Sever, Jr.

Dated: October 11, 2004.

<u>Certificate of Service</u>

I hereby certify that I caused a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendants' Motion for Contempt to be deposited with the United States Postal Service, postage prepaid for first-class mail, on this 11th day of October 2004 addressed to Joseph L. Clasen, Esquire and James M. Ruel, Esquire, Robinson & Cole LLP, Financial Centre, 695 East Main Street, Post Office Box 10305, Stamford, Connecticut  06904-2305.

_____
Peter Paul Mitrano