## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **FRANK SEVER, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.:  3:02CV722 (AVC)** |
| | : | |
| **v.** | : | |
| | : | |
| **MORTON G. GLICKMAN, DELCATH** | : | |
| **SYSTEMS, INC., and STEPHEN E.** | : | |
| **FELDMAN,** | : | |
| | : | |
| **Defendants.** | : | **October 21, 2004** |

### MOTION FOR RECONSIDERATION

Defendants, Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath") and Stephen E. Feldman, Esq.  ("Feldman") (jointly "Defendants"), respectfully move, pursuant to Local Rule 7(c) and Federal Rule of Civil Procedure 60(b), that this Court reconsider its October 14, 2004 denial of Defendants' motion for contempt against Plaintiff Frank Sever, Jr. ("Plaintiff") for failure to obey an earlier order of this Court.

In support of this motion, Defendants respectfully represent as follows:

1.      Plaintiff sought leave of court to call a rebuttal expert at trial after discovery had closed and after the Joint Trial Memorandum had been submitted.

2.      Over Defendants' objection this Court granted Plaintiff's request.

**ORAL ARGUMENT NOT REQUESTED**

STAM1-767075-1

3.      Specifically acknowledging that Defendants would be prejudiced by permitting a rebuttal expert to be identified so close to trial, this Court set forth certain conditions in its Order of April 29, 2004.

4.      Included in those conditions was an authorization for Defendants to depose the rebuttal expert and a requirement that any costs or expenses of such deposition would be borne by the Plaintiff.

5.      A deposition of the rebuttal expert was held on May 25, 2004.

6.      Following receipt of the transcript, and the bill from the court reporter for her services, Defendant's counsel sent Plaintiff's counsel a request for payment in the amount of $2,920.30 on July 2, 2004.

7.      When payment was not received, Defendant's counsel raised the issue with Plaintiff's counsel at trial.

8.      Plaintiff's counsel replied that he would send a written response after trial.

9.      On August 9, 2004, having not heard from Plaintiff or his counsel, Defendant's counsel again wrote demanding payment.

10.     Plaintiff's counsel finally responded on August 17, 2004.  His letter included a check for payment of the court reporter's fees only.  Plaintiff stated he was still researching his liability for Defendants' attorney fees at the deposition and asked for a breakdown of those fees.

11.     On August 20, 2004, Defendant's counsel sent another letter pointing out the specific language of this Court's April 29, 2004 Order mandating payment and including a breakdown of the fees.

12.     During the following month, Plaintiff failed to pay the amount due or even contact Defendants' counsel.

13.     On September 21, 2004, Defendants filed a motion seeking contempt for Plaintiff's failure to pay the required attorney's fees.

14.     Plaintiff filed a Memorandum In Opposition on October 12, 2004.

15.     In his Memorandum In Opposition, Plaintiff asserted, without citing any authority from the Second Circuit, that this Court lacked jurisdiction to hear the contempt motion because he had previously filed a notice of appeal.

16.     This Court denied Defendants' motion on October 14, 2004, without prejudice to refiling after the appeal is decided.

17.     Plaintiff's claim of lack of jurisdiction was wrong and may have misled this Court by failing to provide precedent, directly on point, within the Second Circuit, holding that a district court retains jurisdiction to punish violation of its orders with contempt, even during an appeal.

WHEREFORE, for the reasons set forth in greater detail in Defendants' Memorandum of Law In Support Motion For Reconsideration, Defendants respectfully request that this Court reconsider its denial of the contempt motion and impose both coercive and compensatory fines upon Plaintiff for his continued refusal to pay Defendants the expenses of attorney's fees incurred at the deposition of his rebuttal expert as this Court ordered.

Dated: Stamford, Connecticut
        October 21, 2004

DEFENDANTS MORTON G. GLICKMAN,
DELCATH SYSTEMS INC. AND
STEPHEN E. FELDMAN


By: /s/  Thomas J. Donlon
    Joseph L. Clasen, Esq. (ct04090)
    Thomas J. Donlon (ct22839)
    e-mail:    jclasen@rc.com
               tdonlon@rc.com
    ROBINSON & COLE LLP
    Financial Centre
    695 East Main Street
    Post Office Box 10305
    Stamford, CT  06904-2305
    Telephone:  (203) 462-7500
    Facsimile:  (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Federal Express to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 21st day of October, 2004.


/s/  Thomas J. Donlon_____
Thomas J. Donlon