UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANK SEVER, JR., : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO.: 3:02CV722 (AVC) |
| : | |
| v. : | |
| : | |
| MORTON G. GLICKMAN, DELCATH : | |
| SYSTEMS, INC., and STEPHEN E. : | |
| FELDMAN, : | |
| : | |
| Defendants. : | October 21, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION**

Defendants Dr. Morton G. Glickman ("Dr. Glickman"), Delcath Systems Inc. ("Delcath") and Stephen E. Feldman, Esq. ("Feldman") (jointly, "Defendants"), submit this memorandum of law in support of Defendants' request, pursuant to Local Rule 7(c) and Federal Rule of Civil Procedure 60(b), for reconsideration of this Court's denial of Defendants' motion seeking contempt against Plaintiff, Frank Sever, Jr. ("Plaintiff").

**BACKGROUND**

Defendants filed their motion seeking contempt on September 21, 2004. The basis of the motion was Plaintiff's refusal to pay attorneys' fees as required by this Court's Order On The Plaintiff's Motion For Leave To Call Rebuttal Witness dated April 29, 2004 (the "April 29th Order"). Plaintiff filed a Memorandum in Opposition to the contempt motion on October 12, 2004. Plaintiff argued that this Court lacked jurisdiction to enforce its prior order due to

Plaintiff's filing of a notice of appeal in the interim. Two days later, this Court denied Defendants' motion for contempt, "without prejudice to its refiling, if desired, after the United States Court of Appeals for the Second Circuit has completed its review." Order dated October 14, 2004.

This Court's reference to refiling after the appeal is decided indicates that the Court may have been misled by Plaintiff's assertion that this Court lacked jurisdiction. Plaintiff relied solely upon decisions from outside the Second Circuit not dealing with enforcement of orders by contempt pending appeal in making that claim. Either through inadvertence or intention, Plaintiff failed to bring to this Court's attention case law from this Circuit holding that the district court retains jurisdiction to enforce its orders with contempt during the appeal process. Since the actual case law is directly contrary to Plaintiff's assertion, Defendants respectfully request this Court to reconsider its denial of the motion, and proceed with imposition of punishment for contempt.

## ARGUMENT

### I

### THIS COURT HAS JURISDICTION TO PUNISH CONTEMPT REGARDLESS OF THE APPEAL

The law in this Circuit is clear, a district court retains jurisdiction to enforce its orders during an appeal, unless the order has been specifically stayed. An example is *In re Feit & Drexler*, 760 F.2d 406 (2d Cir. 1985). There, the district court ordered a debtor not to dispose of any property and to transfer custody of the property to her attorney for safekeeping. The debtor appealed the court's order. *Id*., at 411. While the appeal was pending, the district court cited the

debtor for contempt for violating <u>the very order being appealed</u>. The Court of Appeals noted, "we were informed at oral argument that Violet [the debtor] had been imprisoned to coerce her compliance with *inter alia*, the July 17th Order [on appeal]." *Id*., at 414. In considering the merits of the appeal, the Second Circuit did not overturn the contempt punishment, or even rebuke the district court. Rather, the Court of Appeals specifically pointed out that, "the contempt process <u>was available</u>" to the district court. *Id.* (emphasis added).

The treatment of the contempt issue by the Second Circuit in *Feit & Drexler* is in complete accord with the general approach taken to actions by the district court pending appeals. For example, in *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004), the Court of Appeals held that a district court may award attorneys' fees after a notice of appeal has been filed. The Second Circuit stated, "notwithstanding an appeal, a district court retains jurisdiction over collateral matters." *See also Yurman Design Inc. v. PAJ, Inc.*, 2001 U.S. Dist. LEXIS 9487, at *4-*5 (S.D.N.Y. July 12, 2001).

Notably, Plaintiff in his Memorandum in Opposition to Defendants' Motion for Contempt dated October 11, 2004 (the "Opposition") p. 2, cited cases from the Fourth Circuit for the proposition that attorneys fees may not be sought after an appeal is filed. Thus, Plaintiff again failed to cite to this Court controlling precedent that was completely contrary to the argument he was making. In fact, the only Second Circuit case Plaintiff cited, *Nuwestra v. Merill Lynch Fenner and Smith*, 174 F.3d 87 (2d Cir. 1999), does not mention jurisdiction or pendency of an appeal, dealing exclusively with the issue of notice and opportunity to be heard prior to imposition of sanctions, not contempt.

