```
                    UNITED STATES DISTRICT COURT   FILED
                       DISTRICT OF CONNECTICUT
FRANK SEVER, Jr.,              :           2004 DEC -1  P 3: 56
    Plaintiff,                 :
                               :              U.S. DISTRICT COURT
vs.                            :                HARTFORD, CT.
                               :
MORTON G. GLICKMAN,            :           Civil No: 3:02CV00722 (AVC)
DELCATH SYSTEMS, INC., and     :
STEPHEN E. FELDMAN,            :
    Defendants.                :
```

### ORDER ON MOTION FOR RECONSIDERATION

This is an action for damages arising out of the alleged theft of a medical catheter device invention. It is brought pursuant to common law tenets concerning fraud and conversion. On July 21, 2004, a jury returned a verdict in favor of the defendants. On August 19, 2004, the plaintiff filed a notice of appeal. The case is now before both the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Federal Circuit.

On October 22, 2004, the defendants filed the within motion for reconsideration (doc. no.199), pursuant to Local Rule 7(c) and Fed. R. Civ. P. 60(b). The defendants ask the court to reconsider its October 14, 2004 denial of the defendants' motion for contempt (doc. no.193). The motion for contempt concerned the plaintiff's alleged failure to comply with an order that the court issued on April 29, 2004 directing the plaintiff to pay "any costs or expenses associated with any party's deposition of the plaintiff's rebuttal expert." Specifically, the defendants argue that the

1

plaintiff's refusal to pay attorney's fees violates the April 29, 2004 order.

The issues presented are: 1) whether the court has jurisdiction to consider a motion for contempt when the case is on appeal if the motion concerns an order that the parties have not raised on appeal, and 2) whether the April 29, 2004 order was sufficiently clear to warrant finding the plaintiff in contempt for not paying attorney's fees. The court concludes that: 1) the court has jurisdiction to consider the motion for contempt, but 2) the order was not sufficiently clear to warrant a finding of contempt. However, the court clarifies its April 29, 2004 order and orders the plaintiff to pay the defendants' attorney's fees associated with the "deposition of the plaintiff's rebuttal expert witness."

For the reasons set forth below, the defendants' motion for reconsideration is GRANTED and the relief requested is DENIED.

**FACTS**

On December 6, 2002, the defendants timely disclosed an expert witness during discovery. Pursuant to Fed. R. Civ. P. 26(a)(c), the plaintiff had thirty days, or until January 6, 2003, to disclose expert rebuttal witnesses.

On March 29, 2004, over a year after the deadline for disclosing rebuttal experts, the plaintiff filed a motion for leave to call a rebuttal expert (doc. no.117).

On April 29, 2004, the court granted the plaintiff's motion for leave to call the rebuttal expert over the defendants'

objection. The April 29, 2004 order noted that "the plaintiff's disclosure of his expert is late" and that "[s]uch failures to comply with discovery rules by the plaintiff prejudice the defendants . . ." Importantly, the order stated that "any costs or expenses associated with any party's deposition of the plaintiff's rebuttal expert shall be bourne by the plaintiff."

On May 25, 2004, the defendants deposed the plaintiff's late rebuttal expert. On July 2, 2004, the defendants sent a bill to the plaintiff for $2,920.30. Specifically, the bill listed attorney's fees of $2,650.00 and court reporter's fees of $270.00. The defendants assert that they requested payment in person "while the parties were in the courtroom" during trial.

On August 9, 2004, the defendants again wrote to the plaintiff requesting payment of $2,920.30. On August 17, 2004, the plaintiff sent the defendants a letter and a check for "$270.00 for payment of the court reporter." However, the plaintiff wrote that the amount "is being paid under protest with all rights reserved solely as an abundance of caution." As to the attorney's fees, the plaintiff wrote that he was "still researching whether [the plaintiff] is liable for payment of your attorney's fees" and asked for a "breakdown as to said attorney's fees."

On August 20, 2004, the defendants provided the plaintiff with an accounting of the attorney's fees. To date, the plaintiff has not paid the requested attorney's fees.

On September 21, 2004, the defendants filed a motion for contempt. Specifically, the defendants argued that an order of contempt was appropriate because the plaintiff had refused "to pay attorney's fees as required" by the court's April 29, 2004 order. On October 12, 2004, the plaintiff filed its opposition memorandum.

On October 14, 2004, this court issued an order stating that "[t]he defendants' motion for contempt (document no.193) is DENIED without prejudice to its refiling, if desired, after the United States Court of Appeals for the Second Circuit has completed its review."

On October 22, 2004, the defendants filed the within motion for reconsideration (doc. no.199) arguing that the court should reconsider its October 14, 2004 order denying the motion for contempt.