3

A number of district courts in this Circuit have specifically addressed the claim that an appeal divests the district court of jurisdiction to impose contempt for violations of its orders. Those courts have uniformly held that jurisdiction to punish contempt continues even during appeal. In *Red Ball Interior Demolition v. Palmadessa*, 947 F. Supp. 116, 120 (S.D.N.Y. 1996), *aff'd* 107 F.3d 4 (2d Cir. 1997), for example, the court, citing *Marrese v. Academy of Orthopedic Surgeons* 470 U.S. 373, 378-9 (1985) recognized that, generally, filing a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal." With respect to contempt, however, the court in *Red Ball* specifically held that it had "<u>jurisdiction to impose contempt sanctions</u> for disobedience of an <u>order currently on appeal</u>." 947 F. Supp., at 120 (emphasis added). The court explained its rationale was rooted in the recognition that contempt proceedings relate solely to the "refusal of the party to comply" which is "entirely distinct from the issues decided in the order itself." *Id*. The court in *Red Bull* pointed out that years before the Second Circuit had recognized that until a district court's decision is reversed on appeal, "orders based on its decision are to be respected <u>and disobedience of them is contempt</u> of its lawful authority, <u>to be punished</u>." *Id.*, at 121 quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 833 (2d Cir. 1930) (emphasis added).

All of the other courts of this Circuit who have addressed the issue of jurisdiction to impose contempt after filing a notice of appeal concur. *See Cullman Ventures v. Columbian Art Works*, 1989 U.S. Dist. LEXIS 9432, at *7-*8 (S.D.N.Y. July 28, 1989) ("Court has jurisdiction <u>notwithstanding the Notice of Appeal</u>," to cite a party for contempt) (emphasis added); *Petersen v. Vallenzano*, 1996 U.S. Dist LEXIS 6519, at *13 (S.D.N.Y. May 13, 1996) (denying stay and

ordering a hearing on contempt as "the district court remains vested with the ability to enforce that order, even while sub judice before the reviewing court."). *See also CH Sanders Co. v. BHAP Housing Development Fund Co.*, 750 F. Sup 67, 69 (E.D.N.Y 1990) (rejecting claim that filing of notice of appeal divests district court of jurisdiction to issue any further orders to enforce the judgment on appeal). There are no cases to the contrary reported in this Circuit. Thus, the law in the Second Circuit is clear, this Court retains jurisdiction to enforce its orders even after notice of appeal is filed.

Furthermore, all of these cases deal with the situation where the particular order sought to be enforced by contempt is on appeal. Here, however, Plaintiff has not appealed the April 29th Order. *See* Notice of Appeal dated August 18, 2004 (copy attached hereto as Exhibit A). If a contempt proceeding to enforce an order is collateral to an appeal of that order, contempt is certainly collateral to an appeal that does not even involve the order being enforced. Thus, this Court's jurisdiction would be even clearer in the present case, if there were any question, which there is not.

Plaintiff, in his Opposition, did this Court a disservice. His statement of the law concerning jurisdiction over contempt pending appeal was flatly wrong. Further, Plaintiff failed to bring to the Court's attention directly relevant, contrary precedent from this Circuit, instead basing his Opposition on citations to cases from other circuits, which are not even on point. In light of the clear and uncontradicted case law supporting this Court's jurisdiction to consider contempt requests, even while an appeal is pending, this Court should reconsider its decision denying relief at this time and consider the merits of Defendants' motion for contempt.

## II.

### PLAINTIFF'S REFUSAL TO OBEY THIS COURT'S
### CLEAR AND UNAMBIGUOUS ORDER IS CONTEMPT

Almost six months have passed since this Court issued its order requiring Plaintiff to pay "any costs or expenses" resulting from his identifying a rebuttal expert at the last minute, long after the discovery cut off. This Court granted Plaintiff's entreaties to use such a witness, even though this Court recognized the failure to comply with rules of discovery did "prejudice to defendants." April 29th Order, p. 3. The provision requiring Plaintiff to pay for the deposition of such rebuttal expert was one of the means this Court selected to remedy such prejudice. At no time did Plaintiff question the April 29th Order, seek clarification or modification of the order, or appeal the order. Only now, after months of refusing to pay the quid pro quo established by this Court, does Plaintiff claim the April 29th Order was not clear. This claim is frivolous, demonstrating conclusively Plaintiff's utter contempt for this Court.

Plaintiff received a written demand for payment, pursuant to the April 29th Order, setting forth the amount of the attorney's fees, on July 2, 2004. Counsel for Defendants requested payment again during the trial, while the parties were in the courtroom. Certainly if Plaintiff had any questions as to the scope of the April 29th Order, that was the time to raise them. Plaintiff said nothing. Further, when his counsel failed in his undertaking to respond in writing after the trial and Defendants sent a second demand letter, Plaintiff still did not seek clarification from this Court. Rather he unilaterally decided not to pay attorney's fees.