**DISCUSSION**

**I.   Jurisdiction of the District Court**

The defendants first argue that the court retains jurisdiction to consider the motion for contempt and to enforce its April 29, 2004 order even though the case is on appeal. Specifically, the defendants argue that "this Court retains jurisdiction to enforce its orders even after [a] notice of appeal is filed." Furthermore, the defendants argue that the plaintiff "has not appealed the April 29th Order." In contrast, the plaintiff argued in opposition to the motion for contempt that the court "does not have jurisdiction to hear defendants' motion for contempt" because the "action is

currently pending before the United States Court of Appeals for the Federal Circuit and also before the United States Court of Appeals for the Second Circuit." The court concludes that it does have jurisdiction to consider the contempt motion and enforce the order.

The Supreme Court held in <u>Marrese</u> v. <u>Amer. Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 378-79 (1985), that "[i]n general, filing a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case <u>involved in the appeal</u>." <u>Id</u>. at 379 (emphasis added). The court further noted that "a district court remains vested with the ability to enforce an order, even while the order is <u>sub judice</u> before the reviewing court." <u>Id</u>. See also <u>Red Ball Interior Demolition Corp</u>. v. <u>Palmadessa</u>, 947 F. Supp. 116 (S.D.N.Y. 1997)(noting that "the notice of appeal does not deprive [a district court] of jurisdiction to entertain [a] contempt motion").

Neither the plaintiff's notice of appeal to the Federal Circuit (doc. no.187) nor the plaintiff's notice of appeal to the Second Circuit(doc. no.188) state that the plaintiff is appealing the April 29, 2004 order. The plaintiff does not contend otherwise. Because the April 29, 2004 order is not an aspect of the case involved in the appeal, the court retains jurisdiction over the April 29, 2004 order. Furthermore, the court remains vested with the ability to enforce the April 29, 2004 order.

Accordingly, the court has jurisdiction to consider the motion for contempt.

**II. Contempt**

The defendants' motion for reconsideration argues that the court's April 29, 2004 order clearly ordered the plaintiff to pay attorney's fees. Specifically, the defendants argue that the order was "clear and unambiguous" and that the plaintiff "now attempts to parse the language of the April 29th Order to create ambiguity and escape just punishment." Furthermore, the defendants argue that the plaintiff "ignores a large body of law that recognizes the term 'expenses' does include attorneys fees."

The plaintiff argued in opposition to the original motion for contempt that the order did not clearly order the plaintiff to pay attorney's fees because it "does not state that Sever shall pay defendants' attorney's fees."

A district court may exercise its "inherent power to hold a party in civil contempt only when" the movant establishes that, <u>inter alia</u>, "the order the party allegedly failed to comply with is clear and unambiguous." <u>New York State Nat. Org. for Women</u> v. <u>Terry</u>, 886 F.2d 1339, 1351 (2d Cir. 1989)(addressing specificity and clarity of injunction).

A "clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." <u>King</u> v. <u>Allied Vision, Ltd.</u>, 65 F.3d 1051, 1058 (2d Cir. 1995)(internal quotation marks and citations omitted). The party to whom the

order is addressed "must be able to ascertain from the four corners of the order" what acts are required. <u>Drywall Tapers, Local 1974</u> v. <u>Local 530</u>, 889 F.2d 389, 394 (2d Cir. 1989)

Here the order stated that "any costs or expenses associated with any party's deposition of the plaintiff's rebuttal expert shall be bourne by the plaintiff." Because the order did not expressly set forth within its four corners that the plaintiff was required to pay the defendants' attorney's fees, the court declines to hold the plaintiff in contempt.

### III. Clarification of the Order

Although the court concludes that the circumstances presented here do not warrant a finding of contempt, the circumstances do warrant a clarification of the April 29, 2004 order.

The Supreme Court held in <u>Marrese</u> v. <u>Amer. Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 378-79 (1985), that "[i]n general, filing a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case <u>involved in the appeal</u>." <u>Id</u>. at 379 (emphasis added). The April 29, 2004 order instructing the plaintiff to pay "any costs or expenses associated with any party's deposition" is not an aspect of the case involved in the appeal. Accordingly, the plaintiff's notice of appeal did not divest the court of control over the April 29, 2004 order.

Because the court retains control over the April 29, 2004 order, the court hereby clarifies that order. In ordering the

plaintiff to pay "any costs or expenses associated with any party's deposition," the court intended that the plaintiff would pay the attorney's fees "associated with any party's deposition of the plaintiff's rebuttal expert."

The court hereby orders the plaintiff to pay the defendants' attorney's fees associated with the "deposition of the plaintiff's rebuttal expert."

## CONCLUSION

The motion for reconsideration (doc. no.199) is GRANTED, the relief requested is DENIED. The court concludes that while it has jurisdiction to consider the motion for contempt, a finding of contempt is not appropriate.

The court clarifies its April 29, 2004 order and orders the plaintiff to pay attorney's fees "associated with any party's deposition of the plaintiff's rebuttal expert."

It is so ordered, this 1st day of December, 2004 in Hartford, Connecticut.

Alfred V. Covello
United States District Court Judge