Plaintiff now attempts to parse the language of the April 29th Order to create ambiguity and escape just punishment for his willful refusal to obey this Court. Plaintiff relies upon dictionary definitions of "costs" as excluding attorneys' fees. When Plaintiff could not even find a dictionary definition of "expenses" to support his argument, he asserted that "expenses" means "costs."[1] Plaintiff's linguistic analysis ignores the critical disjunctive "or," improperly reducing the Court's language to a tautology. *See e.g. Garcia v. United States,* 469 U.S. 70, 73 (1984) ("Canons of construction indicate that terms connected in the disjunctive in this manner be given separate meanings."); *Fashion Boutique of Short Hills v. Fendi USA,* 214 F.3d 48, 57 (2d Cir. 2002) (must give meanings to disjunctive "that do not render either term superfluous.")

In blurring the distinction between "costs or expenses," Plaintiff conveniently ignores a large body of law that recognizes the term "expenses" does include attorneys fees. For example, Fed. R. Civ. P. 37(a)(4), in discussing what may be recovered under the rule, specifically states "the reasonable expenses, including attorney's fees." (emphasis added). *See also. J. M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 349 (D. Conn. 1981) ("counsel may be held personally liable for the expenses, including attorney fees, caused by the failure to comply…"); *Pompano-Windy City Partners v. Bear Stearns & Co.*, 1990 U.S. Dist LEXIS 12772, at *6 (S.D.N.Y. September 27, 1990) ("defendants were entitled to recover the reasonable expenses of opposing the motion, including attorney's fees.") Other rules and statutes similarly recognize

---

[1] In fact, there is nothing in the Blacks Law Dictionary (6th ed) definition of "expense" relied on by Plaintiff that excludes attorneys fees. The definition states: "Expense. That which is expended, laid out or consumed … The expenditure of money, time, labor, resources, and thought. That which is expended in order to secure benefits or bring about a result." Since attorney's fees were laid out and expended to conduct the deposition, they fall within this definition.

7

that attorney's fees fall within the term "expenses." *See e.g.* Fed. R. Civ. P. 54(d) ("attorney's fees and <u>related nontaxable expenses</u>") (emphasis added); *Scavone v. Sullivan*, 1991 U.S. Dist. LEXIS 18264, at *1 (E.D.N.Y December 16, 1991) (the Equal Access to Justice Act "provides for an award of attorney's fees <u>and other expenses</u>") (emphasis added). Thus, Plaintiff's claim that attorney's fees are excluded from the general usage of the term "expenses" is incorrect.

The extreme limits that Plaintiff will go to avoid his obligations is highlighted by the request he included at the end of his Opposition. Notwithstanding the language and purpose of the April 29th Order, placing on Plaintiff the financial burden of the last minute deposition, Plaintiff asked that Defendants be required to return the payment of the court reporter's costs <u>and</u> repay Plaintiff for the amounts he paid for his own expert to attend the deposition. These requests turn the April 29th Order on its head, seeking to make Defendants pay for Plaintiff's errors.

This Court's April 29th Order, granting Plaintiff leave to utilize a rebuttal expert even though untimely and prejudicial, used the broad phrase "any costs or expenses." That order clearly included attorney's fees. Plaintiff took advantage of the generosity of the Court and put Defendants to considerable expense by failing to obey the rules of discovery concerning rebuttal experts. Now, even after Plaintiff has benefited from this Court's leniency, he refuses to pay the bill in clear violation of this Court's written order. Contempt is the only remedy which will deal with this Plaintiff and his counsel.

## CONCLUSION

Plaintiff misled this Court in claiming that the case law supported his incorrect claim of lack of jurisdiction during the pendency of an appeal. The courts of this Circuit have consistently held the opposite. Therefore, this Court should reconsider its October 14, 2004 denial of Defendants' motion and order Plaintiff to immediately pay to Defendants the prior attorney's fees of $2,650.00 as well as an additional $2,500.00, both as compensation, for the costs incurred by Defendants in pursuing payment under the April 29th Order (including bringing of the motion for contempt) and as coercion. Further, the Contempt Order should consider additional weekly fines in the event of any future non-payment.

Dated: Stamford, Connecticut
October 21, 2004

           DEFENDANTS MORTON G. GLICKMAN,
           DELCATH SYSTEMS INC. AND
           STEPHEN E. FELDMAN


           By: /s/   Thomas J. Donlon
              Joseph L. Clasen, Esq. (ct04090)
              Thomas J. Donlon, Esq. (ct22839)
              e-mail: tdonlon@rc.com
              ROBINSON & COLE LLP
              Financial Centre
              695 East Main Street
              Post Office Box 10305
              Stamford, CT 06904-2305
              Telephone: (203) 462-7500
              Facsimile: (203) 462-7599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Federal Express to counsel of record for the Plaintiff, Frank B. Velardi, Jr., Esq., Lasala, Walsh, Wicklow & Velardi, 168 Bradley Street, New Haven, Connecticut 06511 and to Peter Paul Mitrano, Esq., 581 Boylston Street, Suite 201, Boston, Massachusetts 02116, this 21st day of October, 2004.

    /s/   Thomas J. Donlon
Thomas J. Donlon